**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JULIA PAXTON, on behalf of herself and the class members described below, Plaintiff, | ) | 12-cv-6499 |
| vs. | ) | Judge Thomas M. Durkin |
| NATIONAL CREDIT ADJUSTERS, L.L.C., Defendant. | ) | |

**PETITION FOR, AND MEMORANDUM IN SUPPORT OF, AWARD OF CLASS COUNSEL'S FEES AND COSTS**

Plaintiff, Julia Paxton, brought this class action against Defendant National Credit Adjusters, LLC ("NCA") on August 16, 2012, alleging that NCA violated the Fair Debt Collection Practices Act and Illinois state law by attempting to collect illegal usurious payday and by representing that such loans were legally enforceable. Plaintiff further alleged that NCA violated the law by attempting to collect debts consisting of notes where it did not have an original signed instrument with a chain of endorsements beginning with the original lender and ending with NCA or an endorsement to bearer.

On March 16, 2016, the Court entered an order, granting preliminary approval to the parties' settlement. (Doc. 183.) The settlement is to be distributed as follows:

1. NCA is to pay $20,000.00 to create a settlement fund for members of Class A (statutory damages class) to be paid *pro rata* to class members who timely submit a claim form;

2. NCA is to pay $150,000.00 to create a settlement fund for members of Class B

(actual damages class) to be paid to class members who timely submit a claim form. Members of Class B recovery will be distributed by calculating the total amount paid over principal plus 9% interest by Class B Claimants, and assigning a percentage to each Class B Claimant based in their proportionate share of the total dollar value of Class B claims submitted ;

3.      NCA is to $4,500 to Plaintiff, Julia Paxton for her statutory damages and as an incentive award for her services to the classes;

3.      NCA is to pay $180,000 to be paid to class counsel for attorney's fees and costs.

Class Counsel, Edelman, Combs, Latturner & Goodwin, LLC ("ECLG"), hereby petitions the Court for an award of $180,000 for its attorney's fees and costs and submits this memorandum in support of its petition. As of the date of filing, ECLG has incurred more than $280,000 in litigating this action. *See* Appendix F to Declaration of Daniel A. Edelman, Exhibit 1.

## ARGUMENT

### I.      ECLG'S Petition For $180,000 In Fees And Costs Is Fair And Reasonable

To date, ECLG has incurred more than $280,000 in fees and costs. ECLG's petition for $180,000 in fees and costs (9/14 of its fees and expenses) is fair and reasonable. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") allows ECLG to recover for its work in this action. Section 1692k provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person" is liable, *inter alia*, for "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3).

The  fees and costs incurred by ECLG in litigating this case were incurred in the course

of performing the following tasks:

A. **Pre-Complaint Legal and Factual Investigation**. ECLG began conducting a factual and legal investigation of Plaintiff's claims in 2012. This investigation included an analysis of applicable federal and Illinois statutes, regulations, and case law, as well as the elements and potential defenses for each of the proposed claims. Once the initial factual and legal research had been completed, ECLG drafted, prepared, and filed the Complaint, engaging in correspondence with Plaintiff at the inception of the case and throughout.

B. **Discovery**. After NCA filed an answer and affirmative defenses, the parties engaged in written and oral discovery. The parties also engaged in expert discovery including submitting expert reports and the depositions of Plaintiff's expert. ECLG issued a number of written discovery requests to NCA which, from time to time, led to ECLG filing motions to compel. ECLG took four depositions of a representative of NCA. ECLG assisted Plaintiff in answering NCA's written discovery requests, prepared Plaintiff for her deposition, and defended Plaintiff's deposition.

C. **Class Certification**. ECLG moved for class certification and filed a reply and sur-reply in support of the motion. Following a settlement conference with the Honorable James F. Holderman who was at the presiding judge over the case, Plaintiff filed an amended class certification motion wherein plaintiff limited a nationwide class to an Illinois only class. The amended motion for class certification was fully brief and defendant raised new issues concerning the class representative that had not been previously briefed.

D. **Settlement**. During the pendency of this case the parties attended several global settlement conferences in an effort to resolve this matter absent protracted litigation. In

2013 the parties attended a global settlement conference with Magistrate Judge Paul R. Cherry in Hammond, Indiana at which time the parties were unsuccessful in resolving the case. Subsequently, In February 2015 the parties again attended a global settlement conference with the Judge Holderman. Although the parties did not resolve the case at that time, the settlement conference was continued for another session in March 2015. This two day settlement conference was ultimately unsuccessful. In November 2015 the parties decided to explore settlement again, and scheduled a mediation session with the Honorable James F. Holderman at JAMS due to his familiarity with the case. On November 24, 2015 a global settlement conference was held with Judge Holderman wherein the parties were able to resolve this case along with two class action cases pending in New York and a recently filed case pending in Indiana. Before, each settlement conference ECLG prepared a settlement position memorandum. Additionally, before, during, and after each settlement conference, ECLG and counsel for NCA also discussed settlement issues. After the parties reached a settlement, ECLG and NCA's counsel drafted and approved settlement documents, and moved for preliminary approval of the settlement.

In light of the results achieved for the class members, and the length of time and difficulty in achieving those results, an award of $180,000 to ECLG is fair and reasonable, particularly in light of the fact that ECLG's fee award is more than $100,000.00 less than its lodestar.

Moreover, ECLG will incur additional fees and costs in wrapping up the case, including the drafting of a final approval memorandum, attendance at the fairness hearing, and responding

to any calls from class member.

The recent Seventh Circuit decisions that hold that "attorneys' fees awarded to class counsel should not exceed a third or at most a half of the total amount of money going to class members and their counsel." *Pearson v. NBTY, Inc.*, 772 F.3d 778, 782 (7th Cir. 2014); *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir.2014) (accord), do not address class settlements where the recovery to the class is capped.

Unlike the Fair And Accurate Credit Transactions Act at issue in *RadioShack* and the various state consumer protection laws in *NBTY*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") imposes a limit on the class's recovery. A class is limited to recovering the lesser of 1% of a defendant's net worth or $500,000. *15 U.S.C. § 1692k(a)(B).*

In recognition of the benefits provided by FDCPA litigation, Courts have long awarded attorney's fees in excess of what the individual plaintiff or the class recovers. That has not changed since the *RadioShack* and *NBTY* decisions. In *Kasalo v. Trident Asset Management, LLC*, 2015 WL 2097605 (N.D. Ill. May 3, 2015), Judge Kennelly awarded attorney's fees of approximately $100,000.00 in an individual FDCPA case in which the plaintiff only received $1,000. On March 19, 2015, in *Perez v. Monarch Recovery Management, Inc.*, 13 C 5694 (N.D. Ill), Judge Zagel gave final approval to an FDCPA class action settlement in which the class recovered $23,000, the maximum statutory amount, and $99,500.00 was awarded in attorneys' fees and costs. Similarly, on January 13, 2015, in *Moore v. Stellar Recovery, Inc.*, 13-cv-02294 (N.D. Ill.) Judge Kendall awarded attorneys fees to Class Counsel of $62,500.00 where the class fund was $20,000.00. (Exhibits 2 and 3.)

Section 1692k of the FDCPA provides for reasonable attorneys' fees and costs to a plaintiff who brings a successful action under the Act. The FDCPA limits a class's recovery to the lesser of 1% of a defendant's net worth or $500,000 plus actual damages. 15 U.S.C.§1692k(a)(B). Because of the cap, in an FDCPA case, a plaintiff's attorneys' fees can often exceed the class's recovery if the net worth of the defendant is relatively modest. Applying a proportionality standard to an FDCPA class case would be the death knell of such cases. Defendant's counsel, could put up a vigorous defense, knowing that plaintiff's attorneys' fees would be unrecoverable because of the cap on the class's recovery. A zealous defendant's counsel can force the plaintiff's attorneys' fees to skyrocket by scorched earth tactics, knowing that the plaintiff's counsel will never be able to recover those fees because of the Act's limit on what the class can recover. Nothing in *NBTY* or *Radio Shack* suggests that the Seventh Circuit intended this outcome in FDCPA cases, which will discourage class action suits under the FDCPA.

In an FDCPA case, an award of attorney's fees to the prevailing plaintiff is mandatory. 15 U.S.C. § 1692k(3). *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995). Attorney's fees are mandatory because Congress intended "that the Act should be enforced by debtors acting as private attorneys general." *Id.* (quoting *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir.1991).)

"Unlike most private tort litigants, [a plaintiff who brings an FDCPA action] seeks to vindicate important * * * rights that cannot be valued solely in monetary terms", *City of Riverside v. Rivera,* 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), and congress has determined that the public as a whole has an interest in the vindication of the statutory rights. *Id.* *Tolentino*, 46 F.3d at 652.

Plaintiff filed a claim based upon a fee-shifting statute. Plaintiff obtained a reasonable recovery for herself and the class, but incurred large attorneys fees because defendant's put up a Stalingrad defense. Once an action is filed, plaintiff's counsel must continue to zealously litigate the case, even if the attorneys fees begin to exceed the statutory cap. An award of $180,000 (a fraction of its lodestar) to ECLG is reasonable.

**CONCLUSION**

For the foregoing reasons, the Court should find that $180,000 is fair and reasonable and award that amount to ECLG in fees and costs.

Respectfully submitted,
/s/Tiffany N. Hardy
Tiffany N. Hardy

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

I, Tiffany N. Hardy, hereby certify that on June 8, 2016, I filed the forgoing document with the Clerk of the Court using the CM/ECF System, which caused to be sent notification of such filing to the following parties via electronic mail:

David M. Schultz
dschultz@hinshawlaw.com

Jennifer W. Weller
jweller@hinshawlaw.com

/s/ Tiffany N. Hardy
Tiffany N. Hardy

# EXHIBIT 1

**DECLARATION OF DANIEL A. EDELMAN**

Daniel A. Edelman declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the following statements are true:

Daniel A. Edelman declares under penalty of perjury, as provided for by 735 ILCS 5/1-109, that the following statements are true:

1. Edelman, Combs, Latturner & Goodwin, LLC, has 9 principals, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, Francis R. Greene, Julie Clark, Heather Kolbus, Cassandra P. Miller, Tiffany N. Hardy, and three associates.

2. **Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School. From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases). In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982. From the end of 1985 he has been in private practice in downtown Chicago. Virtually all of his practice involves litigation on behalf of consumers, through both class and individual actions. He is the author of the chapters on the "Fair Debt Collection Practices Act," "Truth in Lending Act," and "Telephone Consumer Protection Act" in *Illinois Causes of Action* (Ill. Inst. For Cont. Legal Educ. 2014 and earlier editions), author of the chapter on the Telephone Consumer Protection Act in *Federal Deception Law* (National Consumer Law Center 2013 Supp.), author of *Collection Defense* (Ill. Inst. Cont. Legal Educ. 2008, 2011), and *Collection Litigation: Representing the Debtor* (Ill. Inst. Cont. Legal Educ. 2014); author of Chapter 6, "Predatory Lending and Potential Class Actions," in *Real Estate Litigation* (Ill. Inst. For Cont. Legal Educ. 2004, 2008, 2013), co-author of Rosmarin & Edelman, *Consumer Class Action Manual* (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999); author of *Representing Consumers in Litigation with Debt Buyers* (Chicago Bar Ass'n 2008); *Predatory Mortgage Lending* (Ill. Inst. for Cont. Legal. Educ. 2008, 2011), author of Chapter 6, "Predatory Lending and Potential Class Actions," in *Real Estate Litigation* (Ill. Inst. For Cont. Legal Educ. 2004, 2008, 2014), *Illinois Consumer Law*, in Consumer Fraud and Deceptive Business Practices Act and Related Areas Update (Chicago Bar Ass'n 2002); *Payday Loans: Big Interest Rates and Little Regulation*, 11 Loy.Consumer L.Rptr. 174 (1999); author of *Consumer Fraud and Insurance Claims*, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," *Ohio Consumer Law* (1995 ed.); co-author of *Fair Debt Collection: The Need for Private Enforcement*, 7 Loy.Consumer L.Rptr. 89 (1995); author of *An Overview of The Fair Debt Collection Practices Act*, in Financial Services Litigation, Practicing Law Institute (1999); co-author of *Residential Mortgage Litigation*, in Financial Services Litigation, Practicing Law Institute (1996); author of *Automobile Leasing: Problems and Solutions*, 7 Loy.Consumer L.Rptr. 14 (1994); author of *Current Trends in Residential Mortgage Litigation*, 12 Rev. of Banking & Financial Services 71 (April 24, 1996); co-author of *Illinois Consumer Law* (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A. Weinberg, *Attorney Liability Under the Fair Debt Collection Practices Act* (Chicago Bar Ass'n 1996); and author of *The Fair Debt Collection Practices Act: Recent Developments*, 8 Loy.Consumer L. Rptr. 303 (1996), among others. Mr. Edelman is also a frequent speaker on consumer law topics for various legal organizations including the Chicago Bar Association, the National Consumer Law Center's Consumer Rights Litigation Conference, and the Illinois Institute for Continuing Legal Education, and he has testified on behalf of consumers before the Federal Trade Commission and

the Illinois legislature. He is a member of the Illinois bar and admitted to practice in the following courts: United States Supreme Court, Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Sixth Circuit Court of Appeals, Eighth Circuit Court of Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court of Appeals, United States District Courts for the Northern and Southern Districts of Indiana, United States District Courts for the Northern, Central, and Southern Districts of Illinois, United States District Courts for the Eastern and Western Districts of Wisconsin, and the Supreme Court of Illinois. He is a member of the Northern District of Illinois trial bar.

3. **Cathleen M. Combs** is a 1976 graduate of Loyola University Law School. From 1984-1991, she supervised the Northwest office of the Legal Assistance Foundation of Chicago, where she was lead or co-counsel in class actions in the areas of unemployment compensation, prison law, social security law, and consumer law. She joined what is now Edelman, Combs, Latturner & Goodwin, LLC in early 1991 and became a named partner in 1993. Ms. Combs received an Award for Excellence in Pro Bono Service from the Judges of the United States District Court for the Northern District of Illinois and the Chicago Chapter of the Federal Bar Association on May 18, 2012. Ms. Combs has argued over fifteen cases in the 1st, 3rd and 7th Circuit Court of Appeals and the Illinois Appellate Court, and she is a frequent speaker on consumer law topics at various legal organizations including the Chicago Bar Association, the National Consumer Law Center's Consumer Rights Litigation Conferences, and the Practicing Law Institute's Consumer Financial Services Institute. Ms. Combs is coauthor of *The Bankruptcy Practitioner's Guide to Consumer Financial Services Actions After the Subprime Mortgage Crisis* (LRP Publications 2010). Her reported decisions include: *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc); *Siwulec v. J.M. Adjustment Servs., LLC*, 465 Fed. Appx. 200 (3d Cir. 2012); *Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002); *Chandler v. American General Finance, Inc.*, 329 Ill. App.3d 729, 768 N.E.2d 60 (1st Dist. 2002); *Miller v. McCalla Raymer*, 214 F.3d 872 (7th Cir. 2000); *Bessette v. Avco Financial Services*, 230 F.3d 439 (1st Cir. 2000); *Emery v. American Gen. Fin., Inc.*, 71 F.3d 1343 (7th Cir. 1995); *McDonald v. Asset Acceptance, LLC,* 296 F.R.D. 513 (E.D.Mich. 2013); and *Tocco v. Real Time Resolutions*, ___ F.Supp.2d ___, 1:14CV810, 2014 WL 3964948 (S.D.N.Y., Aug. 13, 2014). She is a member of the Illinois bar and admitted to practice in the following courts: United States District Courts for the Northern, Central and Southern Districts of Illinois, United States District Courts for the Northern and Southern Districts of Indiana, Seventh Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Tenth Circuit Court of Appeals, and United States District Court for the District of Colorado. She is a member of the Northern District of Illinois trial bar.

4. **James O. Latturner** is a 1962 graduate of the University of Chicago Law School. Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem, Schwanes & Thuma. From 1969 to 1995 he was Deputy Director of the Legal Assistance Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel in over 30 class actions. His publications include Chapter 8 ("Defendants") in *Federal Practice Manual for Legal Services Attorneys* (M. Masinter, Ed., National Legal Aid and Defender Association 1989); *Governmental Tort Immunity in Illinois*, 55 Ill.B.J. 29 (1966); *Illinois Should Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations*, 2 Loy.Consumer L.Rep. 64 (1990), and *Illinois Consumer Law* (Chicago Bar Ass'n 1996). He has taught in a nationwide series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting four days and designed for attorneys with federal litigation experience. He has argued over 30 appeals, including two cases in the United States Supreme Court, three in the Illinois Supreme Court, and numerous cases in the Seventh, Third, Fifth, and Eleventh Circuits. Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers.

He is a member of the Northern District of Illinois trial bar.

5. **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., with general honors, 1988)and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., with high honors,1991). Ms. Goodwin was Chair of the Chicago Bar Association's Consumer Law Committee from 2007 - 2010, and she has been on the faculty of the Practicing Law Institute's Consumer Financial Services Institute in Chicago for the past few years, speaking on issues relating to the Fair Debt Collection Practices Act and mortgage litigation. Ms. Goodwin is also a frequent speaker at the Chicago Bar Association, speaking on topics such as how to assist consumers with credit reporting problems. **Reported Cases.** *Williams v. Chartwell Financial Services, Ltd.*, 204 F.3d 748 (7th Cir. 2000); *Hillenbrand v. Meyer Medical Group*, 288 Ill.App.3d 871, 682 N.E.2d 101 (1st Dist. 1997), later opinion, 308 Ill.App.3d 381, 720 N.E.2d 287 (1st Dist. 1999); *Bessette v. Avco Fin. Servs.*, 230 F.3d 439 (1st Cir. 2000); *Large v. Conseco Fin. Servicing Co.*, 292 F.3d 49 (1st Cir. 2002); *Flippin v. Aurora Bank, FSB*, 12 C 1996, 2012 WL 3260449 , 2012 U.S. Dist. LEXIS 111250 (N.D.Ill. Aug. 8, 2012); *Henry v. Teletrack, Inc.*; 11 C 4424, 2012 WL 769763, 2012 U.S. Dist. LEXIS 30495 (N.D.Ill. March 7, 2012); *Kesten v. Ocwen Loan Servicing, LLC*, 11 C 6981, 2012 WL 426933, 2012 U.S. Dist. LEXIS 16917 (N.D.Ill. Feb. 9, 2012); *Bunton v. Cape Cod Village, LLC*, No. 09-1044, 2009 WL 2139441, 2009 U.S. Dist. LEXIS 57801 (C.D.Ill. July 6, 2009); *Wilson v. Harris N.A.*, No. 06 C 5840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345 (N.D.Ill. Sept. 4, 2007); *Carbajal v. Capital One*, 219 F.R.D. 437 (N.D.Ill. 2004); *Russo v. B&B Catering*, 209 F.Supp.2d 857 (N.D.Ill. 2002); *Romaker v. Crossland Mtg. Co.*, No. 94 C 3328, 1996 WL 254299, 1996 U.S.Dist. LEXIS 6490 (N.D.Ill. May 10, 1996); *Mount v. LaSalle Bank Lake View*, 926 F.Supp. 759 (N.D.Ill 1996). Ms. Goodwin is a member of the Illinois bar and is admitted in the Seventh, First, and D.C. Circuit Courts of Appeals, and the United States District Courts for the Northern and Central Districts of Illinois, and the Northern District of Indiana. She is also a member of the Northern District of Illinois trial bar.

6. **Francis R. Greene** is a graduate of Johns Hopkins University (B.A 1984), Rutgers University (Ph.D. 1991), and Northwestern University Law School (J.D., 2000). Mr. Greene was Chair of the Chicago Bar Association's Consumer Law Committee from 2011-2012 and Vice-Chair from 2010-11. **Reported Cases:** *Janetos v. Fulton, Friedman & Gullace, LLP*, 15-1859, 2016 WL 1382174 (7th Cir. 2016); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637 (7th Cir. 2012); *Ruth v. Triumph Partnerships*, 577 F.3d 790 (7th Cir. 2009); *Handy v. Anchor Mortgage Corp.*, 464 F.3d 760 (7th Cir. 2006); *Tri-G, Inc. v. Burke, Bosselman & Weaver*, 222 Ill.2d 218, 856 N.E.2d 389 (2006); *Johnson v. Thomas*, 342 Ill.App.3d 382, 794 N.E.2d 919 (1st Dist. 2003); *Hale v. Afni, Inc.*, 08 C 3918, 2010 WL 380906, 2010 U.S. Dist. LEXIS 6715 (N.D.Ill. Jan. 26, 2010); *Parkis v. Arrow Fin Servs.*, 07 C 410, 2008 WL 94798, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill. Jan. 8, 2008); *Foster v. Velocity Investments*, 07 C 824, 2007 WL 2461665, 2007 U.S. Dist. LEXIS 63302 (N.D. Ill. Aug. 24, 2007); *Foreman v. PRA III, LLC*, 05 C 3372, 2007 WL 704478, 2007 U.S. Dist. LEXIS 15640 (N.D. Ill. March 5, 2007); *Schutz v. Arrow Fin. Services*, 465 F. Supp. 2d 872 (N.D.Ill. 2006); *Pleasant v. Risk Management Alternatives*, 02 C 6886, 2003 WL 22175390 (N.D.Ill. Sept. 19, 2003). He is a member of the Illinois Bar and is admitted to practice in the Seventh Circuit Court of Appeals, the United States District Courts for the Northern, Central, and Southern Districts of Illinois, Eastern District of Wisconsin, Northern District of Indiana, and Western District of Texas. He is a member of the Northern District of Illinois Trial Bar.

7. **Julie Clark** (neé Cobalovic) is a graduate of Northern Illinois University (B.A., 1997) and DePaul University College of Law (J.D., 2000). **Reported Cases:** *Record-A-Hit, Inc. v. Nat'l. Fire Ins. Co.*, 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); *Qualkenbush v.*

*Harris Trust & Savings Bank*, 219 F. Supp.2d 935 (N.D.Ill. 2002); *Covington-McIntosh v. Mount Glenwood Memory Gardens*, 00 C 186, 2002 WL 31369747 (N.D.Ill., Oct. 21, 2002), later opinion, 2003 WL 22359626 (N.D.Ill. Oct. 15, 2003); *Western Ry. Devices Corp. v. Lusida Rubber Prods.*, 06 C 52, 2006 WL 1697119, 2006 U.S. Dist. LEXIS 43867 (N.D.Ill. June 13, 2006); *Nautilus Ins. Co. v. Easy Drop Off, LLC*, 06 C 4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill. June 4, 2007); *Ballard Nursing Center, Inc. v. GF Healthcare Products, Inc.*, 07 C 5715, 2007 WL 3448731, 2007 U.S. Dist. LEXIS 84425 (N.D.Ill. Nov. 14, 2007); *Sadowski v. Medl Online, LLC*, 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill. May 17, 2008); *Sadowski v. OCO Biomedical, Inc.*, 08 C 3225, 2008 WL 5082992, 2008 U.S. Dist. LEXIS 96124 (N.D.Ill. Nov. 25, 2008); *ABC Bus. Forms, Inc. v. Pridamor, Inc.*, 09 C 3222, 2009 WL 4679477, 2009 U.S. Dist. LEXIS 113847 (N.D.Ill. Dec. 1, 2009); *Glen Ellyn Pharmacy v. Promius Pharma, LLC*, 09 C 2116, 2009 WL 2973046, 2009 U.S. Dist. LEXIS 83073 (N.D.Ill. Sept. 11, 2009); *Garrett v. Ragle Dental Lab., Inc.*, 10 C 1315, 2010 WL 4074379, 2010 U.S. Dist. LEXIS 108339 (N.D.Ill. Oct. 12, 2010); *Garrett v. Sharps Compliance, Inc.*, 10 C 4030, 2010 WL 4167157, 2010 U.S. Dist. LEXIS 109912 (N.D.Ill. Oct. 14, 2010).

8. **Heather A. Kolbus** (neé Piccirilli) is a graduate of DePaul University (B.S. *cum laude*, 1997), and Roger Williams University School of Law (J.D., 2002). **Reported Cases:** *Clark v. Experian Info. Solutions, Inc.*, 8:00cv1217-22, 2004 WL 256433, 2004 U.S. Dist. LEXIS 28324 (D.S.C., Jan. 14, 2004); *DeFrancesco v. First Horizon Home Loan Corp.*, 06-0058, 2006 WL 3196838, 2006 U.S. Dist. LEXIS 80718 (S.D.Ill. Nov. 2, 2006); *Jeppesen v. New Century Mortgage Corp.*, 2:05cv372, 2006 WL 3354691, 2006 U.S. Dist. LEXIS 84035 (N.D.Ind. Nov. 17, 2006); *Benedia v. Super Fair Cellular, Inc.*, 07 C 1390, 2007 WL 2903175, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill. Sept. 26, 2007); *Gonzalez v. Codilis & Assocs., P.C.*, 03 C 2883, 2004 WL 719264, 2004 U.S. Dist. LEXIS 5463 (N.D.Ill. March 30, 2004); *Centerline Equipment Corp. v. Banner Personnel Svc., Inc.*, 07 C 1611, 2009 WL 1607587, 2009 U.S. Dist. LEXIS 48092 (N.D.Ill. June 9, 2009); *R. Rudnick & Co. v. G.F. Protection, Inc.*, 08 C 1856, 2009 WL 112380, 2009 U.S. Dist. LEXIS 3152 (N.D.Ill. Jan. 15, 2009); *Pollack v. Cunningham Financial Group, LLC*, 08 C 1405, 2008 WL 4874195, 2008 U.S. Dist. LEXIS 4166 (N.D.Ill. June 2, 2008); *Pollack v. Fitness Innovative Techs., LLC*, No. 08 CH 03430, 2009 WL 506280, 2009 TCPA Rep. 1858 (Ill. Cir. Ct., Jan. 14, 2009); *R. Rudnick & Co. v. Brilliant Event Planning, Inc.*, No. 09 CH 18924, 2010 WL 5774848, 2010 TCPA Rep. 2099 (Ill. Cir. Ct., Nov. 30, 2010).

9. **Cassandra P. Miller** is a graduate of the University of Wisconsin – Madison (B.A. 2001) and John Marshall Law School (J.D. *magna cum laude* 2006). **Reported Cases:** *Pietras v. Sentry Ins. Co.*, 513 F.Supp.2d 983 (N.D.Ill. 2007); *Hernandez v. Midland Credit Mgmt.*, 04 C 7844, 2007 WL 2874059, 2007 U.S. Dist. LEXIS 16054 (N.D.Ill. Sept. 25, 2007); *Balogun v. Midland Credit Mgmt.*, 1:05cv1790, 2007 WL 2934886, 2007 U.S. Dist. LEXIS 74845 (S.D.Ind. Oct. 5, 2007); *Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870 (N.D.Ill. 2008); *Miller v. Midland Credit Management, Inc.*, No. 08 C 780, 2009 WL 528796, 2009 U.S. Dist. LEXIS 16273 (N.D.Ill. March 2, 2009); *Frydman v. Portfolio Recovery Associates, LLC*, 11 C 524, 2011 WL 2560221, 2011 U.S. Dist. LEXIS 69502 (N.D.Ill. June 28, 2011).

10. **Tiffany N. Hardy** is a graduate of Tuskegee University (B.A. 1998) and Syracuse University College of Law (J.D. 2001). **Reported cases:** *Unifund v. Shah*, 407 Ill.App.3d 737, 946 N.E.2d 885 (1st Dist. 2011), later opinion, 2013 IL App (1st) 113658, 993 N.E.2d 518; *Tocco v. Real Time Resolutions*, 14cv810, 2014 WL 3964948 (S.D.N.Y., Aug. 13, 2014); *Balbarin v. North Star*, 10 C 1846, 2011 WL 211013, 2011 U.S. Dist. LEXIS 686 (N.D.Ill. Jan. 5, 2011)(class certified); *Diaz v. Residential Credit Solutions, Inc.*, 965 F.Supp.2d 249 (E.D.N.Y. 2013), later opinion, 297 F.R.D. 42 (E.D.N.Y. 2014), later opinion, 299 F.R.D.

16 (E.D.N.Y. 2014); *Manlapaz v. Unifund*, 08 C 6524, 2009 WL 3015166, 2009 U.S. Dist. LEXIS 85527 (N.D.Ill. Sept. 15, 2009); *Matmanivong v. Unifund*, 08 C 6415, 2009 WL 1181529, 2009 U.S. Dist. LEXIS 36287 (N.D.Ill. Apr. 28, 2009); *Kubiski v. Unifund*, 08 C 6421, 2009 WL 774450, 2009 U.S. Dist. LEXIS 26754 (N.D.Ill. Mar. 25, 2009); *Cox v. Unifund CCR Partners*, 08 C 1005 (N.D.Ill. Dec. 4, 2008) (Report and Recommendation for Class Certification); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07 C 3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied); *Cotton v. Asset Acceptance*, 07 C 5005, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill. June 26, 2008) (class certified); *Ketchem v. American Acceptance Co.*, 641 F. Supp. 2d 782 (N.D.Ind. 2008); *D'Elia v. First Capital*, 07 C 6042, 2008 WL 4344571, 2008 U.S. Dist. LEXIS 22461 (N.D.Ill. Mar. 19, 2008). She is admitted in New York and the District of Columbia as well as Illinois.

11. **Associates**:

a. **Emiliya Gumin Farbstein** is a graduate of the University of Illinois at Urbana-Champaign (B.S.B.A. 2006) and University of Minnesota Law School (J.D., magna cum laude, 2012).

b. **Michelle Alyea** is a graduate of Valparaiso University (B.A., 1998, M.A., 2009) and Valparaiso University School of Law (J.D., 2012). She is admitted in Illinois and Indiana.

c. **Sarah Barnes** is a graduate of Michigan State University (B.A. 2010) and Chicago-Kent College of Law (J.D., 2015).

12. The firm also has 10 legal assistants, as well as other support staff.

13. Since its inception, the firm has recovered more than $500 million for consumers. The types of cases handled by the firm are illustrated by the following:

14. **Collection practices:** The firm has brought numerous cases under the Fair Debt Collection Practices Act, both class and individual. Decisions include: *Jenkins v. Heintz*, 25 F.3d 536 (7th Cir. 1994), aff'd 514 U.S. 291 (1995) (FDCPA coverage of attorneys); *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014)(en banc); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014), later opinion, 807 F.3d 872 (7th Cir. 2015) (collection of time-barred debts); *Siwulec v. J.M. Adjustment Servs., LLC*, 465 Fed. Appx. 200 (3d Cir. 2012); (activities of mortgage company field agents); *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003) (FDCPA coverage of debt buyers); *Peter v. GC Servs. L.P.*, 310 F.3d 344 (5th Cir. 2002); *Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002) (attorney letters without attorney involvement); *Boyd v. Wexler*, 275 F.3d 642 (7th Cir. 2001); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000); *Johnson v. Revenue Management, Inc.*, 169 F.3d 1057 (7th Cir.1999); *Keele v. Wexler & Wexler*, 95 C 3483, 1995 WL 549048, 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. Sept. 12, 1995) (motion to dismiss), later opinion, 1996 WL 124452, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), aff'd, 149 F.3d 589 (7th Cir. 1998); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997); *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232 (2nd Cir. 1998); *Young v. Citicorp Retail Services, Inc.*, No. 97-9397, 1998 U.S.App. LEXIS 20268, 159 F.3d 1349 (2nd Cir., June 29, 1998) (unpublished); *Charles v. Lundgren & Assocs., P.C.*, 119 F.3d 739 (9th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996), aff'g *Avila v. Van Ru Credit Corp.*, 94 C 3234, 1994 WL 649101 (N.D.Ill., Nov. 14, 1994), later opinion, 1995 WL 22866 (N.D.Ill., Jan. 18, 1995), later opinion, 1995 WL

41425 (N.D.Ill., Jan. 31, 1995), later opinion, 1995 WL 55255 (N.D.Ill., Feb. 8, 1995), later opinion, 1995 WL 683775, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov. 16, 1995); *Tolentino v. Friedman*, 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); *Diaz v. Residential Credit Solutions, Inc.*, 965 F.Supp.2d 249 (E.D.N.Y. 2013), later opinion, 297 F.R.D. 42 (E.D.N.Y. 2014), later opinion, 299 F.R.D. 16 (E.D.N.Y. 2014); *Stubbs v. Cavalry SPV I*, 12 C 7235, 2013 WL 1858587 (N.D.Ill., May 1, 2013); *Osborn v. J.R.S.-I., Inc.*, 13 C 621, 2013 WL 2467654 (N.D.Ill., June 7, 2013); *Terech v. First Resolution Mgmt. Corp.*, 854 F.Supp.2d 537, 544 (N.D.Ill. 2012); *Casso v. LVNV Funding, LLC*, 12 C 7328, 2013 WL 3270654 (N.D.Ill., June 26, 2013); *Simkus v. Cavalry Portfolio Services, LLC*, 11 C 7425, 2012 WL 1866542 (N.D.Ill., May 22, 2012); *McDonald v. Asset Acceptance LLC*, 296 F.R.D. 513 (E.D.Mich. 2013); *Ramirez v. Apex Financial Management, LLC*, 567 F. Supp.2d 1035 (N.D. Ill. 2008); *Cotton v. Asset Acceptance, LLC*, 07 C 5005, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill., June 26, 2008); *Buford v. Palisades Collection, LLC*, 552 F. Supp. 2d 800 (N.D.Ill. 2008); *Martin v. Cavalry Portfolio Servs., LLC*, 07 C 4745, 2008 WL 4372717, 2008 U.S. Dist. LEXIS 25904 (N.D.Ill., March 28, 2008); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07 C 3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied); *Hernandez v. Midland Credit Mgmt.*, 04 C 7844, 2007 WL 2874059, 2007 U.S. Dist. LEXIS 16054 (N.D.Ill., Sept. 25, 2007) (balance transfer program); *Blakemore v. Pekay*, 895 F.Supp.972 (N.D.Ill. 1995); *Oglesby v. Rotche*, 93 C 4183, 1993 WL 460841, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 5, 1993), *later opinion*, 1994 U.S.Dist. LEXIS 4866, 1994 WL 142867 (N.D.Ill., April 18, 1994); *Laws v. Cheslock*, 98 C 6403, 1999 WL 160236, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999); *Davis v. Commercial Check Control, Inc.*, 98 C 631, 1999 WL 89556, 1999 U.S. Dist. LEXIS 1682 (N.D.Ill., Feb. 12, 1999); *Hoffman v. Partners in Collections, Inc.*, 93 C 4132, 1993 WL 358158, 1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); *Vaughn v. CSC Credit Services, Inc.*, 93 C 4151, 1994 WL 449247, 1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 WL 51402, 1995 U.S.Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); *Beasley v. Blatt*, 93 C 4978, 1994 WL 362185, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 11, 1994); *Taylor v. Fink*, 93 C 4941, 1994 WL 669605, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); *Gordon v. Fink*, 93 C 4152, 1995 WL 55242, 1995 U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); *Brujis v. Shaw*, 876 F.Supp. 198 (N.D.Ill. 1995).

15. *Jenkins v. Heintz* is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act. Mr. Edelman argued it before the Supreme Court and Seventh Circuit. *Avila v. Rubin* and *Nielsen v. Dickerson* are leading decisions on phony "attorney letters." *Suesz v. Med-1 Solutions, LLC* is a leading decision on the FDCPA venue requirements. *McMahon v. LVNV Funding, LLC* is a leading decision on the collection of time-barred debts.

16. **Debtors' rights**. Important decisions include: *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07 C 3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied); z (Illinois statute of limitations for credit card debts); *Parkis v. Arrow Fin Servs.*, 07 C 410, 2008 WL 94798, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill. Jan. 8, 2008); *Rawson v. Credigy Receivables, Inc.*, 05 C 6032, 2006 WL 418665, 2006 U.S. Dist. LEXIS 6450 (N.D.Ill., Feb. 16, 2006) (same); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014) (collection of time-barred debts without disclosure); *Jones v. Kunin*, 99-818-GPM, 2000 WL 34402017, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000) (scope of Illinois bad check statute); *Qualkenbush v. Harris Trust & Sav. Bank*, 219 F. Supp. 2d 935 (N.D.Ill. 2002) (failure to allow cosigner to take over obligation prior to collection action); *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc) (venue abuse).

17. **Telephone Consumer Protection Act.** The firm has brought a number of cases under the Telephone Consumer Protection Act, 47 U.S.C. §227, which prohibits "junk faxes," spam text messages, robocalls to cell phones, and regulates telemarketing practices. Important junk fax and spam text message decisions include: *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005); *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *Benedia v. Super Fair Cellular, Inc.*, 07 C 01390, 2007 WL 2903175, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill., Sept. 26, 2007); *Centerline Equip. Corp. v. Banner Pers. Serv.*, 545 F. Supp. 2d 768 (N.D.Ill. 2008); *ABC Business Forms, Inc. v. Pridamor, Inc.*, 09 C 3222, 2009 WL 4679477, 2009 U.S. Dist. LEXIS 113847 (N.D.Ill. Dec. 1, 2009); *Glen Ellyn Pharmacy, Inc. v. Promius Pharma, LLC*, 09 C 2116, 2009 WL 2973046, 2009 U.S. Dist. LEXIS 83073 (N.D.Ill. Sept. 11, 2009); *Garrett v. Ragle Dental Laboratory, Inc.*, 10 C 1315, 2010 WL 3034709, 2010 U.S. Dist. LEXIS, 108339 (N.D.Ill., Aug. 3, 3010).

18. The firm has also brought a number of cases complaining of robocalling and telemarketing abuse, in violation of the Telephone Consumer Protection Act. Decisions in these cases include: *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637 (7th Cir. 2012); *Balbarin v. North Star Capital Acquisition, LLC*, 10 C 1846, 2011 WL 211013, 2011 U.S. Dist. LEXIS 686 (N.D.Ill. Jan. 21, 2011), *motion to reconsider denied,* 2011 U.S. Dist. LEXIS 58761 (N.D.Ill. 2011); *Sojka v. DirectBuy, Inc.*, 12 C 9809 et al., 2014 WL 1089072 (N.D.Ill., Mar. 18, 2014), later opinion, 2014 WL 1304234 (N.D.Ill., March 31, 2014). The firm has a leadership role in Portfolio Recovery Associates, LLC, Telephone Consumer Protection Act Litigation, MDL No. 2295, and Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation, MDL No. 2286.

19. **Fair Credit Reporting Act:** The firm has filed numerous cases under the Fair Credit Reporting Act, which include: *Henry v. Teletrack, Inc.,* 11 C 4424, 2012 WL 769763, 2012 U.S. Dist. LEXIS 30495 (N.D.Ill. March 7, 2012).

20. Another line of cases under the Fair Credit Reporting Act which we have brought, primarily as class actions, alleges that lenders and automotive dealers, among others, improperly accessed consumers' credit information, without their consent and without having a purpose for doing so permitted by the FCRA. *Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004); *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006); *Perry v. First National Bank,* 459 F.3d 816 (7th Cir. 2006).

21. **Class action procedure:** Important decisions include *McMahon v. LVNV Funding, LLC*, 807 F.3d 872 (7th Cir. 2015); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877 (7th Cir. 2000); *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832 (7th Cir. 1999); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014) (mootness); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.*, 2015 IL 118644 (Ill.Sup.Ct., October 22, 2015)(mootness), and *Gordon v. Boden,* 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

22. **Landlord-tenant:** The firm has brought more than 20 class actions against landlords to enforce tenants' rights. Claims include failing to pay interest on security deposits or commingling security deposits. Reported decisions include *Wang v. Williams*, 343 Ill. App. 3d 495; 797 N.E.2d 179 (5th Dist. 2003); *Dickson v. West Koke Mill Vill. P'Ship*, 329 Ill. App. 3d 341; 769 N.E.2d 971 (4th Dist. 2002); and *Onni v. Apartment Inv. & Mgmt. Co.*, 344 Ill. App. 3d 1099; 801 N.E.2d 586 (2nd Dist. 2003).

23. **Mortgage charges and servicing practices:** The firm has been involved in dozens of cases, mostly class actions, complaining of illegal charges on mortgages and improper servicing practices. These include MDL-899, *In re Mortgage Escrow Deposit Litigation*, and MDL-1604, *In re Ocwen Federal Bank FSB Mortgage Servicing Litigation*, as well as the Fairbanks mortgage servicing litigation. Decisions in the firm's mortgage cases include: *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525 (7th Cir. 2007); *Handy v. Anchor Mortgage Corp.*, 464 F.3d 760 (7th Cir. 2006); *Christakos v. Intercounty Title Co.*, 196 F.R.D. 496 (N.D.Ill. 2000); *Flippin v. Aurora Bank, FSB*, 12 C 1996, 2012 WL 3260449 , 2012 U.S. Dist. LEXIS 111250 (N.D.Ill. Aug. 8, 2012); *Kesten v. Ocwen Loan Servicing, LLC*, 11 C 6981, 2012 WL 426933, 2012 U.S. Dist. LEXIS 16917 (N.D.Ill. Feb. 9, 2012); *Johnstone v. Bank of America, N.A.*, 173 F.Supp.2d 809 (N.D.Ill. 2001); *Leon v. Washington Mut. Bank, F.A.*, 164 F.Supp.2d 1034 (N.D.Ill. 2001); *Williamson v. Advanta Mortg. Corp.*, 99 C 4784, 1999 WL 1144940, 1999 U.S. Dist. LEXIS 16374 (N.D.Ill., Oct. 5, 1999); *McDonald v. Washington Mut. Bank, F.A.*, 99 C 6884, 2000 WL 875416, 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); *GMAC Mtge. Corp. v. Stapleton*, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); *Leff v. Olympic Fed. S. & L. Ass'n,* 86 C 3026, 1986 WL 10636 (N.D.Ill. Sept. 19, 1986); *Aitken v. Fleet Mtge. Corp.*, 90 C 3708, 1991 WL 152533,, 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. July 30, 1991), later opinion, 1992 WL 33926, 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); *Poindexter v. National Mtge. Corp.*, 94 C 45814, 1995 WL 242287, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995); *Sanders v. Lincoln Service Corp.*, 91 C 4542, 1993 WL 1125433, 1993 U.S.Dist. LEXIS 4454 (N.D.Ill. April 5, 1993); *Robinson v. Empire of America Realty Credit Corp.*, 90 C 5063, 1991 WL 26593, 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); *In re Mortgage Escrow Deposit Litigation*, M.D.L. 899, 1994 WL 496707, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 9, 1994); *Greenberg v. Republic Federal S. & L. Ass'n*, 94 C 3789, 1995 WL 263457, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

24. The recoveries in the escrow overcharge cases alone are over $250 million. *Leff* was the seminal case on mortgage escrow overcharges.

25. The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

26. **Bankruptcy:** The firm brought a number of cases complaining that money was being systematically collected on discharged debts, in some cases through the use of invalid reaffirmation agreements, including the national class actions against Sears and General Electric. *Conley v. Sears, Roebuck*, 1:97cv11149 (D.Mass); *Fisher v. Lechmere Inc.*, 1:97cv3065 (N.D.Ill.). These cases were settled and resulted in recovery by nationwide classes. Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment. *Bessette v. Avco Financial Services*, 230 F.3d 439 (1st Cir. 2000).

27. **Automobile sales and financing practices:** The firm has brought many cases challenging practices relating to automobile sales and financing, including:

a. Hidden finance charges resulting from pass-on of discounts on auto purchases. *Walker v. Wallace Auto Sales, Inc.*, 155 F.3d 927 (7th Cir. 1998).

b. Misrepresentation of amounts disbursed for extended warranties. *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689 (7th Cir. 1998); *Grimaldi v. Webb*, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); *Slawson v. Currie Motors Lincoln Mercury, Inc.*, 94 C 2177, 1995 WL 22716, 1995 U.S.Dist. LEXIS 451 (N.D.Ill.,

Jan. 13, 1995); *Cirone-Shadow v. Union Nissan, Inc.*, 955 F.Supp. 938 (N.D.Ill. 1997) (same); *Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302 (N.D.Ill. 1995); *Shields v. Lefta, Inc.*, 888 F. Supp. 891 (N.D.Ill. 1995).

c. Spot delivery. *Janikowski v. Lynch Ford, Inc.*, 98 C 8111, 1999 WL 608714 (N.D.Ill., Aug. 5, 1999); *Diaz v. Westgate Lincoln Mercury, Inc.*, 93 C 5428, 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. Nov. 14, 1994); *Grimaldi v. Webb*, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

d. Force placed insurance. *Bermudez v. First of America Bank Champion, N.A.*, 860 F.Supp. 580 (N.D.Ill. 1994); *Travis v. Boulevard Bank*, 93 C 6847, 1994 U.S.Dist. LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill. 1995); *Moore v. Fidelity Financial Services, Inc.*, 884 F. Supp. 288 (N.D.Ill. 1995).

e. Improper obligation of cosigners. *Lee v. Nationwide Cassell*, 174 Ill.2d 540, 675 N.E.2d 599 (1996); *Taylor v. Trans Acceptance Corp.*, 267 Ill.App.3d 562, 641 N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995); *Qualkenbush v. Harris Trust & Sav. Bank*, 219 F. Supp. 2d 935 (N.D.Ill. 2002).

f. Evasion of FTC holder rule. *Brown v. LaSalle Northwest Nat'l Bank*, 148 F.R.D. 584 (N.D.Ill. 1993), later opinion, 820 F.Supp. 1078 (N.D.Ill. 1993), later opinion, 92 C 8392, 1993 U.S.Dist. LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

28. These cases also had a substantial effect on industry practices. The warranty cases, such as *Grimaldi, Gibson, Slawson, Cirone-Shadow, Chandler*, and *Shields*, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from representing that the charge for an extended warranty was being disbursed to a third party when that was not in fact the case.

29. **Predatory lending practices:** The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices, both as individual and class actions. *Jackson et al v. Payday Financial LLC et al*, 764 F.3d 765 (7th Cir. 2014), *cert. denied,* 135 S.Ct. 1894 (2015); *Livingston v. Fast Cash USA, Inc.,* 753 N.E.2d 572 (Ind. Sup. Ct. 2001); *Williams v. Chartwell Fin. Servs.*, 204 F.3d 748 (7th Cir. 2000); *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525 (7th Cir. 2007); *Handy v. Anchor Mortg. Corp.*, 464 F.3d 760 (7th Cir. 2006); *Laseter v. Climateguard Design & Installation LLC*, 931 F.Supp.2d 862 (N.D.Ill. 2013); *Hubbard v. Ameriquest Mortg. Co.*, 624 F.Supp.2d 913 (N.D.Ill. 2008); *Martinez v. Freedom Mortg. Team, Inc.*, 527 F. Supp. 2d 827 (N.D.Ill. 2007); *Pena v. Freedom Mortg. Team, Inc.*, 07 C 552, 2007 WL 3223394, 2007 U.S. Dist. LEXIS 79817 (N.D.Ill., October 24, 2007); *Miranda v. Universal Fin. Group, Inc.*, 459 F. Supp. 2d 760 (N.D.Ill. 2006); *Parker v. 1-800 Bar None, a Financial Corp., Inc.*, 01 C 4488, 2002 WL 215530 (N.D.Ill., Feb. 12, 2002); *Gilkey v. Central Clearing Co.*, 202 F.R.D. 515 (E.D.Mich. 2001); *Van Jackson v. Check 'N Go of Illinois, Inc.*, 193 F.R.D. 544 (N.D.Ill. 2000), later opinion, 114 F. Supp. 2d 731 (N.D.Ill. 2000), later opinion, 123 F. Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F. Supp. 2d 1085 (N.D.Ill. 2000); *Henry v. Cash Today, Inc.*, 199 F.R.D. 566 (S.D.Tex. 2000); *Donnelly v. Illini Cash Advance, Inc.*, 00 C 94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906 (N.D.Ill., Aug. 14, 2000); *Jones v. Kunin,* 99-818-GPM, 2000 WL 34402017, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); *Davis v. Cash for Payday*, 193 F.R.D. 518 (N.D.Ill. 2000); *Reese v. Hammer Fin. Corp.*, 99 C 716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677 (N.D.Ill., Nov. 29, 1999); *Pinkett v. Moolah Loan Co.*, 99 C 2700, 1999 WL 1080596, 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); *Gutierrez v. Devon Fin. Servs.*, 99 C 2647, 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); *Vance v. National Benefit Ass'n*, 99 C 2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS

13846 (N.D.Ill., Aug. 26, 1999).

30. **Other consumer credit issues:** The firm has also brought a number of other Truth in Lending and consumer credit cases, mostly as class actions, involving such issues as:

a. Phony nonfiling insurance. *Edwards v. Your Credit Inc.*, 148 F.3d 427 (5th Cir. 1998); *Adams v. Plaza Finance Co.*, 168 F.3d 932 (7th Cir. 1999); *Johnson v. Aronson Furniture Co.*, 96 C 117, 1997 U.S. Dist. LEXIS 3979 (N.D.Ill., March 31, 1997), later opinion, 1993 WL 641342 (N.D.Ill., Sept. 11, 1998).

b. The McCarran Ferguson Act exemption. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037 (7th Cir. 1998).

c. Loan flipping. *Emery v. American General*, 71 F.3d 1343 (7th Cir. 1995). *Emery* limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

d. Home improvement financing practices. *Fidelity Financial Services, Inc. v. Hicks*, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; *Heastie v. Community Bank of Greater Peoria*, 690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990).

e. Insurance packing. *Elliott v. ITT Corp.*, 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

31. **Automobile leases:** The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases, mainly as class actions. Decisions in these cases include *Lundquist v. Security Pacific Automotive Financial Services Corp.*, 993 F.2d 11 (2d Cir. 1993); *Kedziora v. Citicorp Nat'l Services, Inc.*, 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 91 C 3428, 1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); *Johnson v. Steven Sims Subaru and Subaru Leasing*, 92 C 6355, 1993 WL 761231, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 WL 13074115, 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); *McCarthy v. PNC Credit Corp.*, 2:91CV00854 (PCD), 1992 U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434 (7th Cir. 1994); *Simon v. World Omni Leasing Inc.*, 146 F.R.D. 197 (S.D.Ala. 1992).

32. *Lundquist* and *Highsmith* are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act. As a result of the *Lundquist* case, the Federal Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

33. **Insurance litigation:** Often securing recovery for a class requires enforcement of the rights under the defendant's insurance policy. The firm has extensive experience with such litigation. Reported decisions in such cases include: *Record-A-Hit, Inc. v. Nat'l Fire Ins. Co.*, 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); *Pietras v. Sentry Ins. Co.*, 06 C 3576, 2007 WL 715759, 2007 U.S. Dist. LEXIS 16015 (N.D.Ill., March 6, 2007), later opinion, 513 F. Supp. 2d 983 (N.D.Ill. 2007); *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 06 C 2092, 2007 WL 2608559, 2007 U.S. Dist. LEXIS 65339 (N.D.Ill., Aug. 31, 2007); *National Fire Ins.*

*Co. v. Tri-State Hose & Fitting, Inc.*, 06 C 5256, 2007 U.S. Dist. LEXIS 45685 (N.D.Ill., June 21, 2007); *Nautilus Ins. Co. v. Easy Drop Off, LLC*, 06 C 4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill., June 4, 2007).

34. Some of the other reported decisions in our cases include: *Elder v. Coronet Ins. Co.*, 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); *Smith v. Keycorp Mtge., Inc.*, 151 B.R. 870 (N.D.Ill. 1992); *Gordon v. Boden*, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied, U.S. (1992); *Armstrong v. Edelson*, 718 F.Supp. 1372 (N.D.Ill. 1989); *Newman v. 1st 1440 Investment, Inc.*, 89 C 6708, 1993 U.S.Dist. LEXIS 354 (N.D.Ill. Jan. 15, 1993); *Mountain States Tel. & Tel. Co.*, v. District Court, 778 P.2d 667 (Colo. 1989); *Harman v. Lyphomed, Inc.*, 122 F.R.D. 522 (N.D.Ill. 1988); *Haslam v. Lefta, Inc.*, 93 C 4311, 1994 WL 117463, 1994 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); *Source One Mortgage Services Corp. v. Jones*, 88 C 8441, 1994 WL 13664, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994); *Wilson v. Harris N.A.*, 06 C 5840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345 (N.D.Ill. Sept. 4, 2007). *Wendorf v. Landers*, 755 F.Supp.2d 972 (N.D.Ill. 2010); *QuickClick Loans LLC v. Russell*, 407 Ill.App.3d 46; 943 N.E.2d 166 (1st Dist. 2011), *pet. denied*, 949 N.E.2d 1103 (2011) and *Adkins v. Nestle Purina Petcare Co.,* 973 F.Supp.2d 905 (N.D.Ill. 2013).

35. *Gordon v. Boden* is the first decision approving "fluid recovery" in an Illinois class action. *Elder v. Coronet Insurance* held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

36. The hourly rates for the attorneys set forth below, are the same as the regular current rates charged for their services in other contingent matters in class action litigation. They are also consistent with fees charged to occasional hourly paying clients. The firm adjusts them annually to account for inflation and increasing experience and they are consistent with the rates charged by attorneys of comparable experience and expertise in the Chicago area. The rates listed and used in this case represent rates previously approved in a number of cases plus an annual adjustment.

37. Examples of the approval of counsel's rates include:

a. The rates charged by Edelman, Combs, Latturner & Goodwin, LLC were used as a benchmark by Judge Kennelly in *In re Southwest Airlines Voucher Litigation*, No. 11 C 8176, 2013 WL 5497275 (N.D.Ill., Oct. 3, 2013), at 19-20:

> In particular, the Court has reviewed fee awards approved for the law firm of Edelman, Combs, Latturner & Goodwin, a Chicago law firm that has a long-established practice in the same field as Siprut, PC, the firm representing the plaintiff class in this case. Here are some examples. In *Jablonski v. Riverwalk Holdings, Ltd.*, No. 11 C 840, 2012 WL 3043687, at *1 (N.D. Ill. July 12, 2012), Judge Blanche Manning approved rates of $400 per hour for work done in 2011 by attorneys Daniel Edelman, Catherine Combs, and James Latturner, who had, respectively, thirty-six, thirty-six, and fifty years of practice experience. *Id.* at *1. In 2009, in the case of *In re Trans Union Corp. Privacy Litig.*, No. 00 C 4729, 2009 WL 4799954, at *20 (N.D. Ill. Dec. 9, 2009), Judge Robert Gettleman appears to have okayed a $550 rate for attorney Edelman. That same year, in *Jones v. Ameriquest Mortg. Co.*, No. 05 C 432, 2009 WL 631617, at *4 (N.D. Ill. Mar. 10, 2009), Judge David Coar approved rates of $465 per hour for partners Latturner, Combs, and Tara Goodwin, and a rate of $250 per hour for an associate who was six or seven years out of law school during the relevant period. In 2008, Judge Sam Der-Yeghiayan approved rates of $450 per hour for partners at the Edelman firm and $210 per hour for

the same associate. *See Hamm v. Ameriquest Mortg. Co.*, 549 F. Supp. 2d 1018, 1022 (N.D. Ill. 2008).

On September 25, 2013, the Court considered a fee award (a very modest one) in a case brought by the Edelman firm in which it obtained a default judgment. That firm submitted a very comprehensive affidavit by its lead partner, Daniel Edelman, supporting the following hourly rates claimed for each of its partners and associates:

- $550 for partners Edelman (thirty-seven years of experience), Combs (thirty-seven years), and Latturner (fifty-one years);

- $505 for partner Goodwin (twenty-two years);

- $445 for partners Francis Greene (thirteen years) and Julie Clark (thirteen years);

- $400 for partner Heather Kolbus (eleven years);

- $355 for a partner with ten years experience;

- $230 to $290 for associates; and

- $100 to $125 for paralegals.

*See Quazi v. Lizetty and Assoc. Grp. LLC*, Case No. 13 C 4512, dkt. no. 19-5 (affid. of Daniel Edelman). This Court's own experience in dealing with fee awards (mostly agreed-upon awards) in consumer cases is generally consistent with a range bracketed on the higher end by the hourly rates proposed for lawyers from the Edelman firm in the *Quazi* case and, at the lower end, with the awards approved by Judges Der-Yeghiayan, Coar, and Gettleman in the cases cited earlier. The latter are, at this point, several years old, indicating that they may not actually represent appropriate current rates. . . .

b. Rates of $700 for Daniel A. Edelman and $500 for Francis R. Greene were approved in *Manuel v. Caliber Home Loans, Inc.*, 14-5233-SRC-CLW (D. N.J. on August 20, 2015. The order is attached as Appendix A.

c. Rates of $550 for Daniel A. Edelman and $230 for Cassandra P. Miller were approved in *Nadyenova v. Midland Funding, et al.*, 12-cv-632 (N.D.Ill.), on July 11, 2012. The order is attached as Appendix B.

d. Rates of $550 for Daniel A. Edelman, James O. Latturner and Cathleen M. Combs, $400 for former partner, Michelle R. Teggelaar, and $250 for former associate Jeremy P. Monteiro were requested in the Plaintiff's Final Approval Memorandum and approved in *Bruce v. Wells Fargo Bank*, 2:05cv243 (N.D.Ind.), on October 18, 2007 (Transcript of proceedings, Appendix C).

e. A rate of $325 for Ms. Hardy was approved by the Honorable Arthur D. Spatt at a fairness hearing in the Eastern District of New York in 2014, *Altagracia Diaz v. Residential Credit Solutions,* 12-cv-03781 (Appendix D).

38. In determining the rates charged by the firm charges and requests, counsel consults surveys of rates charged by other Chicago law firms. Such surveys have been relied

upon by courts in awarding fees. E.g., *FDIC v. Morris*, 1992 U.S. Dist. LEXIS 9439 (N.D.Ill., June 29, 1992); *Alliance to End Repression v. City of Chicago*, 1993 U.S. Dist. LEXIS 1972 (N.D.Ill., Feb. 22, 1993).

39. I am reasonably confident that the rates are accurate, based on my personal knowledge of rates in the legal community, court awards, negotiations with defendants, and discussions with other attorneys.

40. The rates we used are also consistent with fee awards by courts in this or other comparable areas for comparable work:

a. In *Harris N.A. v. Acadia Investments*, 09 C 6661, 2012 WL 1681985 (N.D.Ill., May 14, 2012) (Schenkier, M.J.), a commercial dispute in which the fees paid by plaintiff were shifted to the defendant pursuant to a contractual provision, the court awarded $775/ hour for a 1984 partner, $745/ hour for a 1985 partner, $700/ hour for a 1992 partner, and $570/ hour for a 1995 partner. Copies of the affidavits establishing these rates are in Appendix E.

b. In *Winston v. O'Brien*, 10 C 8218, 2013 WL 2897161 (N.D.Ill., June 13, 2013) (Bucklo, J.), a police excessive force case, court awarded $535/ hour for lead counsel, $450/ hour for a 1994 graduate, $225/ hour for a second year associate, and $125 /hour for paralegal work.

c. In *McDonough v. Briatta*, 06 C 2732, 2013 WL 1303800 (N.D.Ill., March 27, 2013) (Pallmeyer, J.), a First Amendment retaliation claim, the court awarded $500/ hour for 1964 and 1984 partners, $450/ hour for a 1993 graduate, $425/ hour for a 1999 graduate, $400/ hour for a 2001 graduate, $285/ hour for 2006 and 2007 graduates, and $100/ hour for paralegal time.

d. In *Scott v. Illinois Youth Center Joliet*, 09 C 1633, 2011 WL 586408 (N.D.Ill., Feb. 9, 2011), an individual employment discrimination case, Magistrate Judge Brown awarded $100/ hour for paralegal time, $250/ hour for an associate with 5 years experience, and $285-$390/ hour for attorneys with 12-18 years experience, noting that only limited justification had been provided.

e. In *Richardson v. City of Chicago*, 08 C 4824, 2012 WL 6185867 (N.D.Ill., Nov. 20, 2012) (Cole, M.J.), a police misconduct case, the court approved rates of $425/ hour for an attorney with 17 years experience, $400/ hour for an attorney with 9 years experience, $300/ hour for an attorney with 7 years experience, and $175/ hour for a second year associate.

f. In *Covington v. District of Columbia*, 839 F. Supp. 894 (D.D.C., December 13, 1993), Judge Lamberth found, on the basis of court-approved surveys of rates in the Washington, D.C., area, that it was appropriate to award $260 per hour to attorneys with between 11 and 19 years experience for the time period 1992-93. He further found that it was appropriate to have an annual increment of $10 per year or, alternatively, to multiply by 103.4% in accordance with the Consumer Price Index (the result is approximately the same). He also noted that it had been relied upon by six other District Judges in the District of Columbia and the Court of Appeals for the District of Columbia Circuit. Judge Lamberth awarded current rates for all work done in the past, in lieu of making the award at the then-current rate and awarding interest on it.

g. The figures used in the *Covington* case have been updated each year by the office of the U. S. Attorney for the District of Columbia. The updated figures (through 2013) are in the chart attached as Appendix F, available on the Internet site of the U. S Attorney's office ("Laffey Matrix", after *Laffey v. Northwest Airlines, Inc.*, 572 F.Supp. 354 (D.D.C. 1983)).

41. The usual rates which I and the others in my firm charge at the present time are as follows:

a. Daniel Edelman, Cathleen Combs, and James Latturner (partners): $700 an hour;

b. Tara Goodwin (partner): $600 an hour;

c. Francis R. Greene and Julie Clark (partners): $500 an hour;

d. Heather Kolbus (partner): $500 an hour;

e. Cassandra P. Miller (partner): $325 an hour;

f. Tiffany N. Hardy (partner): $325 an hour;

g. Emiliya Gumin Farbstein (associate): $230 an hour;

h. Michelle A. Alyea (associate): $230 an hour;

i. Sarah M. Barnes (associate): $230 an hour

j. Paralegals: $100-$125 an hour (based upon experience).

42. All attorneys and legal assistants in my firm are required to and do in fact keep track of their time on a contemporaneous basis, on computer. Everyone enters their time into a computer program, by case number. The computer system automatically sorts the entries by case and generates totals. Expenses are entered into the same computer program as they are incurred. The printouts for this case are attached as Appendix G.

Executed at Chicago, Illinois.

/s/ Daniel A. Edelman
Daniel A. Edelman

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

# APPENDIX A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CL

LUTHER B. MANUEL JR. and GERTRUDE MANUEL, on behalf of themselves and the class members described herein,

Plaintiffs,

vs.

CALIBER HOME LOANS, INC.; U.S. BANK TRUST, N.A., as Trustee of LSF8 MASTER PARTICIPATION TRUST; WELLS FARGO DELAWARE TRUST COMPANY, N.A., as Trustee for VERICREST OPPORTUNITY LOAN TRUST 2013 NPL2 and VERICREST OPPORTUNITY LOAN TRUST 2014 NPL2; and DOES 1-25,

Defendants.

Case No.: 2:14-cv-05233-SRC-CLW

~~[PROPOSED]~~
**FINAL APPROVAL ORDER**

**WHEREFORE,** it appearing to the Court that:

A. On May 5, 2015, this Court entered a Preliminary Approval Order which, among other things, preliminarily and conditionally certified this lawsuit to proceed as a class action for settlement purposes only, defined the Settlement Class and Settlement Class Claims, appointed Settlement Class Counsel, preliminarily approved the proposed Stipulation of Settlement which would be binding on the Settlement Class, provided for notice to the Settlement Class including an opportunity for Settlement Class members to request exclusion from the Settlement Class and to object to the proposed Stipulation of Settlement, and scheduled a hearing ("Final Hearing") for August 20, 2015, to consider any objections and to determine whether the proposed settlement is fair, reasonable, and adequate.

B.      In satisfaction of Fed. R. Civ. P. 23(e)(3), a copy of the Stipulation of Settlement was provided to the Court with the Parties' Joint Motion seeking the entry of the Preliminary Approval Order.

C.      In accordance with the Court's Preliminary Approval Order, on June 5, 2015, actual notice was sent by first class mail to 15,050 Settlement Class Members by Heffler Claims Group (the "Class Administrator"). A total of 1,331 notices were returned by the United States Postal Service as undeliverable with no forwarding address or further information; 49 notices were returned by the United States Postal Service with a new address and successfully re-mailed; and a total of 3,338 claim forms have been received.

D.      In accordance with the Court's Preliminary Approval Order, on June 5, 2015, the Class Administrator established a toll-free telephone number to answer questions from Settlement Class Members through an interactive voice response (IVR) system with an option to leave a message to be responded to by Class Counsel.

E.      On August 20, 2015, in accordance with the Preliminary Approval Order [Doc. 32] and Fed. R. Civ. P. 23(e)(2), counsel for the Parties timely appeared for the Final Fairness Hearing to determine whether the action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

F.      The Class Members were given an opportunity to object to the settlement. Only one Class Member, through counsel, objected to the settlement ("Objector") [Doc. 35]. The Objector's counsel appeared at the Final Hearing and presented the Objector's arguments against the Settlement. The Court having heard and considered the Objections finds them to be without merit and accordingly overrules them for the reasons stated on the record.

G. The Class Members who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this Order. Only 31 Class Members requested exclusion. The identities of such persons are set forth in **Exhibit A**, attached hereto; and

H. With the Court having concluded that the proposed settlement is fair, reasonable, and adequate; and the Court being duly advised in the premises, and for good cause shown;

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. The Court confirms its certification in the Preliminary Approval Order of this lawsuit as a class action for settlement purposes only and, in accordance with Fed. R. Civ. P. 23(b)(3), defines the "Settlement Class" as:

> All persons who were sent the following letters from Caliber on the following dates: (1) A letter with the title "Notice of Sale of Ownership of Mortgage Loan", dated January 9, 2014; (2) A letter with the title "Welcome to Caliber", dated February 12, 2014; and, (3) A letter listing the creditor and principal amount of the loan, dated February 18, 2014.

The Court further defines the "Settlement Class Claims" as those claims of the Settlement Class arising from written communications sent by Caliber, in connection with its servicing of residential mortgage obligations, which allegedly failed to make accurate disclosures as required by 15 U.S.C. §1692(g)(a)(2), 12 U.S.C. §2605, and 15 U.S.C. §1641(g).

2. The Court declares that the Parties' Notice Plan as set forth in the Stipulation, including the notice mailed to Class Members, satisfied the requirements of Fed. R. Civ. P. 23 and constitutional due process.

3. The Court approves the disbursement of the Settlement Fund as provided for in the Stipulation of Settlement and directs that the Class Administrator disburse the payments in accordance with the terms of the Stipulation.

4. The Court approves the award of attorneys' fees and costs to Settlement Class Counsel, in the amount of 288,000, and declares such fees and costs, and the hourly rates sought to be fair and reasonable.

5. The Stipulation, which was filed with the Court on April 3, 2015 [Doc. 30-2], and which shall be deemed incorporated herein by reference in its entirety, is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any subsequent order issued by this Court.

6. This Order is binding on all Class Members, except those individuals identified in ***Exhibit A*** hereto, who validly and timely excluded themselves from the Settlement Class.

7. The Class Representatives, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Stipulation. Pursuant to the release contained in the Stipulation, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

8. The Lawsuit is hereby dismissed with prejudice in all respects.

9. This Order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

10. The Court retains jurisdiction over the interpretation, enforcement, and implementation of the Stipulation of Settlement and this Final Order. Except as retained, all claims against all Defendants are dismissed with prejudice and without taxing costs.

**IT IS SO ORDERED:**

HONORABLE STANLEY R. CHESLER
Judge, United States District Court

Dated: 8/20/15

# EXHIBIT "A"

| First Name | Last Name | Exclusion # |
|---|---|---|
| Steven | Catalfamo | 1 |
| Lazina | King | 2 |
| Rebecca | Luker | 3 |
| Charles | Wild | 4 |
| Trevor | Nightengale | 5 |
| Elwood | Gilchrist | 6 |
| Rhonda | Evans | 7 |
| Melissa | Filipos | 8 |
| Paul | Zawadzke | 9 |
| [redacted] | [redacted] | [redacted] |
| Pamela | Carrig | 11 |
| Edward | Accomando | 12 |
| Latif | Giwa | 13 |
| Madison | Rogers | 15 |
| Hieu | Nguyen | 16 |
| William | Pastino | 17 |
| Suzanne | Thompson | 19 |
| Edna | Albright | 20 |
| Beverly | Marretta | 21 |
| Paula | Mexner | 22 |
| Fitzroy | Lyte | 24 |
| Hugh | Mills | 25 |
| Theresa | Jones | 26 |
| Richard | Koesler | 27 |
| David | Walkerr | 28 |
| Kelly | Smith | 29 |
| Laura | Wellnitz | 30 |
| Charlie | Smith | 31 |
| Michael | Szczepaniak | 32 |
| Ronald | Carter | 33 |
| Rodell | Cotrell | 34 |

| First Name | Last Name | Exclusion # |
| --- | --- | --- |
| Anuoluwa | Giwa | 14 |
| Heather | Rogers | 15 |
| Roberta | Pastino | 18 |
| Roberta | McGuane | 23 |
| San Juan | Koesler | 27 |

# APPENDIX B

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12-c-632 | DATE | 7/11/2012 |
| CASE TITLE | Naydenova vs. Midland Funding et al. | | |

DOCKET ENTRY TEXT

Status hearing held. Parties waive briefing on fee petition following presentation of positions in open court and submit issue to Court for resolution. Upon review of Parties' LR 54.3(e) Joint Statement, the Court awards fees and costs to Plaintiff in the amount of $2,529.98. For further details see text below. This amount stands as the "reasonable attorneys' fees and costs" included in the Court's Judgment [22] entered 4/24/12. Case terminated.

■[ For further details see text below.] Docketing to mail notices.

00:06

## STATEMENT

This Fair Debt Collection Practices Act case was resolved by Plaintiff's acceptance of Defendants' Offer of Judgment, served on April 19, 2012, pursuant to FRCP 68. The Offer of Judgment was "in the amount of $1,001 plus reasonable attorneys' fees and costs, as determined by the Court and as allowed by law." This Court entered judgment on the accepted offer and directed the parties to confer regarding the amount of reasonable attorneys' fees and costs to be included in the judgment. On July 9, 2012, the parties reported by means of a Local Rule 54.3(e) Joint Statement, advising that they had been unable to reach agreement on the amount of reasonable attorneys' fees and costs to be included in the judgment. At the status hearing on July 12, the parties waived further briefing on the issue of the amount of attorneys' fees and costs to be awarded, and submitted the issue to the Court for determination. Having reviewed the Joint Statement, including the exhibits supplied by the parties, the Court concludes that attorneys' fees and costs in the amount of $2,529.98 should be awarded to Plaintiffs under the Offer of Judgment.

The Court finds in general that the fees charged, and effort expended, by Plaintiff's counsel are reasonable, with the exception that the Court concurs with Defendant's objection that it is unnecessary to have five lawyers (four of whom are partners) involved in a case in which the issues were not complex and which was resolved almost immediately. The Court has therefore deducted the time of the three partners who were most tangentially involved in the drafting and review of the complaint (at least as measured by the time they spent on that task). Defendant also objected to the rates charged by these attorneys, but as their time has been excluded, the objection to those rates is moot. By contrast, Defendant's Exhibit B letter to Plaintiff acknowledges that the rates of $550 per hour for Daniel Edelman and $230/hour for Cassandra Miller are reasonable and, accordingly, the Court accepts those rates, noting as well that "[c]ourts in this circuit generally have awarded somewhere in the range of $200 to $300 per hour for lawyers with significant experience handling these types of cases." See *Brown v. Patelco Credit Union*, 2011 WL 4375865, *3 (N.D.Ill.).

STATEMENT

While Mr. Edelman's rate is substantially higher, in view of his status as one of the senior partners in the firm and the limited time expended (one hour), the Court does not find the request to recover his fees to be unreasonable, particularly where he is the only partner whose fees will be recovered.

Defendants object to time entries by paralegals that they characterize as "secretarial" in nature. While a few of these tasks are arguably non-legal in nature (*e.g.*, "prep letter and mailing to process server"), the Court finds that most of the paralegal tasks identified in the time entries require specialized knowledge and/or experience that goes beyond generically clerical or secretarial tasks. The filing of specialized forms, such as appearances and civil cover sheets, are examples. In any event, the rate charged by the paralegals performing these task was $100/hour, and the Court finds that rate reasonable whether the tasks are characterized as "legal" or "clerical" in nature. See, *e.g.*, *Smith v. Astrue*, 2011 WL 2064843, *2 (S.D. Ill.) (reducing attorney hours devoted to similar clerical tasks by 60% where they could have been performed by an experienced secretary or paralegal; the rates charged by paralegals here are approximately 60% lower than the $230 hour rate charged by the associate attorney assigned to the case).

Defendants object as well to the time entries related to the drafting of a settlement agreement, but the Court finds that effort to have been a reasonable attempt to try to resolve the case (indeed, counsel for the defendants undoubtedly incurred time on the same pursuit). Further, the fact that the Plaintiffs had spent time drafting settlement language was obviously known to the Defendants when the offer of judgment was made; had they wished to exclude time for that purpose, they could have so indicated in their Offer.

The Court does conclude, however, that fees incurred after Plaintiff accepted the Offer of Judgment should be excluded. By its terms, Rule 68 provides only for the recovery of "costs then accrued," that is, the costs incurred up to the point that the Offer of Judgment is made. Once the Rule 68 offer was made, "the clock stopped ticking." *Patelco Credit Union*, 2011 WL 4375865, *6. Attorney's fees are considered "costs" under Rule 68 when the underlying statute provides for attorney's fees to be awarded as part of the costs.

*Marek v. Chesney*, 473 U.S. 1, 2 (1985) ("[T]he term costs in the Rule was intended to refer to all costs properly awardable under the relevant substantive statute."). Accordingly, there is no basis to assess fees differently in the context of an Offer of Judgment. Defendants' Offer did not extend to cover fees and costs incurred after it was made and Plaintiff's acceptance of that offer renders its request for fees and costs incurred after that date unreasonable.

The Court therefore calculates the fees and costs to be awarded to Plaintiff as follows:

| | |
|---|---|
| Plaintiff's total fees and costs: | $4,011.53 |
| Less: | |
| JOL Time | 330.00 |
| MRT Time | 160.00 |
| CMC Time | 110.00 |
| Time incurred after offer was made (4/19/12) | 878.00 |
| Costs incurred after offer was made (4/19/12) | 3.55 |
| Revised total fees and costs | $2,529.98 |

# APPENDIX C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DARRELL BRUCE, )
PLAINTIFF, )
VS. ) Cause: 2:05 cv 243
WELLS FARGO BANK NA, )
DEFENDANT. )

The FAIRNESS HEARING in the above-entitled matter was commenced before Honorable Philip P. Simon judge of said court, at the Federal Building, 5400 Federal Plaza, Hammond, Indiana, on the 18TH day of October, 2007 commencing at the hour of 1:20 in the afternoon.

Sharon Boleck Mroz, CSR, RPR, CPE
Official Court Reporter
US District Court
Northern District of Indiana
Hammond Division
5400 Federal Plaza
Hammond, IN 46320
(219) 852-6728

Appearances:

Ms. Michelle R. Teggelaar
Edelman Combs Latturner & Goodwin
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603

On behalf of the Plaintiff;

Mr. Robert J.Emanuel PHV
Burke Warren MacKay and Serritella
330 N.Wabash Avenue
Chicago, IL 60611

On behalf of the Defendant.

3

INDEX

Hearing - 5

Sharon Boleck Mroz, CSR, RPR, CPE
5400 Federal Plaza, Suite 4200
Hammond, IN 46320 (219) 852-6728

EXHIBITS

(None)

THE CLERK: All rise.

THE COURT: You can be seated. Good afternoon everyone.

We're on the record. The cause number is 2:05 CV 243 Bruce versus Wells Fargo.

Back on the 21st day of June of this year, I preliminarily approved a class action settlement, and I set this date for the fairness hearing.

So, if you all can introduce who you are so I know who I'm dealing with here.

Sir.

MR. EMANUEL: My name is Bob Emanuel. E M A N U E L. And I represent Wells Fargo, and I am very sorry that I was tardy today.

I went to the 507 building.

THE COURT: Got it.

We have been here almost what, five years, Noel?

MR. EMANUEL: I've been to this building before. I tried using a navigation system which I'm not really --

THE COURT: Don't worry about it.

MR. EMANUEL: Obviously.

THE COURT: Ma'am. You Miss Teggelaar?

MS. TEGGELAAR: Miss Teggelaar, Plaintiff.

THE COURT: Nice to see you.

All right. Just for the record, it is now 21 minutes after 1:00.

This hearing was scheduled to begin at 1:00. There is nobody in the courtroom other than the party -- other than the lawyers and people from the court staff and the court security officer.

Evidently, there is no class member who has saw fit to appear to object to the settlement.

So, my -- ordinarily my procedure, Miss Teggelaar, is just for you to give a brief summary as to what the terms of the settlement are for the record, and I'll make my findings on the fair and reasonableness of the settlement.

So, you may proceed.

MS. TEGGELAAR: Pursuant to the settlement, the Plaintiff Darrell Bruce is to receive a thousand dollars which is the maximum provided for by the statute. Each class member that submits a claim form will be entitled to receive a payment of $200, and the settlement provides for payment of $75,000 in fees in addition to the class recovery.

There were 4,377 notices mailed to the class members. And there were a relatively low number returned, undeliverable, 210.

There were eight that were returned and remailed, but we received a very, very --

THE COURT: That is a very high percentage, isn't it?

MS. TEGGELAAR: -- of claim forms back in this case. Actually there is only one other case that we had that anyone at my

firm could recall that was rate -- or return this high.

There were 1,500 timely. There were 25 late that we had as of October 5. That is about one-third of the class members who decided to return a claim form, which I think shows an overwhelming positive response from the class. We usually see about ten percent returning claim forms.

So, the class then -- recovery was about $300,000. It would be 305,000 if the Court elects to allow those late claim forms.

We did want to draw to the Court's attention that there were some other claim forms that were received that did not appear to be valid. They were all sent by individuals that had the same address as the class member. They probably were family or friends, and individuals did -- that were class members also returned claim forms.

So those, after discussing it, we were -- decided we were not going to honor those claims forms. They did not appear to be valid, and we wanted to bring that to the Court's attention.

There was only one other issue we found out today that the CAFA notice was not provided.

THE COURT: I'm sorry. I can't hear you.

MS. TEGGELAAR: I'm sorry.

The CAFA notice was not provided at the time that was required by statute and Defendant can probably speak. It was apparently a miscommunication with the administrator that was

handling it they believed to have done it.

And under CAFA, the Court cannot enter that final approval order until after 90 days after the notice has been provided. So, in fact we had discussed what to do in this circumstance, and actually this summer I had a case where that happened, and the defendants didn't provide it on time. And what the Judge did -- that was in Central District of Illinois. The judge held the hearing, didn't enter the final order, made findings that he had approved the settlement. As soon as we -- the time had passed since the notice was provided, that it could be unclear that no state or Federal authorities wished to appear and object to the settlement.

THE COURT: When will that be?

MR. EMANUEL: It -- and let me address this.

And I -- I probably ought to be in the position of thanking Michelle and apologizing to her at the same time.

CAFA as you know is a new statute. Many of the cases -- I've been doing these cases for 15-some years.

And some settlement administrators, the one that I work with, picked up on it right away and sent out the CAFA notice, which is basically a notice to any Federal authority that might have an interest. And I did get correspondence from them saying the quote "notices" had gone out.

I -- it's my fault at the end of the day. I did not drill down and find out did they mean the CAFA notice.

So, ultimately, what happened is that CAFA notice did not go out. And until it's been out and there have been 90 days, for someone to speak up, my understanding is consistent with Michelle's, no final order can be entered.

It does leave the class and Plaintiff's counsel in a position that is not enviable and we have to figure out what we ought do about that.

I have -- as the Court noted, never -- I mean, I think this settlement is -- usually defendants don't speak up much in these hearings, but I've never seen a turnout like this.

We usually -- Michelle says ten. We usually see seven, eight percent.

That said, I'm not worried about anyone having an objection to the settlement.

What I'm wondering if is there any way the Court can give final approval to the settlement or approve the settlement and retain jurisdiction to alter that finding if there is an objection, and I don't know if that's -- if that's possible, so that we can go ahead and pay the class members and pay Plaintiff's counsel.

THE COURT: Miss Teggelaar. I don't know.

MS. TEGGELAAR: Well, that's also come up because recently the Seventh Circuit has said we don't want any orders entered that approve the settlement, retain jurisdiction because that --

THE COURT: More than familiar with them.

MS. TEGGELAAR: What we have been doing is alternatively to that is having the case dismissed without prejudice, the Court finding that the settlement should be approved but dismissing without prejudice, subject to the settlement being implemented. And then at that time have the order become with prejudice. And I mean, I'm not sure if we can -- technically wouldn't be the final order being entered.

THE COURT: When was this CAFA notice sent?

MR. EMANUEL: It has not.

THE COURT: Has not even occurred.

MR. EMANUEL: What happened today is Michelle out of courtesy said to me, "Bob, did you make sure to file the CAFA notice?"

And I called the settlement administrator and said -- because he sent up a bunch of notices that were filed in this case.

And I said, did you send out the CAFA notice. I cannot find it.

And he said -- and I don't want to imitate him; he is from the very deep south. He said basically, I don't know what a CAFA notice is.

And I say this to be candid with the Court.

It did not go out. It will go out today, and then we have a 90 day period. But I think it would be consistent if --

THE COURT: What am I supposed to do here then? What if one in a hundred the notice gets out, somebody comes in here and

gripes about it and changes my mind. It's not very likely. I can't unring the bell. I can't get money back.

I can't -- you know, I mean, in many ways, I'm -- I mean, I think I can make the findings today as it stands right now so we don't even have to have another hearing, that it's a fair and reasonable settlement, that it's -- and make whatever findings I need to make, but take under advisement the possible reconsideration of that should the CAFA notice generate some adverse findings. And unfortunately, you're going to have to wait to get your money, unless you have some other solution here.

MS. TEGGELAAR: Well, it's just -- it's the difficulty with the class members. I mean, if it's just a question of waiting, you know, three months to get our fees to have to enter it, that is something we have to deal with, but we already had those individuals calling and asking about that, and --

THE COURT: So, what's the solution? What am I missing here? What would be the solution?

MS. TEGGELAAR: I really don't have a solution to that. I mean, I -- personally, I think the Defendant should issue the class checks. They want to wait on our fees, do it. It's their risk because it's their mistake. We should have been prepared to go forwarded too. The longer you wait, the less likely those checks get to the class members and be cashed.

That is something we see a lot, the longer it takes. And we could say the Defendant then has to try to skip trace them or

something if that does happen later.

THE COURT: Mr. Emanuel.

MR. EMANUEL: Miss Teggelaar makes good points.

There is some small, I think very small risk although we do -- first of all, she mentioned some late claims.

Once we have come to a settlement, you know, we shall -- we generally -- more than generally. I think we have 25 late claims. We are going to pay those claims. And in any case, whether you approved it today or whether it was in 90 days. If we send a check out to someone and then it comes back, we track that person down.

They don't just leave the checks stale.

And here, the amount of money is large enough that people are going to get into contact with us.

That's why you have such a high response here. It was a larger settlement per person. I really do -- I apologize to the Court and I apologize to Miss Teggelaar for the issue with the notice. It is embarrassing for me, but I have to be candid and take responsibility for it.

And if there is a way that the Court can -- can approve the settlement and retain jurisdiction, once the settlement is approved, we'd be happy to start cutting the necessary checks.

THE COURT: I'll approve the settlement today.

MR. EMANUEL: Okay.

THE COURT: I mean, there is nothing about this

settlement that is unreasonable.

I was prepared to do that.

My concern is maybe not -- I don't quite understand what the effect of the CAFA notice is. Who does it go to, and what is the down side risk here?

MR. EMANUEL: It would go to the State Attorney General. It would go to, I believe, a variety of federal agencies.

MS. TEGGELAAR: I think they only give it to the US Attorney.

MR. EMANUEL: Okay, that's it, not the OCC?

MS. TEGGELAAR: Since this is just an Indiana class.

MR. EMANUEL: Okay. And in my experience, from what I read in the time that Michelle raised this issue -- I suppose I shouldn't say my experience, I might be overstating things.

I think the chances of getting an objection here are very, very slim, and I think the chances of getting an objection that could be sustained are even slimmer.

THE COURT: All right.

Here's what I'm going to do. I'm going to issue -- I'm going to approve the settlement.

MR. EMANUEL: Okay.

THE COURT: And I'm going to order you to pay the class members and counsel immediately, or --

MR. EMANUEL: Pursuant to --

THE COURT: Pursuant to the agreement, a few weeks.

MS. TEGGELAAR: Right.

THE COURT: And I will simply dismiss the case without prejudice, pending -- even though I probably can't do that, but I will, because this is -- you know, this is -- the risk is so low here.

MR. EMANUEL: Uh-huh.

THE COURT: And we'll just keep it -- I'll wait to hear back from you all --

MR. EMANUEL: Okay.

THE COURT: -- in 90 days, in which case you can file something that will tell me that you can dismiss it with prejudice, because nobody has objected to it.

MR. EMANUEL: And specifically, what I would propose is that perhaps we even set a -- I don't know if you can set a status date that in 91 days, we will provide the Court with proof that the CAFA notice went out, and that there has been no objection or response, if that's what the Court wants.

THE COURT: That's fine.

I don't think we have to have a hearing. In my world on the 91st day you'll just file something that will tickle us that will say, oh, by the way we sent out the notice, we got no response, the dismissal can be converted from without prejudice to with prejudice and the case is over.

MR. EMANUEL: Okay.

MS. TEGGELAAR: There is one other little glitch.

THE COURT: Sure.

MS. TEGGELAAR: That's because of the Seventh Circuit, not because of the CAFA notice, because we need to make sure everything is done in the settlement before it's final because the Court can't dismiss, retain jurisdiction, we need to make sure that we can do that up and through the time when they would have to give the cy pres award.

So when I originally calculated that out before I was aware of this issue, triggered by the approval today and then when the payment would come due and checks would be issued to class members, the settlement agreement provides that their checks are good for 90 days. And after the checks are void, then the Defendant has to give out cash funds to the cy pres.

I think I calculated that out to be about six months total into April. And I think in the draft order I submitted I just left a blank that this order will become final on X date unless--

MR. EMANUEL: Can I -- because if the case can't be dismissed with prejudice for six months anyways --

MS. TEGGELAAR: Then this will be done well before that.

MR. EMANUEL: Yes.

THE COURT: Okay.

MS. TEGGELAAR: I mean, I could --

MR. EMANUEL: Or the --

THE COURT: One at a time.

MS. TEGGELAAR: I'm sorry.

I can add a paragraph actually in what I submitted that has a separate requirement that verification after the 90 days passed, defendant will file something that -- saying that no objection has been made, and leave the paragraph in here as it is about being converted to dismissal with prejudice, and we can pick a date in April some time.

THE COURT: That's fine. Why don't you go ahead and do that by a week from today.

MS. TEGGELAAR: I mean, I can probably as soon as I get back to my office, I can make that change --

THE COURT: Fair enough. Okay.

MS. TEGGELAAR: -- and send it over.

THE COURT: And you wanted to appear here telephonically?

MR. EMANUEL: Today I asked if I could. We had done it in the past in this case frequently.

I want to make clear that my request to appear telephonically was made before I got Michelle's e-mail.

THE COURT: Fair enough.

MR. EMANUEL: Then when I talked to Michelle because I told Michelle I was hoping -- she said, are you going to appear telephonically. I said, not now. So --

THE COURT: All right.

MR. EMANUEL: Usually at a -- at a final approval hearing, I did it in front of Judge Zagle. Usually I say nothing

other than we think the settlement is fair.

THE COURT: I'm relatively new at this. I've probably done five of these, but you know, you never know when somebody is going to walk in the door and say, I don't like what I'm seeing here.

MR. EMANUEL: Well, I would appear telephonically and our local counsel is going to come and sit where I'm sitting. Once the CAFA issue came up, I thought it was important for me to be here and explain.

THE COURT: You thought it was important go to 507 State Street.

MR. EMANUEL: It's been a -- not been my best day.

THE COURT: All right.

Here are the factors I have to consider in deciding whether to grant final approval of a class action settlement: The strength of the Plaintiff's case on the merits as measured against the terms of the settlement; the complexity, length and expense of the continued litigation; the amount of opposition to the settlement among class members; the presence of any collusion in gaining a settlement; the stage that the proceedings are in; and the amount of discovery that's been completed. In taking -- in consideration all those factors, this is a very favorable settlement to the Plaintiff class as I see it, although I -- I felt that it was a fairly strong case for the plaintiff. Although I know that there's been no admission of liability here, I had

concern with this -- with this particular solicitation. So, it -- it was a strong case and that's perhaps what led to a favorable settlement in my judgment for the Plaintiff's class.

The law firm that is representing the Plaintiff's class has appeared in this Court and across the Midwest and I assume around the country litigating consumer class action litigation, and as always, done excellent work in my court. And this was a complex piece of litigation.

The fact that we have no one here in court opposing the settlement, and more importantly the fact that there's been really a very amazing response from the class participating in the settlement, approximately a third of the prospective class or of the class have returned the forms to -- asking to participate really indicates the overwhelming approval that the class members have in the settlement that's been negotiated by the Plaintiff's counsel.

There's no evidence at all of any -- of any inclusion, and -- and on the issue of attorney's fees, I think they are more than reasonable on a case in which approximately $300,000 is going to be paid to the class. I guess what would amount to approximately 25 percent of that amount in addition to that as attorney's fees does not strike me at all as unreasonable and the rates that were requested in the loadstar method that are set out in the petition to approve the settlement, I find to be totally reasonable given the prevailing market rates for this type of

litigation.

I will also approve the late filers, the people who filed the claim forms late. I believe there is 25 of them. I would include them as part of the final judgment here. And that they too can participate in the settlement.

Okay. Anything else I need to do then?

MS. TEGGELAAR: I don't think so.

THE COURT: No?

MR. EMANUEL: No, your Honor.

THE COURT: So then I want to make sure I'm clear. Miss Teggelaar, you'll file something today or tomorrow that is going to update the proposed form of order adding the information that we talked about?

MS. TEGGELAAR: Yes.

THE COURT: And I'll enter that immediately, you're saying or do I want until the 90 days?

MS. TEGGELAAR: That -- the order that I would be submitting, you could enter immediately.

THE COURT: And then in 90 days you'll be filing something else that I can convert what I'm entering tomorrow or the next day into a final dismissal with prejudice?

MS. TEGGELAAR: The order that I will submit will have a provision in it stating that it will become final with prejudice after a certain date, and I can count out six months from --

THE COURT: I got it.

MS. TEGGELAAR: -- today.

THE COURT: I'm following you now.

MS. TEGGELAAR: We won't have to go and enter another --

THE COURT: I was a little murky on that. Got it. Okay. Thank you very much. Thank you, sir.

MR. EMANUEL: And again I apologize. I do have a couple of comments once we left the record.

THE COURT: Yeah. Okay. We can go off the record.

(WHICH WERE ALL THE PROCEEDINGS HAD).

C E R T I F I C A T E

I, Sharon Boleck Mroz, being a duly authorized and acting official court reporter for the United States District Court, for the Northern District of Indiana, Hammond Division, do hereby certify that I did report in machine shorthand the foregoing proceedings, and that my shorthand notes so taken at said time and place were reduced to typewriting under my personal direction.

I further certify that the foregoing typewritten transcript constitutes a true record of said proceedings, so ordered to be transcribed.

Sharon Boleck Mroz
Official Court Reporter

# APPENDIX D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

ALTAGRACIA DIAZ, on behalf of herself and all others similarly situated,

Plaintiff,

-against-

RESIDENTIAL CREDIT SOLUTIONS, INC.,

Defendant.

- - - - - - - - - - - - - - - - - X

12 CV 3781

U.S. Courthouse
Central Islip, N.Y.

September 29, 2014
9:30 a.m.

TRANSCRIPT OF FAIRNESS HEARING

BEFORE:

HONORABLE ARTHUR D. SPATT, U.S.D.J.

APPEARANCES:

For the Plaintiff: LAW OFFICES OF KLEINMAN, LLC
626 Rexcorp Plaza
Uniondale, New York 11556
BY: ABRAHAM KLEINMAN, ESQ.

For the Defendant: LOWENSTEIN SANDLER, LLP
1251 Avenue of the Americas
New York, New York
BY: JASON HALPER, ESQ.

Court Reporter: HARRY RAPAPORT, CSR
United States District Court
100 Federal Plaza
Central Islip, New York 11722
(631) 712-6105

Proceedings recorded by mechanical stenography.
Transcript produced by computer-assisted transcription.

THE CLERK: Civil cause for fairness hearing, Diaz against Residential Credit Solutions, Inc.

THE COURT: Please state your appearances.

MR. KLEINMAN: Good morning, your Honor.

Law offices of Kleinman LLC, by Abraham Kleinman, for the plaintiff and the class.

THE COURT: Good morning.

MR. HALPER: Good morning, your Honor.

Jason Halper of Loweinstein Sandler LLP, for the defendant.

THE COURT: I didn't get your name, what is it.

MR. HALPER: Jason Halper, H-A-L-P-E-R.

THE COURT: Mr. Kleinman, you are interested in me approving this settlement, right?

MR. KLEINMAN: We are, your Honor.

THE COURT: Why?

MR. KLEINMAN: Your Honor, this is a case that involved a Fair Debt Collections Practices Act, where the plaintiff complained a violative collection letter.

With the assistance of your Honor we reached a settlement several months ago, and subsequent to that notice was sent out.

Notice was sent, your Honor, to 378 persons. Only 350 of those were effective and reached their destination.

Of those 350 notices that reached their destination, ninety-one persons opted into the class. Eighty-eight of those were timely, your Honor. Three were a bit late. And at this juncture, if your Honor approves the class, we would ask that the Court allows those three that were late to be included in the class.

Should your Honor approve the class and approve all 91 claim forms each member would receive $1,098.90.

THE COURT: $1,098 and 98 cents?

MR. KLEINMAN: 90 cents.

Plaintiff believes it is a terrific result for the class because in an ordinary situation the maximum amount a consumer could receive under the Act would be $1,000.

Here each class member, should the Court approve, would be getting in excess of the statutory amount listed in the Fair Debt Collections Practices Act.

Also at this time, your Honor, we would ask the class representative receive an incentive fee totalling $5,000 for her participation in the class.

THE COURT: That is Ms. Diaz. A male or female?

MR. KLEINMAN: A female, at Altagracia Diaz.

THE COURT: She is going to get 5,000?

MR. KLEINMAN: Should the Court approve.

The reason we ask for the incentive fee is

Ms. Diaz was very involved in the class, and followed the travel of the case, appeared for deposition, appeared for a conference before Magistrate Judge Tomlinson, and has been very effective and has followed the case in toto.

We would also ask, your Honor, that the Court approve the attorney's fees in the amount of $98,330.

THE COURT: That would be in addition to the 100,000?

MR. KLEINMAN: It would, your Honor.

THE COURT: And what is the hourly rate for that?

MR. KLEINMAN: My hourly rate was at $300, and Ms. Hardy in Illinois, if I can have a moment to double check, I believe that was at $325 per hour for Ms. Hardy of the Edelman Combs firm in Illinois.

THE COURT: And what about payments to the paralegal? What rate is being paid?

MR. KLEINMAN: They pay their paralegal between 100 and $125 per hour, your Honor.

THE COURT: Mr. Halper.

MR. HALPER: Good morning, your Honor.

We have no objection to the settlement.

The only thing that I would point out to your Honor is that in the proposed final order for approval of the class settlement that the plaintiff filed on September

24th, in paragraph one it does mention that there were 88 class members who submitted a timely claim firm.

So, if we are going to approve --

THE COURT: Which form are we talking about?

MR. HALPER: I'm sorry, your Honor.

The proposed final order, document 62-4 on the documents, which was filed by the plaintiff on September 24th.

MR. KLEINMAN: If the Court would like, your Honor, I can present a copy.

THE COURT: I don't see it. Can I see a copy?

MR. KLEINMAN: Can I approach?

THE COURT: Yes.

MR. KLEINMAN: Thank you.

(Handed to the Court.)

THE COURT: Just one minute.

I do have a copy. It is Exhibit C, for Charley, right?

MR. KLEINMAN: Yes, your Honor.

THE COURT: Okay.

You can return this.

MR. KLEINMAN: May I approach?

THE COURT: Yes.

So, you mentioned that the final order says 88 class members, when there actually are going to be 91 if I

approve the three late filings?

MR. HALPER: Yes.

THE COURT: I will approve the three late filings, so it will be 91.

MR. HALPER: Yes, your Honor.

We have no objection to that.

The only other thing I will mention, your Honor, in paragraphs 6 and 17 of the proposed final order, it states that the claims that are being released in this case are being dismissed without prejudice. We would just ask the claims be dismissed with prejudice.

I have conferred with Mr. Kleinman about that, and if you look at paragraph 21 --

THE COURT: Any objection to the dismissal with prejudice, Mr. Kleinman?

MR. KLEINMAN: Your Honor, we would be happy to dismiss it with prejudice after a period where an appeal might be filed.

THE COURT: Okay.

MR. HALPER: And that is fine with me.

If we were to do that, I would ask that paragraphs 6 and 17 be clarified.

THE COURT: You will have to amend that.

MR. HALPER: Yes.

THE COURT: Anything else?

MR. HALPER: Not from the defendant, your Honor.

MR. KLEINMAN: If I may, your Honor? I would just like the Court to note that there have been no objections or exclusions, and no one has appeared today.

However, I was informed that a Ms. Francine Moore, who was a claim member, whose claim was title, who the Court has since approved, was planning in attending today. And I do not see her in the Court.

I have a conference before Judge Feuerstein at 11:00 o'clock this morning, and if the Court allows I will stay to address the concerns.

THE COURT: What concerns does she have?

MR. KLEINMAN: She just wanted to see the proceedings, but nonetheless, if I can stay I will address any concerns she may have.

THE COURT: Anything else, counsel?

MR. KLEINMAN: No, your Honor.

THE COURT: This is one of the easiest class actions fairness hearings, I have ever been in. As a matter of fact, it is probably the only one in which there is no objection. And the attorney's fees are fair. That combination we rarely see.

We have a situation where under the statute the damages would be a thousand dollars a person generally with some exceptions, to the Fair Debt Collections

Practices Act violation. And here the claimants are going to receive $1,098.90. So they are a little bit ahead of the game.

I think that, therefore, the $100,000 to be distributed to the 91 class members is fair. Each class member, as I said would get $1,098.90, which is a little more than they would receive under the statute.

The $5,000 to the class representative is also in my opinion fair. She is the one who put the work in.

Also, the attorney's fees of $94,330 at rates of 300 and 325 dollars an hour is also fair.

The paralegal of 100 to 125, that is okay as well.

So that, surprisingly, everything in this agreement is fair. And I'm going to approve it in its entirety.

So, I want you to send me a final approval order with the revisions that counsel for the defendant has raised. And that is paragraph 17 has to be revised.

What is the other revision?

MR. HALPER: It was also paragraph six, your Honor, it was to be without prejudice.

THE COURT: Yes.

MR. HALPER: And I believe --

THE COURT: It is going to be with prejudice.

MR. HALPER: And paragraph 1 references there were 88 participating --

THE COURT: It has to be 91?

MR. HALPER: Yes.

THE COURT: So you will have to make those changes.

Send that to me with notice and I will sign it.

MR. KLEINMAN: Thank you, your Honor.

THE COURT: Okay.

This has been a very easy fairness hearing.

Thank you very much.

MR. KLEINMAN: Thank you, your Honor.

Just for completeness of the record, those members who do not cash their checks, those monies will go to the Legal Aid Society, your Honor.

THE COURT: Thank you.

This fairness hearing is concluded.

MR. HALPER: Thank you, Judge.

(End of proceedings.)

# APPENDIX E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HARRIS N.A., Plaintiff, v. ACADIA INVESTMENTS L.C., and LOREN W. HERSHEY, Defendants. | ) | No. 1:09-cv-06661<br>Hon. Sidney I. Schenkier |

DECLARATION OF DAVID T.B. AUDLEY

I, David T.B. Audley, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct.

1. The undersigned is an attorney for BMO Harris Bank N.A. ("*Harris*") in this case and is authorized to make this Declaration on behalf of Harris in support of Plaintiff's Motion for Attorneys' Fees and Costs Pursuant to Fed.R.Civ.P. 54(D) and Local Rule 54.3 (the "*Motion*"). This Declaration is made based upon my personal knowledge of the facts contained herein.

2. I received my law degree from the University of Wisconsin in 1985. I am attorney licensed to practice in the State of Illinois. I am admitted to practice in the United States District Courts for the Northern District of Illinois, Southern District of Indiana, Eastern District of Wisconsin, Western District of Wisconsin and Massachusetts. I am also admitted to practice in the United States Courts of Appeals for the Seventh Circuit and Sixth Circuit.

3. I am a partner in the firm of Chapman and Cutler LLP. I have had primary responsibility for the services rendered in this case on behalf of Harris.

4. My current hourly rate is $745.00. My hourly rates in 2009, 2010 and 2011 were $560, $595 and $650, respectively. The hourly rates for the other attorneys and paralegals at Chapman and Cutler LLP who worked on this case are reflected in the table below.

| Attorney/Paralegal | 2009 Rate | 2010 Rate | 2011 Rate | 2012 Rate |
|---|---|---|---|---|
| Terry McIroy | 610.00 | 650.00 | 710.00 | 775.00 |
| Leo Gagion | N/A | 650.00 | 710.00 | 775.00 |
| Michael Benz | 560.00 | 595.00 | 650.00 | 715.00 |
| Steve Hastings | 560.00 | 595.00 | 650.00 | 715.00 |
| Dan Baker | 495.00 | 520.00 | 570.00 | 655.00 |
| Jim Sullivan | 470.00 | 500.00 | 530.00 | 575.00 |
| Laura Appleby | 285.00 | 335.00 | 390.00 | 455.00 |
| David Standa | 245.00 | 245.00 | 315.00 | 390.00 |
| Kaitlin Corkran | 245.00 | 290.00 | 365.00 | |
| John Giazzon | 200.00 | 210.00 | 225.00 | 235.00 |

5. These are the actual rates which Chapman and Cutler LLP charges and has charged paying clients (including Harris) in other cases for the types of services rendered in this case. These hourly rates fall within, and do not exceed, the prevailing market hourly rates in Chicago (and in the case of Leo Gagion and Kaitlin Corkran, in New York, as reflected by Mr. Gagion's Declaration also submitted with this Motion) for similar services by lawyers and paralegals of reasonably comparable skill, experience and reputation.

6. For services and disbursements incurred in connection with the representation of Harris in this case, Harris has paid or become obligated to pay attorneys' fees and costs to

Chapman and Cutler LLP in the total amount of $613,777.25, comprised of $19,747.00 in fees and $14.88 in costs as reflected on the detailed billing records and time entries attached as Exhibits 9, 10 and 11 to the Motion, $499,192.00 in fees and $72,047.83 in costs as reflected on the detailed billing records and time entries attached as Exhibits 12, 13 and 14 to the Motion, and $22,299.50 in fees and $476.04 in costs for Harris' local Virginia counsel as reflected on the detailed billing records and time entries as attached as Exhibits 15, 16 and 17 to the Motion.

7. The amount of fees requested in the Motion, and the hours expended by Chapman and Cutler LLP in its representation of Harris in this case, are reasonable. The referenced Exhibits to the Motion relate to discrete categories of fees and costs incurred by Harris as a result of Acadia's default under the Credit Agreement, and thereafter the enforcement of Harris' rights under the Credit Agreement, $15.5 Million Note and Hershey's $15.5 Million Guaranty, including post-default/pre-litigation efforts to resolve matters and thereafter the litigation itself, as well as post-judgment collection activities occurring in Chicago, Illinois, Fairfax County, Virginia, and New York City.

8. Specifically, the Chapman fees and costs identified at paragraph 11 of the Motion as "Matter No. 1679539," totaling $19,747.00 in fees, and $14.88 in costs, were incurred as a result of default under the Credit Agreement starting in February 2009, which resulted in, *inter alia*, the negotiation, drafting and execution of the Forbearance and Second Amendment between Harris, Acadia and Hershey, and before any litigation ensued in the Fall of 2009. The separate Chapman fees and costs identified at paragraph 11 of the Motion as "Matter No. 1966589", totaling $499,192.00 in fees, and $72,047.83 in costs, were incurred by Harris from August 2009 through February 1, 2012, and relate to activity after default occurred under the Forbearance and Second Amendment, which necessitated the issuance of a formal demand for payment and the subsequent litigation phase of the matter, including all post-judgment collection efforts. Those

post-judgment collection efforts, alone, include: (i) the utilization of a partner in Chapman's New York City Office, Leo Gagion, relating to domestication of the Judgment and enforcement efforts seeking to obtain over $1.5 million in distributions otherwise payable to Hershey, currently being held by a private equity fund, DLJ Private Equity Partners Fund II, L.P. (the *"DLJ Fund"*), which has now been the subject of objections filed by Hershey and his New York lawyers, as well as (ii) the utilization of a Virginia firm, McGuireWoods, to domesticate the Judgment in Fairfax County, Virginia (where Hershey resides), and thereafter to conduct post-judgment citation examinations of Hershey and other collection efforts.

9. Detailed reports of the fees and costs incurred (redacted as necessary to protect attorney client privilege) are attached hereto as Exhibits 9 through 17, as referenced in the tables above. These reports provide the name of the attorney or paralegal providing the services, a description of the services provided, the date(s) the services were provided, the amount of time expended for such services, and the charge for such services based upon the normal and customary hourly rate charged by each service provider. Costs are also broken down in these reports by the date incurred, line item description, and the amount(s) charged for each expense.

10. As to my direct participation in this credit and the litigation itself, in the Fall of 2009 default occurred under the Forbearance and Second Amendment, which was not cured by Acadia, necessitating pre-filing loan document reviews, meetings with Harris, and the preparation and issuance of default and demand notices, all as reflected in the detailed billing and time entries attached as Exhibit 12.

11. After multiple fruitless negotiations with Hershey were attempted to reach a non-litigation resolution, the lawsuit was prepared and filed in October, 2009, and thereafter prosecuted through summary judgment, which was opposed by Acadia and Hershey throughout, on multiple grounds.

12. Discovery was initiated by Acadia and Hershey, including document production and the depositions of multiple Harris employees. In addition, during the litigation, Harris sought to enforce its rights under the loan documents in seeking to obtain payment from the various private equity funds in which Acadia held an interest, and which had been pledged to Harris as collateral. These private equity funds, in turn, initiated extensive communications with Harris as to Acadia's capital call defaults thereunder, with multiple and lengthy discussions occurring with these private equity funds to try and accomplish a sale of these funds, which necessitated Acadia and Hershey's consent, but which was never obtained.

13. Continual subsequent attempts at settlement were also made by Harris to try and avoid further litigation costs. Settlement, however, could not be reached, requiring the preparation and filing of the summary judgment motion, statements and counter statements of material fact, and legal memoranda submitted by all of the parties. After summary judgment was granted, Hershey would not initially agree to resolve matters, including a relatively small interest rate issue that required extensive negotiations with counsel to Acadia and Hershey, ultimately resulting in a resolution of the issue per stipulation (but which Hershey subsequently, but unsuccessfully, attempted to withdraw from).

14. After the Judgment was entered, post-judgment collection activities were then initiated in this Court via the issuance of multiple third party citations, as well as the registration of the Judgment in Fairfax County, Virginia, and New York state court located in New York City. The Declarations of Leo Gagion of Chapman's New York office (Exhibit 3 the Motion), and Doug Foley of McGuireWoods' Norfolk, Virginia office (Exhibit 4 the Motion), describe these post-judgment activities.

15. In addition, Chapman has represented Harris in Hershey's efforts before this Court to enjoin or stay enforcement of the Judgment, Hershey's subsequent motion to quash third party

citations issued by the clerk of this Court, as well as Hershey's appellate efforts in the Seventh Circuit, including settlement conferences before the Seventh Circuit settlement panel. Chapman has also represented Harris against Hershey's more recent attempts to utilize the Acadia bankruptcy to enjoin further collection efforts by Harris.

16. All of these efforts are as set forth in the detailed billing and time entries attached to the Motion as Exhibits 12, 13 and 14.

David T.B. Audley

# EXHIBIT 2

Document2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HARRIS N.A., Plaintiff, | ) | |
| v. | ) | No. 1:09-cv-06661 |
| ACADIA INVESTMENTS L.C., and LOREN W. HERSHEY, Defendants. | ) | Hon. Sidney I. Schenkier |

DECLARATION OF DANIEL W. BAKER

I, Daniel W. Baker, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct.

1. The undersigned is an attorney for BMO Harris Bank N.A. ("*Harris*") in this case and is authorized to make this Declaration on behalf of Harris in support of Plaintiff's Motion for Attorneys' Fees and Costs Pursuant to Fed.R.Civ.P. 54(D) and Local Rule 54.3 (the "*Motion*"). This Declaration is made based upon my personal knowledge of the facts contained herein.

2. I received my law degree from the University of Chicago in 1995. I am an attorney licensed to practice in the State of Illinois.

3. I am a partner in the firm of Chapman and Cutler LLP. I had primary responsibility for the services rendered in this case on behalf of Harris prior to the matter being transferred to our litigation department, where David Audley, a partner in our litigation group, assumed primary responsibility.

4. My hourly rates in 2009, 2010 and 2011 were $495, $520 and $570, respectively.

5. These are the actual rates which Chapman and Cutler LLP charges and has charged paying clients (including Harris) in other cases for the types of services I rendered to Harris in

this matter. These hourly rates fall within, and do not exceed, the prevailing market hourly rates in Chicago, Illinois for similar services by lawyers and paralegals of reasonably comparable skill, experience and reputation.

6. For services and disbursements incurred in connection with my representation of Harris in this case, Harris has paid or become obligated to pay attorneys' fees and costs to Chapman and Cutler LLP in the total amount of $19,761.85. This figure is comprised of $19,747.00 in fees and $14.88 in costs and expenses.

7. Detailed reports of these fees and expenses incurred to date are attached to the Motion as Exhibits 9, 10 and 11.

8. The amount of fees requested in the Motion, and the hours expended by myself and others under my supervision at Chapman and Cutler LLP in its representation of Harris in this matter, are reasonable. I was the principal attorney representing Harris in the preparation of the notice of acceleration, as well as the negotiation, preparation and execution of the Forbearance Agreement and Second Amendment to Credit Agreement ("*Forbearance and Second Amendment*"), after default occurred under the Credit Agreement, as well as other matters incident to the credit, including conferences with Harris and the review of letters to private equity funds, all of which are described in the time entries attached to the Motion as Exhibits 9, 10 and 11.

Daniel W. Baker

# EXHIBIT 3

Document2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HARRIS N.A.,

Plaintiff,

v.

ACADIA INVESTMENTS L.C., and LOREN W. HERSHEY,

Defendants.

No. 1:09-cv-06661

Hon. Sidney I. Schenkier

DECLARATION OF LEO V. GAGION

I, Leo V. Gagion, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct.

1. The undersigned is an attorney for BMO Harris Bank N.A. ("*Harris*") in this case and is authorized to make this Declaration on behalf of Harris in support of Plaintiff's Motion for Attorneys' Fees and Costs Pursuant to Fed.R.Civ.P. 54(D) and Local Rule 54.3 (the *"Motion"*). This Declaration is made based upon my personal knowledge of the facts contained herein.

2. I received my law degree from the Fordham University School of Law in 1984. I am an attorney licensed to practice in the State of New York. I am admitted to practice in the United States District Courts for the Eastern District of New York, Southern District of New York and Northern District of New York. I am also admitted to practice in the United States Courts of Appeals for the Federal Circuit, Second Circuit and Tenth Circuit.

3. I am a partner in the General Litigation Department of Chapman and Cutler LLP, headquartered in Chapman's New York City office. I have had primary responsibility for the post-judgment collection legal services rendered in this case on behalf of Harris in New York State Supreme Court, New York County.

4.    My current hourly rate is $775.00. My hourly rate in 2011 was $710.00.

5.    These are the actual rates which Chapman and Cutler LLP charges and has charged paying clients (including Harris) in other cases for the types of services rendered in this case. These hourly rates fall within, and do not exceed, the prevailing market hourly rates in New York City for similar services by lawyers and paralegals of reasonably comparable skill, experience and reputation.

6.    For the 168 total hours for legal services and disbursements incurred from September 9, 2011 to February 1, 2012 in connection with my representation of Harris in this case to prosecute post-judgment collection activities in New York state court, Harris has paid or become obligated to pay attorneys' fees and costs to Chapman and Cutler LLP in the total amount of $123,245.00.

7.    Detailed reports of these fees and expenses incurred to date for my representation of Harris in this matter are attached to the Motion as part of Exhibits 12 (one entry on September 7, 2011) and Exhibits 13 and 14.

8.    The amount of fees requested in the Motion, and the hours expended by myself on behalf of Harris in this matter, are reasonable. From September 9, 2011 to February 1, 2012, I have devoted my time and attention to a number of different matters in connection with enforcing the Judgment obtained in this Court. Specifically, I devoted time and attention to the registration of the Judgment in this case with the New York State Supreme Court in New York County under Article 54 of the NY CPLR. My work included researching the process for such registration both in New York federal and state court, and the preparation of the judgment documents for filing with the New York State Supreme Court, including the preparation of a substantive affidavit supporting the filing of the Judgment. In addition, I devoted substantial time to commencing and prosecuting the matter of *BMO Harris Bank N.A. v. DLJ Private Equity*

*Partners Fund II*, Index No. 112067/2011 (N.Y. State Supreme, N.Y. Co.), a turnover action, pursuant to NY CPLR 5225(b) & 5227, that Harris commenced in October 2011, for the purpose of securing approximately $1.5 million in distributions that the DLJ Private Equity Fund owes to Loren W. Hershey, the Judgment Debtor in this matter, but had not yet paid to him. My work on this matter was extensive and included researching and drafting the Verified Petition, negotiating with the DLJ Private Equity Fund over the terms of the turnover, preparation of a proposed judgment for the turnover proceeding, and defense of an extensive motion of the Judgment Debtor, brought by Order to Show Cause, to intervene and vacate the New York Court's Order granting the Verified Petition. The defense of the Judgment Debtor's Motion consisted of substantial briefing of the issues to the Court (including an extensive Memorandum of Law and two substantive Affidavits) and preparation for and attending the hearing on the motion held on January 25, 2012.

Leo V. Gagion

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BMO HARRIS N.A., Plaintiff, | ) | |
| v. | ) | No. 1:09-cv-06661 |
| ACADIA INVESTMENTS L.C., and LOREN W. HERSHEY, Defendants. | ) | Hon. Sidney I. Schenkier |

DECLARATION OF DOUGLAS M. FOLEY

I, Douglas M. Foley, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct.

1. The undersigned is an attorney for BMO Harris Bank N.A. ("*Harris*") in this case and is authorized to make this Declaration on behalf of Harris in support of Plaintiff's Motion for Attorneys' Fees and Costs Pursuant to Fed.R.Civ.P. 54(D) and Local Rule 54.3 (the "*Motion*"). This Declaration is made based upon my personal knowledge of the facts contained herein.

2. I received my law degree from the George Mason University School of Law in 1992. I am an attorney licensed to practice in the Commonwealth of Virginia in all state and federal courts. I am admitted to practice in the State of North Carolina, the State of New York and the District of Columbia. I am also admitted to practice in the United States Courts of Appeals for the Fourth Circuit.

3. I am a partner in the firm of McGuireWoods LLP. I have had primary responsibility for the services rendered in this case on behalf of Harris.

4.   My current hourly rate is $700.00.  My hourly rate in 2011 was $650.00.  The hourly rates for the other attorneys and paralegals at McGuireWoods LLP who worked on this case are reflected in the table below.

| Attorney/Paralegal | 2011 Rate | 2012 Rate |
|---|---|---|
| Cullen Ann Drescher | $350.00 | n/a |
| Connie Ferrell | $260.00 | $270.00 |
| Linda J. Neilson | $220.00 | $240.00 |
| Kenneth M. Misken | $450.00 | n/a |
| Erin Q. Ashcroft | $365.00 | $400.00 |

5.   These are the actual rates which McGuireWoods LLP charges and has charged paying clients (including Harris) in other cases for the types of services rendered in this case. These hourly rates fall within, and do not exceed, the prevailing market hourly rates in Virginia for similar services by lawyers and paralegals of reasonably comparable skill, experience and reputation.

6.   For services and disbursements incurred in connection with the representation of Harris in this case Harris has paid or become obligated to pay attorneys' fees and costs to McGuireWoods LLP in the total amount of $22,775.54.  This figure is comprised of $22,299.50 in fees and $476.04 in costs and expenses.

7.   Detailed reports of the fees and expenses incurred to date is attached to the Motion as Exhibits 15, 16 and 17).

8. The amount of fees requested in the Motion, and the hours expended by McGuireWoods LLP in its representation of Harris in this case, are reasonable.

Douglas M. Foley

\37415755.1

# APPENDIX F

# LAFFEY MATRIX – 2014-2015

Years (Rate for June 1 – May 31, based on prior year's CPI-U)

| Experience | 14-15 |
|---|---|
| 20+ years | 520 |
| 11-19 years | 460 |
| 8-10 years | 370 |
| 4-7 years | 300 |
| 1-3 years | 255 |
| Paralegals & Law Clerks | 150 |

*Explanatory Notes:*

1. This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.*, 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412(b) (Equal Access to Justice Act). The matrix does not apply to cases in which the hourly rate is limited by statute. *See* 28 U.S.C. § 2412(d).

2. This matrix is based on the hourly rates allowed in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985). It is commonly referred to by attorneys and federal judges in the District of Columbia as the "Laffey Matrix" or the "United States Attorney's Office Matrix." The various "brackets" in the column headed "Experience" refer to the years following the attorney's graduation from law school, and are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more). Thus, the "1-3 years" bracket is generally applicable to attorneys in their first, second, and third years after graduation from law school, and the "4-7 years" bracket generally becomes applicable on the third anniversary of the attorney's graduation (*i.e.*, at the beginning of the fourth year following law school). *See Laffey*, 572 F. Supp. at 371; *but cf. EPIC v. Dep't of Homeland Sec.*, No. 11-2261, ___ F. Supp. 2d ___, 2013 WL 6047561, *6 -*7 (D.D.C. Nov. 15, 2013) (attorney not admitted to bar compensated at "Paralegals & Law Clerks" rate); *EPIC v. Dep't of Homeland Sec.*, 982 F. Supp.2d 56, 60-61 (D.D.C. 2013) (same).

3. The hourly rates approved in *Laffey* were for work done principally in 1981-82. The matrix begins with those rates. *See Laffey*, 572 F. Supp. at 371 (attorney rates) & 386 n.74 (paralegal and law clerk rate). The rates for subsequent yearly periods were determined by adding the change in the cost of living for the Washington, D.C. area to the applicable rate for the prior year, and then rounding to the nearest multiple of $5 (up if within $3 of the next multiple of $5). The result is subject to adjustment if appropriate to ensure that the relationship between the highest rate and the lower rates remains reasonably constant. Changes in the cost of living are measured by the Consumer Price Index for All Urban Consumers (CPI-U) for Washington-Baltimore, DC-MD-VA-WV, as announced by the Bureau of Labor Statistics for May of each year.

4. Use of an updated Laffey Matrix was implicitly endorsed by the Court of Appeals in *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988) (en banc). The Court of Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by the United States Attorney's Office as evidence of

prevailing market rates for litigation counsel in the Washington, D.C. area. *See Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n.14, 1109 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996). Most lower federal courts in the District of Columbia have relied on the United States Attorney's Office Matrix, rather than the so-called "Updated Laffey Matrix," as the "benchmark for reasonable fees" in this jurisdiction. *Miller v. Holzmann*, 575 F. Supp. 2d 2, 18 n.29 (D.D.C. 2008) (quoting *Pleasants v. Ridge*, 424 F. Supp. 2d 67, 71 n.2 (D.D.C. 2006)); *see, e.g., Berke v. Bureau of Prisons*, 942 F. Supp. 2d 71, 77 (D.D.C. 2013); *Heller v. District of Columbia*, 832 F. Supp. 2d 32, 40-49 (D.D.C. 2011); *American Lands Alliance v. Norton*, 525 F. Supp. 2d 135, 150 (D.D.C. 2007). *But see Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 14-15 (D.D.C. 2000). The United States Attorney's Office does not use the "Updated Laffey Matrix" to determine whether fee awards under fee shifting statutes are reasonable.

# APPENDIX G

Edelman, Combs, Latturner & Goodwin LLC
20 S. Clark Street
Suite 1500
Chicago, IL 60603-3403

438 Hoxie Ave
Calumet City, IL 60409

Date: 6/08/2016

Regarding: NATIONAL CREDIT ADJUSTERS V. PAXTON, JULIA
Invoice No: 00052

***Services Rendered***

| Date | Staff | Description | Hours | Rate | Charges |
|---|---|---|---|---|---|
| 8/06/2012 | FRG | conf TNH re: Defendant's net worth and Defendant's interest in the entry of a protective order | 0.10 | $350.00 | $35.00 |
| 8/06/2012 | MRT | review file and complaint/assn TNH. conf TNH re: class definition | 0.40 | $400.00 | $160.00 |
| 8/06/2012 | TNH | conf FRG re: Def net worth & interest in the entry of protective order | 0.10 | $230.00 | $23.00 |
| 8/06/2012 | TNH | conf MRT re class definition | 0.40 | $230.00 | $92.00 |
| 8/09/2012 | SC | Edited complaint, redacted exhibits | 0.30 | $100.00 | $30.00 |
| 8/13/2012 | JOL | work on complaint; research | 0.50 | $550.00 | $275.00 |
| 8/14/2012 | SC | Drafted letter to client w/Complaint for approval | 0.10 | $100.00 | $10.00 |
| 8/14/2012 | SC | Drafted motion for class cert, memo in support, DAE, CMC, JOL, TNH appearances, civil cover sheet, summons, letter to process server, letter to atty general. motion to enter/continue class cert | 1.10 | $100.00 | $110.00 |
| 8/14/2012 | SC | Mailed [redacted] to client [redacted] | 0.10 | $100.00 | $10.00 |
| 8/16/2012 | CMC | class mot & mem | 0.30 | $550.00 | $165.00 |
| 8/16/2012 | MS | reviewed docs, efiled complaint, CCS, DAE's appearance, receipts to MRT | 0.40 | $100.00 | $40.00 |

| | | | | | |
|---|---|---|---|---|---|
| 8/16/2012 | SC | Filed mtn for class cert, memo in support, notice of motion, cmc, jol, tnh appearances, motion to enter and continue class cert, notice of motion | 1.00 | $100.00 | $100.00 |
| 8/16/2012 | SC | Edited complaint, edited class docs | 0.10 | $100.00 | $10.00 |
| 8/16/2012 | TNH | [redacted] with the client, [redacted] | 0.30 | $230.00 | $69.00 |
| 8/17/2012 | SC | Phone call to process server re: rate of service | 0.10 | $100.00 | $10.00 |
| 8/17/2012 | SC | Drafted letter to process server, mailed complaint, summons, class cert, memo in support, mtn to enter/continue class cert to process server | 0.20 | $100.00 | $20.00 |
| 8/17/2012 | SC | Updated case info in TM | 0.10 | $100.00 | $10.00 |
| 8/27/2012 | SC | Filed summons returned executed | 0.10 | $100.00 | $10.00 |
| 8/30/2012 | SC | Made binder, logging file | 0.60 | $100.00 | $60.00 |
| 9/11/2012 | SC | Processed atty appearances for D, d's motion for extension to answer, court order granting d's motion for extension | 0.10 | $100.00 | $10.00 |
| 9/11/2012 | SC | Edited amended complaint, redacted exhibit | 0.50 | $100.00 | $50.00 |
| 9/13/2012 | TNH | review amended complaint- edit and revise | 0.40 | $230.00 | $92.00 |
| 9/14/2012 | SC | Drafted [redacted] to clients [redacted] | 0.10 | $100.00 | $10.00 |
| 9/14/2012 | SC | edited amended complaint, drafted amended motion for class cert, memo in support of amended motion, fixed exhibits | 1.00 | $100.00 | $100.00 |
| 10/03/2012 | SC | Looked [redacted] documents received from NCA [redacted] | 0.10 | $100.00 | $10.00 |
| 10/05/2012 | SC | Phone call to client | 0.10 | $100.00 | $10.00 |

| | | | | | |
|---|---|---|---|---|---|
| 10/05/2012 | SC | [redacted] client [redacted] | 0.10 | $100.00 | $10.00 |
| 10/08/2012 | SC | Phone calls to client | 0.10 | $100.00 | $10.00 |
| 10/09/2012 | SC | Drafted letter to client | 0.10 | $100.00 | $10.00 |
| 10/09/2012 | SC | Printed docs for TNH for court | 0.10 | $100.00 | $10.00 |
| 10/10/2012 | SC | Phone call to client | 0.10 | $100.00 | $10.00 |
| 10/10/2012 | SC | Processed D's answer, court appearance status report | 0.10 | $100.00 | $10.00 |
| 10/10/2012 | TNH | initial status/P's mtn for class cert | 0.50 | $230.00 | $115.00 |
| 10/10/2012 | TNH | conf client | 0.20 | $230.00 | $46.00 |
| 10/11/2012 | SC | Drafted memo to TNH | 0.10 | $100.00 | $10.00 |
| 10/11/2012 | SC | Phone call w/client | 0.10 | $100.00 | $10.00 |
| 10/11/2012 | SC | Drafted letter to client Mitchell | 0.10 | $100.00 | $10.00 |
| 10/16/2012 | SC | Processed minute order | 0.10 | $100.00 | $10.00 |
| 10/23/2012 | TNH | e-mail to Jennifer Weller | 0.10 | $230.00 | $23.00 |
| 11/06/2012 | CC | Saved ECF file | 0.10 | $100.00 | $10.00 |
| 11/06/2012 | TNH | conf oc re resetting the status date | 0.20 | $230.00 | $46.00 |
| 11/06/2012 | TNH | called judge's clerk to have status reset | 0.20 | $230.00 | $46.00 |
| 11/08/2012 | DAE | conf TNH re oc subpoena | 0.10 | $550.00 | $55.00 |
| 11/08/2012 | TNH | conf DAE re oc subpoena | 0.10 | $230.00 | $23.00 |
| 11/12/2012 | SC | Processed subpoena to Adrian Rubin, minute order resetting status | 0.10 | $100.00 | $10.00 |
| 11/15/2012 | SC | Phone call from client | 0.10 | $100.00 | $10.00 |
| 11/15/2012 | SC | Phone call to client | 0.10 | $100.00 | $10.00 |
| 11/15/2012 | TNH | e-mail from and to client | 0.10 | $230.00 | $23.00 |
| 11/28/2012 | SC | Printed docs for TNH for court | 0.10 | $100.00 | $10.00 |

| | | | | | |
|---|---|---|---|---|---|
| 11/29/2012 | SC | conf TNH re docs for court | 0.10 | $100.00 | $10.00 |
| 11/29/2012 | TNH | Status Hearing | 0.60 | $230.00 | $138.00 |
| 11/29/2012 | TNH | conf SC re docs for court | 0.10 | $230.00 | $23.00 |
| 11/30/2012 | SC | Processed court appearance status report | 0.10 | $100.00 | $10.00 |
| 12/03/2012 | SC | Processed court order of 11/29/12 | 0.10 | $100.00 | $10.00 |
| 12/04/2012 | CC | Saved ECF file | 0.10 | $100.00 | $10.00 |
| 12/17/2012 | SC | Processed court orders, notice of subpoena | 0.10 | $100.00 | $10.00 |
| 12/19/2012 | CC | Saved ECF file | 0.10 | $100.00 | $10.00 |
| 12/27/2012 | SC | Phone call to client | 0.10 | $100.00 | $10.00 |
| 1/02/2013 | SC | Drafted letter to OC re: subopenas | 0.10 | $100.00 | $10.00 |
| 1/11/2013 | DAE | conf TNH re no judge assigned | 0.10 | $550.00 | $55.00 |
| 1/11/2013 | TNH | e-mail to and from Jennifer Weller re subpoenas | 0.10 | $230.00 | $23.00 |
| 1/11/2013 | TNH | conf DAE re no judge assigned | 0.10 | $230.00 | $23.00 |
| 1/16/2013 | CMC | conf DAE and TNH re amending the complaint | 0.20 | $550.00 | $110.00 |
| 1/16/2013 | DAE | conf TNH re client's loan docs | 0.40 | $550.00 | $220.00 |
| 1/16/2013 | DAE | conf TNH and CMC re amending complaint | 0.20 | $550.00 | $110.00 |
| 1/16/2013 | DAE | conf TNH re client's [redacted] | 0.20 | $550.00 | $110.00 |
| 1/16/2013 | DAE | conf TNH and SC | 0.20 | $550.00 | $110.00 |
| 1/16/2013 | DAE | prepare amended complaint and motion for leave to file it | 3.00 | $550.00 | $1,650.00 |
| 1/16/2013 | SC | Looked at.Pacer for bankruptcy | 0.20 | $100.00 | $20.00 |
| 1/16/2013 | SC | conf TNH and DAE | 0.20 | $100.00 | $20.00 |

| | | | | | |
|---|---|---|---|---|---|
| 1/16/2013 | SC | Phone call to client | 0.10 | $100.00 | $10.00 |
| 1/16/2013 | TNH | conf DAE re client's [redacted] | 0.20 | $230.00 | $46.00 |
| 1/16/2013 | TNH | conf DAE and SC | 0.20 | $230.00 | $46.00 |
| 1/16/2013 | TNH | review client file [redacted] | 0.30 | $230.00 | $69.00 |
| 1/16/2013 | TNH | conf DAE re client's loan docs | 0.40 | $230.00 | $92.00 |
| 1/16/2013 | TNH | conf DAE and CMC re amending the complaint | 0.20 | $230.00 | $46.00 |
| 1/18/2013 | DAE | email from and to TNH re filing amended complaint today | 0.00 | $550.00 | $0.00 |
| 1/18/2013 | SC | Edited amended complaint, motion for leave to amend, drafted amended motion for class cert, memo in support | 2.30 | $100.00 | $230.00 |
| 1/18/2013 | TNH | e-mail from and to DAE re filing amended complaint today | 0.10 | $230.00 | $23.00 |
| 1/18/2013 | TNH | review DAE's revisions to the class mtn and class memorandum | 0.10 | $230.00 | $23.00 |
| 1/21/2013 | SC | filed motion for leave to file amended complaint, motion for class cert, memo in support, prepared courtesy copy | 0.50 | $100.00 | $50.00 |
| 1/21/2013 | SC | Edited amended motion for class cert, memo in support | 0.40 | $100.00 | $40.00 |
| 1/21/2013 | SC | Edited memo in support of amended motion for class cert | 0.20 | $100.00 | $20.00 |
| 1/21/2013 | TNH | review amended complaint and class papers | 0.20 | $230.00 | $46.00 |
| 1/28/2013 | CC | Saved ECF File | 0.10 | $100.00 | $10.00 |
| 1/30/2013 | SC | Processed mtn for leave to file amended complaint, mtn for class cert, notices of mtns, court order | 0.10 | $100.00 | $10.00 |
| 2/05/2013 | SC | Printed docs for TNH for court | 0.10 | $105.00 | $10.50 |

| | | | | | |
|---|---|---|---|---|---|
| 2/07/2013 | CC | Saved ECF File | 0.10 | $105.00 | $10.50 |
| 2/07/2013 | TNH | e-mail to Weller re Rule 26f Conference | 0.10 | $290.00 | $29.00 |
| 2/11/2013 | TNH | e-mail to OC re rule 26f conference | 0.10 | $290.00 | $29.00 |
| 2/12/2013 | TNH | conf J Weller re rescheduling Rule 26f conference | 0.10 | $290.00 | $29.00 |
| 2/14/2013 | TNH | conf J Weller re Rule 26f conference-rescheduled as per Weller's request | 0.10 | $290.00 | $29.00 |
| 2/18/2013 | FRG | conf MRT and TNH re Judge Grady's Disc Deadline Procedures | 0.30 | $445.00 | $133.50 |
| 2/18/2013 | MRT | conf TNH and FRG re Judge Grady's Disc Deadline procedures | 0.30 | $400.00 | $120.00 |
| 2/18/2013 | SC | Processed court order | 0.10 | $105.00 | $10.50 |
| 2/18/2013 | TNH | Rule 26f conference with J Weller | 0.30 | $290.00 | $87.00 |
| 2/18/2013 | TNH | CONF MRT AND FRG RE JUDGE GRADY'S DISCOVERY DEADLINE PROCEDURES | 0.30 | $290.00 | $87.00 |
| 2/19/2013 | SC | Docketed deadline for 26(a)(1)s | 0.10 | $105.00 | $10.50 |
| 2/19/2013 | SC | Drafted discovery requests | 0.40 | $105.00 | $42.00 |
| 2/21/2013 | SC | Phone call to client | 0.10 | $105.00 | $10.50 |
| 2/21/2013 | SC | Phone call from client | 0.10 | $105.00 | $10.50 |
| 2/21/2013 | SC | Edited discovery requests | 0.60 | $105.00 | $63.00 |
| 2/26/2013 | CC | Saved ECF File | 0.10 | $105.00 | $10.50 |
| 3/04/2013 | SC | Edited discovery requests | 0.50 | $105.00 | $52.50 |
| 3/05/2013 | DAE | conf TNH re revisions to disc requests | 0.20 | $550.00 | $110.00 |
| 3/05/2013 | SC | Edited discovery requests | 0.20 | $105.00 | $21.00 |
| 3/05/2013 | TNH | conf DAE and SC re revisions to discovery requests | 0.20 | $290.00 | $58.00 |
| 3/07/2013 | SC | Edited discovery requests | 0.20 | $105.00 | $21.00 |

| | | | | | |
|---|---|---|---|---|---|
| 3/07/2013 | TNH | edit and revise discovery requests | 0.50 | $290.00 | $145.00 |
| 3/08/2013 | FRG | conf TNH re: Plaintiff's First Set of Discovery requests | 0.10 | $445.00 | $44.50 |
| 3/08/2013 | TNH | conf FRG re annual interest rate | 0.30 | $290.00 | $87.00 |
| 3/11/2013 | SC | Edited discovery requests | 0.10 | $105.00 | $10.50 |
| 3/12/2013 | SC | Faxed, mailed, emailed disc requests to D | 0.10 | $105.00 | $10.50 |
| 3/12/2013 | SC | Processed disc requests and memo to docket | 0.10 | $105.00 | $10.50 |
| 3/12/2013 | SC | Docketed d's disc deadline | 0.10 | $105.00 | $10.50 |
| 3/12/2013 | SC | Drafted 26(a)(1) disclosures, prepared documents | 0.40 | $105.00 | $42.00 |
| 3/18/2013 | SC | Sent 26a1s to OC | 0.20 | $105.00 | $21.00 |
| 3/20/2013 | SC | Processed P's 26a1 disclosures | 0.10 | $105.00 | $10.50 |
| 3/22/2013 | DAE | email to and from TNH re status of case | 0.10 | $550.00 | $55.00 |
| 3/22/2013 | TNH | e-mail to and from DAE re status of case | 0.10 | $290.00 | $29.00 |
| 4/08/2013 | DAE | email to and from TNH and JWeller re extension re Disc | 0.10 | $550.00 | $55.00 |
| 4/08/2013 | TNH | conf J Weller re discovery extension | 0.10 | $290.00 | $29.00 |
| 4/08/2013 | TNH | e-mail to and from DAE and Jweller re extension re discovery | 0.10 | $290.00 | $29.00 |
| 4/09/2013 | SC | Docketed D's deadline to respond to discovery | 0.10 | $105.00 | $10.50 |
| 4/10/2013 | SC | Processed email to OC | 0.10 | $105.00 | $10.50 |
| 4/12/2013 | DAE | conf TNH and FRG re FRE 502 | 0.30 | $550.00 | $165.00 |
| 4/12/2013 | TNH | conf FRG and DAE re FRE 502 | 0.30 | $290.00 | $87.00 |
| 4/16/2013 | CMC | conf TNH re 502 mtn and proposed revisions | 0.10 | $550.00 | $55.00 |

| | | | | | |
|---|---|---|---|---|---|
| 4/16/2013 | FRG | conf. TNH re: FRE 502(d) order; tc J. Weller re: same | 0.40 | $445.00 | $178.00 |
| 4/16/2013 | FRG | conf TNH re def's mtn and proposed revisions | 0.30 | $445.00 | $133.50 |
| 4/16/2013 | FRG | joint call with TNH and JWeller re motion | 0.10 | $445.00 | $44.50 |
| 4/16/2013 | SC | Emailed OC w/exhibits | 0.10 | $105.00 | $10.50 |
| 4/16/2013 | TNH | joint call with FRG and J Weller re mtn | 0.10 | $290.00 | $29.00 |
| 4/16/2013 | TNH | e-mail to J Weller re Word version of mtn | 0.10 | $290.00 | $29.00 |
| 4/16/2013 | TNH | review and revision 502 mtn | 0.30 | $290.00 | $87.00 |
| 4/16/2013 | TNH | conf CMC re 502 mtn and proposed revisions | 0.10 | $290.00 | $29.00 |
| 4/16/2013 | TNH | conf FRG re def's mtn and proposed revisions | 0.30 | $290.00 | $87.00 |
| 4/18/2013 | SC | Typed D's draft 502 order into word, made ECLG redlines | 0.30 | $105.00 | $31.50 |
| 4/19/2013 | SC | Edited draft 502 order | 0.10 | $105.00 | $10.50 |
| 4/22/2013 | DAE | conf TNH re settlement and def's req for Disc extension | 0.30 | $550.00 | $165.00 |
| 4/22/2013 | SC | Emailed redlines to protective order to OC | 0.10 | $105.00 | $10.50 |
| 4/22/2013 | TNH | conf J Weller re settlement and discovery | 0.20 | $290.00 | $58.00 |
| 4/22/2013 | TNH | conf DAE re settlement and def's request for a discovery extension | 0.30 | $290.00 | $87.00 |
| 4/24/2013 | DAE | conf TNH re agreeing to disc extension | 0.20 | $550.00 | $110.00 |
| 4/24/2013 | TNH | conf J Weller re discovery extension | 0.20 | $290.00 | $58.00 |
| 4/24/2013 | TNH | conf DAE re agreeing to discovery extension | 0.20 | $290.00 | $58.00 |
| 5/01/2013 | SC | Phone call to client | 0.10 | $105.00 | $10.50 |

| | | | | | |
|---|---|---|---|---|---|
| 5/01/2013 | SC | Phone call from client | 0.20 | $105.00 | $21.00 |
| 5/02/2013 | SC | Processed D's disc resps | 0.10 | $105.00 | $10.50 |
| 5/06/2013 | SC | Docketed P's deadline to resp to disc requests | 0.10 | $105.00 | $10.50 |
| 5/06/2013 | SC | Drafted letter to client | 0.10 | $105.00 | $10.50 |
| 5/06/2013 | SC | Typed D's disc requests into WP | 0.40 | $105.00 | $42.00 |
| 5/07/2013 | SC | Drafted letter to client [redacted] | 0.20 | $105.00 | $21.00 |
| 5/08/2013 | SC | Processed letter to client, memo to docket | 0.10 | $105.00 | $10.50 |
| 5/09/2013 | SC | Docketed disc reminders | 0.10 | $105.00 | $10.50 |
| 5/10/2013 | CC | Saved ECF File | 0.10 | $105.00 | $10.50 |
| 5/13/2013 | SC | Processed court order, D's 26a1s, memo to docket | 0.10 | $105.00 | $10.50 |
| 5/15/2013 | DAE | conf TNH re Weller's suggestion re confidentiality order | 0.10 | $550.00 | $55.00 |
| 5/15/2013 | TNH | conf DAE re Weller's suggestion re confidentiality order | 0.10 | $290.00 | $29.00 |
| 5/15/2013 | TNH | e-mail to and from J Weller re joint mtn for entry of protective order | 0.10 | $290.00 | $29.00 |
| 5/16/2013 | CMC | conf TNH re Weller's proposed confidentiality language | 0.10 | $550.00 | $55.00 |
| 5/16/2013 | DAE | conf TNH re settlement and Weller's position re protective order | 0.20 | $550.00 | $110.00 |
| 5/16/2013 | DAE | emails with TNH re Weller's language re confidentiality order | 0.20 | $550.00 | $110.00 |
| 5/16/2013 | TNH | conf DAE re settlement and Weller's position re protective order | 0.20 | $290.00 | $58.00 |
| 5/16/2013 | TNH | e-mails to and from J Weller re protective order | 0.30 | $290.00 | $87.00 |

| | | | | | |
|---|---|---|---|---|---|
| 5/16/2013 | TNH | e-mails to and from DAE re J Weller's proposed language re confidentiality order | 0.20 | $290.00 | $58.00 |
| 5/16/2013 | TNH | conf CMC re J Weller's porposed confidentiality language | 0.10 | $290.00 | $29.00 |
| 5/20/2013 | DAE | conf TNH and JOL re Def revisions to protective order | 0.30 | $550.00 | $165.00 |
| 5/20/2013 | FRG | conf. TNH re: draft protective order | 0.10 | $445.00 | $44.50 |
| 5/20/2013 | JOL | conf DAE and TNH re Def revisions to protective order | 0.30 | $550.00 | $165.00 |
| 5/20/2013 | SC | Drafted motion for entry of conf order, drafted conf order in Word w/redlines | 0.80 | $105.00 | $84.00 |
| 5/20/2013 | SC | Edited conf order, motion, filed, prepared courtesy copy | 0.90 | $105.00 | $94.50 |
| 5/20/2013 | TNH | conf J Weller re protective order | 0.20 | $290.00 | $58.00 |
| 5/20/2013 | TNH | conf FRG re protective order | 0.10 | $290.00 | $29.00 |
| 5/20/2013 | TNH | conf DAE and JOL re Def's revisions to protective order | 0.30 | $290.00 | $87.00 |
| 5/20/2013 | TNH | e-mails from J Weller re protective order | 0.10 | $290.00 | $29.00 |
| 5/21/2013 | SC | Made redlines in WP to conf order, emailed to judge | 0.20 | $105.00 | $21.00 |
| 5/21/2013 | SC | Processed mtn for entry of conf order | 0.10 | $105.00 | $10.50 |
| 5/21/2013 | TNH | court called re redline version of protective order | 0.10 | $290.00 | $29.00 |
| 5/22/2013 | DAE | conf TNH re following up on disc | 0.10 | $550.00 | $55.00 |
| 5/22/2013 | TNH | e-mail to Weller re class size | 0.20 | $290.00 | $58.00 |
| 5/22/2013 | TNH | conference call with client | 0.30 | $290.00 | $87.00 |
| 5/22/2013 | TNH | conf DAE re following up on discovery | 0.10 | $290.00 | $29.00 |
| 5/23/2013 | SC | Processed court order | 0.10 | $105.00 | $10.50 |
| 5/24/2013 | SC | Docketed PC w/client | 0.10 | $105.00 | $10.50 |

| | | | | | |
|---|---|---|---|---|---|
| 5/24/2013 | SC | PC to client | 0.10 | $105.00 | $10.50 |
| 5/28/2013 | SC | Processed memo to docket | 0.10 | $105.00 | $10.50 |
| 5/30/2013 | SC | Phone call from/to client | 0.10 | $105.00 | $10.50 |
| 5/30/2013 | SC | Docketed PC w/client | 0.10 | $105.00 | $10.50 |
| 5/31/2013 | TNH | e-mail to and from Weller re status of class discovery info and request for an extension to serve plaintiff's discovery responses | 0.30 | $290.00 | $87.00 |
| 5/31/2013 | TNH | conf client | 0.10 | $290.00 | $29.00 |
| 5/31/2013 | TNH | called client 2x left voicemail messages | 0.10 | $290.00 | $29.00 |
| 6/03/2013 | DAE | conf TNH re status of disc | 0.20 | $550.00 | $110.00 |
| 6/03/2013 | SC | Docketed PC w/client, updated disc deadline | 0.10 | $105.00 | $10.50 |
| 6/03/2013 | TNH | conf DAE re status of discovery | 0.20 | $290.00 | $58.00 |
| 6/04/2013 | TNH | client | 1.30 | $290.00 | $377.00 |
| 6/05/2013 | SC | [redacted] of client | 0.30 | $105.00 | $31.50 |
| 6/05/2013 | SC | PC w/client | 0.10 | $105.00 | $10.50 |
| 6/05/2013 | SC | Docketed PC w/client w/TNH | 0.10 | $105.00 | $10.50 |
| 6/06/2013 | DAE | conf TNH re disc requests | 0.20 | $550.00 | $110.00 |
| 6/06/2013 | FRG | conf. TNH re: defendant's discovery requests | 0.10 | $445.00 | $44.50 |
| 6/06/2013 | TNH | conf DAE and FRG re discovery requests | 0.20 | $290.00 | $58.00 |
| 6/06/2013 | TNH | reviewed discovery | 1.00 | $290.00 | $290.00 |
| 6/07/2013 | SC | Processed email to client | 0.10 | $105.00 | $10.50 |
| 6/10/2013 | TNH | e-mail to Jennifer Weller re status of discovery | 0.10 | $290.00 | $29.00 |

| | | | | | |
|---|---|---|---|---|---|
| 6/12/2013 | CMC | class info | 0.20 | $550.00 | $110.00 |
| 6/13/2013 | DAE | conf TNH re conf with Weller and class info | 0.20 | $550.00 | $110.00 |
| 6/13/2013 | TNH | conf DAE re conf with Weller and class information | 0.20 | $290.00 | $58.00 |
| 6/13/2013 | TNH | draft client's discovery responses- | 2.20 | $290.00 | $638.00 |
| 6/13/2013 | TNH | conf Weller re settlement and getting class information | 0.20 | $290.00 | $58.00 |
| 6/14/2013 | DAE | conf TNH re disc responses, other litigation | 0.30 | $550.00 | $165.00 |
| 6/14/2013 | SC | conf TNH and DAE re discovery responses and other litigation | 0.30 | $105.00 | $31.50 |
| 6/14/2013 | SC | Edited discovery responses, [redacted] client [redacted] | 0.80 | $105.00 | $84.00 |
| 6/14/2013 | SC | PC to client | 0.10 | $105.00 | $10.50 |
| 6/14/2013 | TNH | conf SC and DAE re discovery responses- other litigation | 0.30 | $290.00 | $87.00 |
| 6/17/2013 | SC | [redacted] sent to client [redacted] | 0.40 | $105.00 | $42.00 |
| 6/17/2013 | SC | PC to client | 0.10 | $105.00 | $10.50 |
| 6/20/2013 | SC | Processed court order, disc responses | 0.10 | $105.00 | $10.50 |
| 6/24/2013 | SC | Docketed updated info for conf call | 0.10 | $105.00 | $10.50 |
| 6/26/2013 | SC | Prepared memo for TNH re: status of case | 0.20 | $105.00 | $21.00 |
| 6/26/2013 | SC | Drafted letter to client | 0.10 | $105.00 | $10.50 |
| 6/27/2013 | MRT | conf TNH re date for settlement conf | 0.10 | $445.00 | $44.50 |
| 6/27/2013 | TNH | conf MRT re date for settlement conference | 0.10 | $290.00 | $29.00 |
| 6/28/2013 | SC | Docketed settl conf reminders | 0.10 | $105.00 | $10.50 |

| | | | | | |
|---|---|---|---|---|---|
| 6/28/2013 | SC | Edited letter to client | 0.10 | $105.00 | $10.50 |
| 7/01/2013 | DAE | emails with Weller and TNH re staying disc | 0.10 | $550.00 | $55.00 |
| 7/01/2013 | SC | Processed memo to docket | 0.10 | $105.00 | $10.50 |
| 7/01/2013 | TNH | e-mails to and from Weller and DAE re staying discovery | 0.10 | $290.00 | $29.00 |
| 7/08/2013 | SC | Processed motion, court order | 0.10 | $105.00 | $10.50 |
| 7/10/2013 | CC | Saved ECF Files | 0.10 | $105.00 | $10.50 |
| 7/12/2013 | CC | Saved ECF Files. | 0.10 | $105.00 | $10.50 |
| 7/15/2013 | SC | Processed court order, amended mtn for class cert | 0.10 | $105.00 | $10.50 |
| 7/18/2013 | DAE | conf TNH and MRT re settlement conf and info needed to make settlement demand | 0.30 | $550.00 | $165.00 |
| 7/18/2013 | MRT | conf TNH and DAE re settlement conf and info needed for settlement demand | 0.30 | $445.00 | $133.50 |
| 7/18/2013 | TNH | conf DAE and MRT re settlement conference and information needed to make a settlement demand | 0.30 | $290.00 | $87.00 |
| 7/29/2013 | SC | Drafted letter to client [redacted] | 0.10 | $105.00 | $10.50 |
| 8/05/2013 | DAE | emails with TNH, MRT, OC re settlement | 0.30 | $550.00 | $165.00 |
| 8/05/2013 | DAE | conf TNH re settlement position letter | 0.10 | $550.00 | $55.00 |
| 8/05/2013 | MRT | emails with TNH, DAE, OC re settlement | 0.30 | $445.00 | $133.50 |
| 8/05/2013 | TNH | conf DAE re settlement position letter | 0.10 | $290.00 | $29.00 |
| 8/05/2013 | TNH | e-mails from DAE and MRT and OC re settlememt | 0.30 | $290.00 | $87.00 |
| 8/06/2013 | SC | Processed email between dae and oc | 0.10 | $105.00 | $10.50 |
| 8/07/2013 | SC | Drafted memo to TNH re: ECLG fees in case | 0.10 | $105.00 | $10.50 |

| | | | | | |
|---|---|---|---|---|---|
| 8/09/2013 | SC | Processed letter from OC w/sett info | 0.10 | $105.00 | $10.50 |
| 8/12/2013 | DAE | conf TNH re add info from Weller | 0.10 | $550.00 | $55.00 |
| 8/12/2013 | TNH | conf DAE re additional information from J Weller | 0.10 | $290.00 | $29.00 |
| 8/13/2013 | SC | Drafted memo re: case for TNH for settlement memo | 0.20 | $105.00 | $21.00 |
| 8/13/2013 | SC | Printed all docs for case for JOL | 0.10 | $105.00 | $10.50 |
| 8/13/2013 | TNH | work on settlement letter | 8.20 | $290.00 | $2,378.00 |
| 8/14/2013 | FRG | conf. TNH re: settlement structure | 0.10 | $445.00 | $44.50 |
| 8/14/2013 | JOL | conf TNH and FRG re debt release class | 0.30 | $550.00 | $165.00 |
| 8/14/2013 | MRT | conf TNH re revisions to braxton class | 0.40 | $445.00 | $178.00 |
| 8/14/2013 | TNH | conf MRT re revisions re Braxton class | 0.40 | $290.00 | $116.00 |
| 8/14/2013 | TNH | conf JOL and FRG re debt release class | 0.30 | $290.00 | $87.00 |
| 8/14/2013 | TNH | called client and left vm message | 0.10 | $290.00 | $29.00 |
| 8/14/2013 | TNH | edit and revise letter as per DAE | 0.50 | $290.00 | $145.00 |
| 8/16/2013 | SC | Drafted global settlement demand | 0.20 | $105.00 | $21.00 |
| 8/16/2013 | SC | PCs to client, left VMs, PC to client's office | 0.20 | $105.00 | $21.00 |
| 8/19/2013 | CMC | settlement conf | 4.00 | $550.00 | $2,200.00 |
| 8/19/2013 | DAE | emails with TNH re insurance and net worth | 0.40 | $550.00 | $220.00 |
| 8/19/2013 | DAE | sett conf in Hammond | 4.00 | $550.00 | $2,200.00 |
| 8/19/2013 | MRT | conf TNH re: progress at settlement conf/check ins. info disclosed and inform TNH of same. | 0.40 | $445.00 | $178.00 |
| 8/19/2013 | SC | Processed settlement mem to judge cherry | 0.10 | $105.00 | $10.50 |

| | | | | | |
|---|---|---|---|---|---|
| 8/19/2013 | TNH | conf MRT re progress at settlement conf/check ins info disclosed | 0.40 | $290.00 | $116.00 |
| 8/19/2013 | TNH | e-mails to and from DAE re insurance and net worth | 0.40 | $290.00 | $116.00 |
| 8/19/2013 | TNH | research Jones v. NCA file [redacted] | 0.50 | $290.00 | $145.00 |
| 8/20/2013 | DAE | emails with MRT & TNH re settlement conf/no resolution of IL/NY cases | 0.30 | $550.00 | $165.00 |
| 8/20/2013 | MRT | emails from DAE and TNH re: settlement conference/no resolution of IL and NY cases | 0.30 | $445.00 | $133.50 |
| 8/20/2013 | SC | Drafted letter to OC re: insurance policies | 0.10 | $105.00 | $10.50 |
| 8/20/2013 | TNH | emails with MRT & DAE re settlement conf/no resolution of IL & NY cases | 0.30 | $290.00 | $87.00 |
| 8/22/2013 | SC | Processed letter to d re: ins policy | 0.10 | $105.00 | $10.50 |
| 8/26/2013 | SC | conf TNH re letter or mtn to ct re status of settlement | 0.20 | $105.00 | $21.00 |
| 8/26/2013 | SC | Looked at judge's rules re: notifying re: settl conf | 0.10 | $105.00 | $10.50 |
| 8/26/2013 | SC | Processed ndin order | 0.10 | $105.00 | $10.50 |
| 8/26/2013 | TNH | conf SC re letter or mtn to court re status of settlement | 0.20 | $290.00 | $58.00 |
| 9/13/2013 | SC | Drafted follow up letter to OC w/insurance policy | 0.10 | $105.00 | $10.50 |
| 9/27/2013 | TNH | e-mail from JWeller | 0.10 | $290.00 | $29.00 |
| 9/30/2013 | SC | Emailed client | 0.10 | $105.00 | $10.50 |
| 10/01/2013 | TNH | e-mail to oc re status of discovery responses | 0.10 | $290.00 | $29.00 |
| 10/02/2013 | SC | processed email to OC | 0.10 | $105.00 | $10.50 |
| 10/02/2013 | TNH | e-mail from J Weller re Rule 37 conference | 0.10 | $290.00 | $29.00 |

| | | | | | |
|---|---|---|---|---|---|
| 10/02/2013 | TNH | e-mail to Weller re Rule 37 conference | 0.10 | $290.00 | $29.00 |
| 10/04/2013 | SC | Made redwall of insurance policies | 0.10 | $105.00 | $10.50 |
| 10/09/2013 | SC | Processed D's insurance policy | 0.10 | $125.00 | $12.50 |
| 10/09/2013 | TNH | Status Hearing | 1.00 | $325.00 | $325.00 |
| 10/10/2013 | SC | Drafted letters to insurance cos | 0.20 | $125.00 | $25.00 |
| 10/10/2013 | SC | Mailed letters to insurance cos | 0.10 | $125.00 | $12.50 |
| 10/10/2013 | SC | Processed letters to insurance, memos to docket | 0.10 | $125.00 | $12.50 |
| 10/16/2013 | JM | saved ECF file | 0.10 | $125.00 | $12.50 |
| 10/21/2013 | TNH | call from Chubb Insurance Co | 0.10 | $325.00 | $32.50 |
| 10/25/2013 | TNH | e-mail from J Weller re Rule 37 conference | 0.10 | $325.00 | $32.50 |
| 10/28/2013 | SC | Processed memo to docket | 0.10 | $125.00 | $12.50 |
| 10/28/2013 | TNH | review Def's discovery responses in preparation for Rule 37 conference | 1.20 | $325.00 | $390.00 |
| 10/28/2013 | TNH | Rule 37 conference with Jennifer Weller | 0.50 | $325.00 | $162.50 |
| 10/29/2013 | SC | Processed memo to docket | 0.10 | $125.00 | $12.50 |
| 11/01/2013 | SC | Drafted outline for supp disc resps | 0.20 | $125.00 | $25.00 |
| 11/21/2013 | TNH | e-mail to J Weller | 0.10 | $325.00 | $32.50 |
| 12/02/2013 | SC | PC to client | 0.10 | $125.00 | $12.50 |
| 12/03/2013 | SC | PC from client | 0.10 | $125.00 | $12.50 |
| 12/17/2013 | TNH | CALLED JENNIFER WELLER | 0.10 | $325.00 | $32.50 |
| 1/15/2014 | TNH | conf J Weller re discovery | 0.10 | $325.00 | $32.50 |
| 1/15/2014 | TNH | returned Jennifer Weller's call | 0.10 | $325.00 | $32.50 |
| 1/20/2014 | DAE | Conf TNH re supplementing client's discovery responses | 0.10 | $600.00 | $60.00 |

| | | | | | |
|---|---|---|---|---|---|
| 1/20/2014 | TNH | RESEARCH PRIOR DISCOVERY RESPONSES | 0.40 | $325.00 | $130.00 |
| 1/20/2014 | TNH | e-mail to client | 0.10 | $325.00 | $32.50 |
| 1/20/2014 | TNH | conf DAE re supplementing client's discovery responses | 0.10 | $325.00 | $32.50 |
| 1/20/2014 | TNH | CALLED CLIENT AND LEFT VOICEMAIL MESAGE | 0.10 | $325.00 | $32.50 |
| 1/21/2014 | DAE | Conf TNH re discovery and supplementing client's discovery responses | 0.20 | $600.00 | $120.00 |
| 1/21/2014 | DAE | note to TNH re mtn to compel | 0.10 | $600.00 | $60.00 |
| 1/21/2014 | SC | Conf TNH re client's discovery responses and supplementing | 0.20 | $125.00 | $25.00 |
| 1/21/2014 | SC | Conf TNH re supplementing client's discovery responses | 0.20 | $125.00 | $25.00 |
| 1/21/2014 | SC | Looked in binders for previous discovery response drafts, edited supplemental discovery responses | 0.30 | $125.00 | $37.50 |
| 1/21/2014 | SC | Processed d's supp disc, made redwall | 0.20 | $125.00 | $25.00 |
| 1/21/2014 | TNH | e-mail from J Weller re discovery | 0.10 | $325.00 | $32.50 |
| 1/21/2014 | TNH | note from DAE re mtn to compel | 0.10 | $325.00 | $32.50 |
| 1/21/2014 | TNH | conf SC re client's discovery responses and supplementing | 0.20 | $325.00 | $65.00 |
| 1/21/2014 | TNH | conf client | 0.20 | $325.00 | $65.00 |
| 1/21/2014 | TNH | conf SC re supplementing client's discovery responses | 0.20 | $325.00 | $65.00 |
| 1/21/2014 | TNH | called client and left voicemail message | 0.10 | $325.00 | $32.50 |
| 1/21/2014 | TNH | conf DAE re discovery and supplementing client's discovery responses | 0.20 | $325.00 | $65.00 |
| 1/22/2014 | CMC | Rule 37 letter | 1.10 | $600.00 | $660.00 |

| | | | | | |
|---|---|---|---|---|---|
| 1/22/2014 | CMC | Conf TNH re def's supplemental discovery responses | 0.10 | $600.00 | $60.00 |
| 1/22/2014 | DAE | Conf TNH re dep notice (in person) | 0.20 | $600.00 | $120.00 |
| 1/22/2014 | DAE | Conf TNH re client's [redacted] | 0.10 | $600.00 | $60.00 |
| 1/22/2014 | SC | Conf TNH revisions to Dep notice | 0.30 | $125.00 | $37.50 |
| 1/22/2014 | SC | Conf TNH re settlement documents | 0.20 | $125.00 | $25.00 |
| 1/22/2014 | SC | [redacted] sent to client [redacted] | 0.50 | $125.00 | $62.50 |
| 1/22/2014 | TNH | conf DAE re dep notice (in person) | 0.20 | $325.00 | $65.00 |
| 1/22/2014 | TNH | conf SC revisions to Dep notice | 0.30 | $325.00 | $97.50 |
| 1/22/2014 | TNH | voicemail message from the client | 0.10 | $325.00 | $32.50 |
| 1/22/2014 | TNH | copied on e-mail from DAE to CMC re discovery | 0.10 | $325.00 | $32.50 |
| 1/22/2014 | TNH | conf SC re settlement documents | 0.20 | $325.00 | $65.00 |
| 1/22/2014 | TNH | conf DAE re client's [redacted] | 0.10 | $325.00 | $32.50 |
| 1/22/2014 | TNH | conf CMC re def's supplemental discovery responses | 0.10 | $325.00 | $32.50 |
| 1/23/2014 | CMC | work on disc lett | 1.30 | $600.00 | $780.00 |
| 1/23/2014 | CMC | conf TNH re rule 37 letter to J Weller | 0.30 | $600.00 | $180.00 |
| 1/23/2014 | CMC | Discuss motion to compel with DAE, TNH | 0.30 | $600.00 | $180.00 |
| 1/23/2014 | DAE | read/resp to TNH emails re client's inquiry | 0.20 | $600.00 | $120.00 |
| 1/23/2014 | DAE | Conf w/SC re: dates for deps | 0.10 | $600.00 | $60.00 |
| 1/23/2014 | DAE | conf TNH re disco responses | 0.10 | $600.00 | $60.00 |
| 1/23/2014 | DAE | discuss motion to compel with CMC, TNH | 0.30 | $600.00 | $180.00 |

| | | | | | |
|---|---|---|---|---|---|
| 1/23/2014 | FRG | conf TNH re issues serving dep notice at Hinshaw.1 | 0.00 | $500.00 | $0.00 |
| 1/23/2014 | SC | conf TNH re depo notice | 0.30 | $125.00 | $37.50 |
| 1/23/2014 | SC | conf TNH re issues re servingdeps notice at Hinshaw | 0.20 | $125.00 | $25.00 |
| 1/23/2014 | SC | Edited supplemental dis responses, conf w/TNH re: responses, typed d's supplemental disc into WP, edited dep notice, emails to court reporter re: location for dep | 2.10 | $125.00 | $262.50 |
| 1/23/2014 | SC | Emails w/court reporters re: location for deps | 0.20 | $125.00 | $25.00 |
| 1/23/2014 | SC | Conf w/DAE re: dates for deps | 0.10 | $125.00 | $12.50 |
| 1/23/2014 | TNH | conf DAE re revisions to client's discovery responses | 0.10 | $325.00 | $32.50 |
| 1/23/2014 | TNH | review and revise client's discovery responses | 0.10 | $325.00 | $32.50 |
| 1/23/2014 | TNH | conf SC re deposition notice | 0.30 | $325.00 | $97.50 |
| 1/23/2014 | TNH | called J Weller re serving discovery responses and deposition notice | 0.10 | $325.00 | $32.50 |
| 1/23/2014 | TNH | called Dave Schultz re serving discovery responses and deposition notice | 0.10 | $325.00 | $32.50 |
| 1/23/2014 | TNH | conf SC re issues re serving deps notice at Hinshaw | 0.20 | $325.00 | $65.00 |
| 1/23/2014 | TNH | conf FRG re issues re serving dep notice at Hinshaw | 0.10 | $325.00 | $32.50 |
| 1/23/2014 | TNH | conf CMC re Rule 37 letter to J Weller | 0.30 | $325.00 | $97.50 |
| 1/23/2014 | TNH | e-mail to J Weller re scheduling client's dep | 0.10 | $325.00 | $32.50 |
| 1/23/2014 | TNH | conf DAE re disco responses | 0.10 | $325.00 | $32.50 |
| 1/23/2014 | TNH | Conf w/DAE re: responses, typed d's supplemental disc into WP, edited dep notice, emails to court reporter re: location for dep | 2.10 | $325.00 | $682.50 |

| | | | | | |
|---|---|---|---|---|---|
| 1/23/2014 | TNH | read client email | 0.10 | $325.00 | $32.50 |
| 1/23/2014 | TNH | e-mail to and from DAE re client's inquiry | 0.20 | $325.00 | $65.00 |
| 1/24/2014 | CMC | work on rule 37 letter | 2.60 | $600.00 | $1,560.00 |
| 1/24/2014 | SC | PC to client | 0.20 | $125.00 | $25.00 |
| 1/24/2014 | SC | Emailed TNH re: dates of dep | 0.10 | $125.00 | $12.50 |
| 1/24/2014 | SC | Processed notice of deps, supp disc | 0.10 | $125.00 | $12.50 |
| 1/27/2014 | DAE | conf TNH re disco and doc production | 0.30 | $600.00 | $180.00 |
| 1/27/2014 | SC | Edited rule 37 letter, emailed to OC | 0.30 | $125.00 | $37.50 |
| 1/27/2014 | TNH | review Rule 37 letter | 0.30 | $325.00 | $97.50 |
| 1/27/2014 | TNH | conf CMC re discovery | 0.30 | $325.00 | $97.50 |
| 1/27/2014 | TNH | review doc production | 0.40 | $325.00 | $130.00 |
| 1/27/2014 | TNH | conf DAE re discovery and doc production | 0.30 | $325.00 | $97.50 |
| 1/27/2014 | TNH | e-mail from J Weller re deps | 0.10 | $325.00 | $32.50 |
| 1/28/2014 | CMC | Disc conf | 1.00 | $600.00 | $600.00 |
| 1/28/2014 | CMC | debrief with DAE and TNH | 0.30 | $600.00 | $180.00 |
| 1/28/2014 | CMC | conf TNH re prep for rule 37 conference | 0.20 | $600.00 | $120.00 |
| 1/28/2014 | DAE | conf TNH [redacted] | 0.10 | $600.00 | $60.00 |
| 1/28/2014 | DAE | conf TNH re rule 37 conference | 0.10 | $600.00 | $60.00 |
| 1/28/2014 | DAE | debrief with THN and CMC | 0.30 | $600.00 | $180.00 |
| 1/28/2014 | SC | Printed docs for TNH PC | 0.20 | $125.00 | $25.00 |
| 1/28/2014 | SC | Processed rule 37 letters | 0.10 | $125.00 | $12.50 |
| 1/28/2014 | TNH | conf DAE re sending Juston depositition transcript to Jennifer Weller | 0.10 | $325.00 | $32.50 |

| | | | | | |
|---|---|---|---|---|---|
| 1/28/2014 | TNH | e-mail Huston Dep transcript to Jennifer Weller | 0.10 | $325.00 | $32.50 |
| 1/28/2014 | TNH | update personal calendar with Rule 37 conference date | 0.10 | $325.00 | $32.50 |
| 1/28/2014 | TNH | review docs re Rule 37 conference with Jennifer Weller | 0.40 | $325.00 | $130.00 |
| 1/28/2014 | TNH | conf DAE re rule 37 conference with DAE | 0.10 | $325.00 | $32.50 |
| 1/28/2014 | TNH | conf CMC re preparing for Rule 37 conference | 0.20 | $325.00 | $65.00 |
| 1/28/2014 | TNH | Rule 37 conf with J Weller and CMC | 0.50 | $325.00 | $162.50 |
| 1/28/2014 | TNH | debrief with CMC and DAE | 0.30 | $325.00 | $97.50 |
| 1/29/2014 | SC | PC to client, left VM | 0.10 | $125.00 | $12.50 |
| 1/29/2014 | SC | conf TNH re disclosure of expert - block | 0.30 | $125.00 | $37.50 |
| 1/29/2014 | SC | Drafted letter to client [redacted] | 0.20 | $125.00 | $25.00 |
| 1/29/2014 | SC | Edited letter to Block | 0.20 | $125.00 | $25.00 |
| 1/29/2014 | TNH | conf SC re disclosure of expert- Block | 0.30 | $325.00 | $97.50 |
| 1/30/2014 | SC | PC to client | 0.20 | $125.00 | $25.00 |
| 1/30/2014 | SC | Drated [redacted] client | 0.60 | $125.00 | $75.00 |
| 1/30/2014 | SC | Emailed letter to client | 0.10 | $125.00 | $12.50 |
| 1/30/2014 | SC | conf TNH re client banking info | 0.10 | $125.00 | $12.50 |
| 1/30/2014 | SC | Mailed letter to block | 0.10 | $125.00 | $12.50 |
| 1/30/2014 | SC | Looked up expert witness models | 0.30 | $125.00 | $37.50 |
| 1/30/2014 | TNH | conf SC re client banking infor | 0.10 | $325.00 | $32.50 |
| 1/31/2014 | TNH | conf call with J Weller | 0.10 | $325.00 | $32.50 |
| 2/03/2014 | SC | Edited letter to expert, emailed with protective orders, conf w/TNH re; letter/protective orders | 0.40 | $125.00 | $50.00 |

| | | | | | |
|---|---|---|---|---|---|
| 2/03/2014 | SC | conf TNH re protective order and retaining financial expert | 0.30 | $125.00 | $37.50 |
| 2/03/2014 | SC | Looked up [redacted] [redacted] drafted letter to [redacted] | 0.30 | $125.00 | $37.50 |
| 2/03/2014 | TNH | conf Rob Block re case | 0.20 | $325.00 | $65.00 |
| 2/03/2014 | TNH | read email from J Weller re conference call | 0.10 | $325.00 | $32.50 |
| 2/03/2014 | TNH | conf SC re protective order and retaining financial expert | 0.30 | $325.00 | $97.50 |
| 2/03/2014 | TNH | e-mail to JWeller re Rule 37 conference tomorrow | 0.10 | $325.00 | $32.50 |
| 2/04/2014 | SC | read email from TNH re supp disco and sending a rule 37 letter | 0.30 | $125.00 | $37.50 |
| 2/04/2014 | TNH | review Def's discovery responses | 0.50 | $325.00 | $162.50 |
| 2/04/2014 | TNH | e-mail from Robert Block re signed confidentiality orders | 0.10 | $325.00 | $32.50 |
| 2/04/2014 | TNH | Rule 37 conference with Jennifer Weller | 0.40 | $325.00 | $130.00 |
| 2/04/2014 | TNH | review rule 37 letter from JWeller | 0.20 | $325.00 | $65.00 |
| 2/04/2014 | TNH | e-mail to SC re supplementing discovery and sending a Rule 37 letter | 0.30 | $325.00 | $97.50 |
| 2/05/2014 | SC | Processed letter from d, letter to cl, conf agreements signed by block | 0.20 | $125.00 | $25.00 |
| 2/05/2014 | SC | conf TNH re client's verfication sheet | 0.10 | $125.00 | $12.50 |
| 2/05/2014 | SC | Edited [redacted] emailed to client | 0.30 | $125.00 | $37.50 |
| 2/05/2014 | SC | Drafted letter to OC | 0.20 | $125.00 | $25.00 |
| 2/05/2014 | TNH | conf SC re client's verification sheet | 0.10 | $325.00 | $32.50 |
| 2/05/2014 | TNH | review draft letter to J weller | 0.10 | $325.00 | $32.50 |
| 2/05/2014 | TNH | work on Rule 37 letter to Weller | 0.30 | $325.00 | $97.50 |
| 2/06/2014 | SC | Drafted motion for disc extension | 0.50 | $125.00 | $62.50 |

| | | | | | |
|---|---|---|---|---|---|
| 2/06/2014 | SC | Emailed updated verification to OC | 0.10 | $125.00 | $12.50 |
| 2/06/2014 | SC | Edited rule 37 letter to OC | 0.30 | $125.00 | $37.50 |
| 2/06/2014 | SC | Processed rule 37 letter | 0.10 | $125.00 | $12.50 |
| 2/06/2014 | SC | Emailed rule 37 letter to oc | 0.10 | $125.00 | $12.50 |
| 2/06/2014 | SC | PC to client | 0.20 | $125.00 | $25.00 |
| 2/06/2014 | TNH | REVIEW AND SIGN LETTER TO OC | 0.10 | $325.00 | $32.50 |
| 2/06/2014 | TNH | REVIEW E-MAIL FROM CLIENT [redacted] | 0.10 | $325.00 | $32.50 |
| 2/07/2014 | SC | Edited [redacted] for client | 0.40 | $125.00 | $50.00 |
| 2/10/2014 | SC | Conf TNH re Ms. Paxton dep date | 0.20 | $125.00 | $25.00 |
| 2/10/2014 | SC | Conf TNH re supplementing Ms. Paxton's discovery responses- BANKING INFORMATION | 0.20 | $125.00 | $25.00 |
| 2/10/2014 | SC | PC to client | 0.20 | $125.00 | $25.00 |
| 2/10/2014 | TNH | conf SC [redacted] | 0.20 | $325.00 | $65.00 |
| 2/10/2014 | TNH | conf Rob Block re discovery | 0.20 | $325.00 | $65.00 |
| 2/10/2014 | TNH | conf SC re Ms. Paxton dep date | 0.20 | $325.00 | $65.00 |
| 2/11/2014 | DAE | Conf TNH [redacted] client [redacted] | 0.10 | $600.00 | $60.00 |
| 2/11/2014 | SC | Conf TNH re client's [redacted] | 0.30 | $125.00 | $37.50 |
| 2/11/2014 | SC | PC to client | 0.10 | $125.00 | $12.50 |
| 2/11/2014 | SC | Drafted [redacted] for client's [redacted] | 0.30 | $125.00 | $37.50 |
| 2/11/2014 | SC | Edited authorization | 0.10 | $125.00 | $12.50 |
| 2/11/2014 | SC | Emailed client | 0.10 | $125.00 | $12.50 |

| | | | | | |
|---|---|---|---|---|---|
| 2/11/2014 | SC | Follow up email to cl | 0.10 | $125.00 | $12.50 |
| 2/11/2014 | SC | Processed notice of dep | 0.10 | $125.00 | $12.50 |
| 2/11/2014 | TNH | e-mail from Weller re case | 0.10 | $325.00 | $32.50 |
| 2/11/2014 | TNH | review and edit mtn for an extension of time | 0.10 | $325.00 | $32.50 |
| 2/11/2014 | TNH | e-,mail to J Weller re discovery- deps, extension and 2012 net worth info | 0.10 | $325.00 | $32.50 |
| 2/11/2014 | TNH | conf client | 0.20 | $325.00 | $65.00 |
| 2/11/2014 | TNH | conf SC re client's bank account information | 0.30 | $325.00 | $97.50 |
| 2/11/2014 | TNH | review Rule 37 letter from oc re client's supplemental discovery responses | 0.20 | $325.00 | $65.00 |
| 2/11/2014 | TNH | conf DAE re issue re client and enforcing discovery re def's net worth | 0.10 | $325.00 | $32.50 |
| 2/12/2014 | SC | Conf TNH re client records | 0.10 | $125.00 | $12.50 |
| 2/12/2014 | TNH | e-mail from client [redacted] | 0.10 | $325.00 | $32.50 |
| 2/12/2014 | TNH | e-mail to client [redacted] | 0.10 | $325.00 | $32.50 |
| 2/12/2014 | TNH | e-mail to JWeller re discovery issues | 0.20 | $325.00 | $65.00 |
| 2/12/2014 | TNH | conf SC re client records | 0.10 | $325.00 | $32.50 |
| 2/13/2014 | TNH | e-mail from Jennifer Weller re deps | 0.10 | $325.00 | $32.50 |
| 2/14/2014 | SC | Filed mtn extension, prepared courtesy copy | 0.30 | $125.00 | $37.50 |
| 2/14/2014 | SC | Processed mtn disc extension | 0.10 | $125.00 | $12.50 |
| 2/14/2014 | SC | Drafted letter to BofA requesting records | 0.20 | $125.00 | $25.00 |
| 2/14/2014 | SC | Conf TNH re noticing mtn for extension of discovery | 0.10 | $125.00 | $12.50 |
| 2/14/2014 | SC | PC from OC secretary re: dep Mon | 0.10 | $125.00 | $12.50 |
| 2/14/2014 | TNH | e-mail to Jennifer Weller | 0.10 | $325.00 | $32.50 |

| | | | | | |
|---|---|---|---|---|---|
| 2/14/2014 | TNH | conf SC re noticing mtn for extension of discovery | 0.10 | $325.00 | $32.50 |
| 2/14/2014 | TNH | e-mail to and from J weller re discovery motion notice date | 0.20 | $325.00 | $65.00 |
| 2/18/2014 | DAE | Conf TNH and SC re disclosing Block as expert | 0.30 | $600.00 | $180.00 |
| 2/18/2014 | DAE | Conf TNH re noticing mtn for an extension of discovery | 0.30 | $600.00 | $180.00 |
| 2/18/2014 | DAE | Conf TNH re disclosing Block and prior report | 0.20 | $600.00 | $120.00 |
| 2/18/2014 | DAE | Conf TNH re scheduling deps for defendant deponents | 0.30 | $600.00 | $180.00 |
| 2/18/2014 | SC | Conf DAE and TNH re disclosing Block as expert | 0.30 | $125.00 | $37.50 |
| 2/18/2014 | SC | Looked through 24966 for expert info | 0.30 | $125.00 | $37.50 |
| 2/18/2014 | TNH | e-mail to Mr. Block re CV | 0.10 | $325.00 | $32.50 |
| 2/18/2014 | TNH | review file re pror report from Block | 0.30 | $325.00 | $97.50 |
| 2/18/2014 | TNH | conf DAE re disclosing Block and prior report | 0.20 | $325.00 | $65.00 |
| 2/18/2014 | TNH | conf DAE re scheduling deps for defendant deponents | 0.30 | $325.00 | $97.50 |
| 2/18/2014 | TNH | conf DAE and SC re disclosing Block as expert | 0.30 | $325.00 | $97.50 |
| 2/18/2014 | TNH | conf DAE re noticing mtn for an extension of discovery | 0.30 | $325.00 | $97.50 |
| 2/20/2014 | SC | Drafted letter to client [redacted] | 0.20 | $125.00 | $25.00 |
| 2/20/2014 | SC | Processed notice of dep of client | 0.10 | $125.00 | $12.50 |
| 2/21/2014 | DAE | Conf TNH re disclosure of expert | 0.20 | $600.00 | $120.00 |
| 2/21/2014 | JP | conf with SC then TNH about 26a2 disclosures | 0.10 | $125.00 | $12.50 |

| | | | | | |
|---|---|---|---|---|---|
| 2/21/2014 | JP | assembling 26a2 disclosures to serve, serving disclosures by hand and email | 1.10 | $125.00 | $137.50 |
| 2/21/2014 | SC | Conf with JP about 26a2 disclosures | 0.10 | $125.00 | $12.50 |
| 2/21/2014 | TNH | Conf with JP about 26a2 disclosures | 0.10 | $325.00 | $32.50 |
| 2/21/2014 | TNH | conf DAE re disclosure of Expert | 0.20 | $325.00 | $65.00 |
| 2/21/2014 | TNH | draft expert disclosure re Block | 0.30 | $325.00 | $97.50 |
| 2/24/2014 | TNH | e-mail to J Weller re deps | 0.10 | $325.00 | $32.50 |
| 2/25/2014 | SC | Processed 26a2 disclosures, letter to client | 0.10 | $125.00 | $12.50 |
| 2/26/2014 | SC | Edited [redacted] for client | 0.30 | $125.00 | $37.50 |
| 2/26/2014 | SC | Emailed [redacted] to client | 0.10 | $125.00 | $12.50 |
| 3/03/2014 | SC | PC to hinshaw confirming dep | 0.10 | $125.00 | $12.50 |
| 3/03/2014 | SC | Redacted bank records, emailed to OC | 2.30 | $125.00 | $287.50 |
| 3/03/2014 | TNH | review client docs for production | 0.70 | $325.00 | $227.50 |
| 3/03/2014 | TNH | called J Weller | 0.10 | $325.00 | $32.50 |
| 3/03/2014 | TNH | conf J Weller re discovery | 0.20 | $325.00 | $65.00 |
| 3/04/2014 | AD | ECF | 0.10 | $125.00 | $12.50 |
| 3/04/2014 | DAE | conf TNH re issues at client's depo | 0.10 | $600.00 | $60.00 |
| 3/04/2014 | SC | Re-redacted bank accounts, went through other clients docs, redacted, bates stamped, assembled to send to OC | 0.70 | $125.00 | $87.50 |
| 3/04/2014 | SC | Drafted, emailed letter to OC w/docs | 0.20 | $125.00 | $25.00 |
| 3/04/2014 | SC | Conf w/TNH re: docs | 0.20 | $125.00 | $25.00 |
| 3/04/2014 | TNH | e-mails to and from DAE and CAC re tomorrow's court appearance- stricken? | 0.30 | $325.00 | $97.50 |
| 3/04/2014 | TNH | Conf w/SC re: docs | 0.20 | $325.00 | $65.00 |
| 3/04/2014 | TNH | deposition of Julia Paxton | 3.20 | $325.00 | $1,040.00 |

| | | | | | |
|---|---|---|---|---|---|
| 3/04/2014 | TNH | conf DAE re issues at client's deposition | 0.10 | $325.00 | $32.50 |
| 3/04/2014 | TNH | meeting with client | 3.00 | $325.00 | $975.00 |
| 3/05/2014 | SC | Conf TNH renoticing deps | 0.10 | $125.00 | $12.50 |
| 3/05/2014 | SC | Processed ct order | 0.10 | $125.00 | $12.50 |
| 3/05/2014 | TNH | conf SC re renoticing deps | 0.10 | $325.00 | $32.50 |
| 3/06/2014 | SC | Conf TNH re dep date and availability | 0.10 | $125.00 | $12.50 |
| 3/06/2014 | TNH | e-mail from J Weller re new dep dates | 0.10 | $325.00 | $32.50 |
| 3/06/2014 | TNH | e-mail from J Weller re new dep notice | 0.10 | $325.00 | $32.50 |
| 3/06/2014 | TNH | conf SC re dep date and availability | 0.10 | $325.00 | $32.50 |
| 3/07/2014 | SC | Checked DAE/TNH schedule for dep of Ds, amended notice of deps | 0.30 | $125.00 | $37.50 |
| 3/07/2014 | TNH | Conf SC re third disco requests | 0.20 | $325.00 | $65.00 |
| 3/10/2014 | DAE | conf TNH re 2012 financials | 0.20 | $600.00 | $120.00 |
| 3/10/2014 | SC | conf TNH re dep notices | 0.30 | $125.00 | $37.50 |
| 3/10/2014 | TNH | conf DAE re 2012 financials | 0.20 | $325.00 | $65.00 |
| 3/10/2014 | TNH | conf SC re dep notices | 0.30 | $325.00 | $97.50 |
| 3/10/2014 | TNH | e-mail from J Weller re dep start time | 0.10 | $325.00 | $32.50 |
| 3/10/2014 | TNH | e-mail to and from J weller re financial statements | 0.20 | $325.00 | $65.00 |
| 3/10/2014 | TNH | e-mail financial statements oto Mr. Block | 0.10 | $325.00 | $32.50 |
| 3/11/2014 | DAE | conf TNH re location and time of Paxton Deps | 0.40 | $600.00 | $240.00 |
| 3/11/2014 | SC | Edited amended notice of dep | 0.20 | $125.00 | $25.00 |
| 3/11/2014 | TNH | conf DAE re location and time of Paxton Deps | 0.40 | $325.00 | $130.00 |
| 3/12/2014 | DAE | Emails to TNH re telephonic dep | 0.20 | $600.00 | $120.00 |

| | | | | | |
|---|---|---|---|---|---|
| 3/12/2014 | DAE | Conf TNH re dep limitations | 0.30 | $600.00 | $180.00 |
| 3/12/2014 | DAE | Conf TNH re dep dates and time | 0.20 | $600.00 | $120.00 |
| 3/12/2014 | SC | Conf TNH re dep notice | 0.20 | $125.00 | $25.00 |
| 3/12/2014 | TNH | conf J Weller re deps | 0.30 | $325.00 | $97.50 |
| 3/12/2014 | TNH | e-mail to and from J weller re deps | 0.20 | $325.00 | $65.00 |
| 3/12/2014 | TNH | conf DAE re dep dates and time | 0.20 | $325.00 | $65.00 |
| 3/12/2014 | TNH | e-mail to and from DAE re deps telephonic | 0.10 | $325.00 | $32.50 |
| 3/12/2014 | TNH | conf DAE dep dep limitations | 0.30 | $325.00 | $97.50 |
| 3/12/2014 | TNH | conf SC re dep notice | 0.20 | $325.00 | $65.00 |
| 3/12/2014 | TNH | review file re dep scope | 0.40 | $325.00 | $130.00 |
| 3/13/2014 | DAE | conf TNH re deps | 0.30 | $600.00 | $180.00 |
| 3/13/2014 | TNH | conf DAE re deps | 0.30 | $325.00 | $97.50 |
| 3/13/2014 | TNH | e-mail to RB (expert) re Huston dep | 0.10 | $325.00 | $32.50 |
| 3/14/2014 | AD | ECF | 0.10 | $125.00 | $12.50 |
| 3/14/2014 | CMC | Conf DAE and TNH re disco requests/responses | 0.50 | $600.00 | $300.00 |
| 3/14/2014 | DAE | conf TNH and CMC re disco requests/responses | 0.50 | $600.00 | $300.00 |
| 3/14/2014 | DAE | review and revise motion to compel | 1.00 | $600.00 | $600.00 |
| 3/14/2014 | TNH | conf DAE and CMC re discovery requests/ responses | 0.50 | $325.00 | $162.50 |
| 3/14/2014 | TNH | edit and revise mtn to compel | 0.30 | $325.00 | $97.50 |
| 3/14/2014 | TNH | called J Weller (2x) left vm message | 0.10 | $325.00 | $32.50 |
| 3/14/2014 | TNH | call with Dave Schultz re discovery responses | 0.10 | $325.00 | $32.50 |
| 3/14/2014 | TNH | edit and revise amended mtn to compel | 0.30 | $325.00 | $97.50 |

| | | | | | |
|---|---|---|---|---|---|
| 3/14/2014 | TNH | draft Rule 37 letter to Weller | 0.30 | $325.00 | $97.50 |
| 3/14/2014 | TNH | e-mail letter to Weller | 0.10 | $325.00 | $32.50 |
| 3/16/2014 | DAE | prepare for deps | 4.00 | $600.00 | $2,400.00 |
| 3/17/2014 | CMC | Conf DAE and TNH re block present during dep | 0.40 | $600.00 | $240.00 |
| 3/17/2014 | DAE | conf TNH re dep and time | 0.30 | $600.00 | $180.00 |
| 3/17/2014 | DAE | Conf TNH and CMC re Block present during dep | 0.40 | $600.00 | $240.00 |
| 3/17/2014 | DAE | conf TNH re Rule 37 letter | 0.30 | $600.00 | $180.00 |
| 3/17/2014 | DAE | conf TNH re disco and docs needed for deps | 0.30 | $600.00 | $180.00 |
| 3/17/2014 | DAE | Conf TNH re supp disco requests | 0.50 | $600.00 | $300.00 |
| 3/17/2014 | DAE | prepare for deps | 4.00 | $600.00 | $2,400.00 |
| 3/17/2014 | SC | Conf w/TNH re: 3rd disc requests | 0.20 | $125.00 | $25.00 |
| 3/17/2014 | SC | Prrocessed dep notices, court reporter confirmations, disc requests, mtns | 0.30 | $125.00 | $37.50 |
| 3/17/2014 | SC | Edited 3rd disc requests, emailed/mailed to OC | 0.30 | $125.00 | $37.50 |
| 3/17/2014 | SC | Filed amended notice of motion | 0.10 | $125.00 | $12.50 |
| 3/17/2014 | SC | Conf TNH re revisions to second set of disco | 0.30 | $125.00 | $37.50 |
| 3/17/2014 | SC | Drafted 2nd, 3rd disc requests, 2nd amended re-notice of deps, hand delivered 2nd disc requests and dep notice to OC | 1.80 | $125.00 | $225.00 |
| 3/17/2014 | TNH | draft Rule 37 letter | 0.40 | $325.00 | $130.00 |
| 3/17/2014 | TNH | conf DAE reRule 37 letter | 0.30 | $325.00 | $97.50 |
| 3/17/2014 | TNH | edit and revise letter as per DAE | 0.30 | $325.00 | $97.50 |
| 3/17/2014 | TNH | e-mails from DAE re Paxton | 0.30 | $325.00 | $97.50 |

| | | | | | |
|---|---|---|---|---|---|
| 3/17/2014 | TNH | conf DAE re supplemental discovery requests | 0.50 | $325.00 | $162.50 |
| 3/17/2014 | TNH | conf SC re revisions to second set of discovery | 0.30 | $325.00 | $97.50 |
| 3/17/2014 | TNH | conf J Weller re dep end time | 0.30 | $325.00 | $97.50 |
| 3/17/2014 | TNH | conf DAE re dep end time | 0.30 | $325.00 | $97.50 |
| 3/17/2014 | TNH | conf DAE and CMC re Block present during dep | 0.40 | $325.00 | $130.00 |
| 3/17/2014 | TNH | e-mail to Rob Block re talking tomorrow re def's financials and dep | 0.10 | $325.00 | $32.50 |
| 3/17/2014 | TNH | conf J Weller re incomplete records | 0.10 | $325.00 | $32.50 |
| 3/17/2014 | TNH | call from Court re erroneous notice of mtn | 0.10 | $325.00 | $32.50 |
| 3/17/2014 | TNH | conf DAE re discovery and docs needed for dep | 0.30 | $325.00 | $97.50 |
| 3/18/2014 | CMC | conf w DAE & TLG; t/c Schultz re: disc and deps | 1.00 | $600.00 | $600.00 |
| 3/18/2014 | CMC | conf TNH and DAE re case | 0.30 | $600.00 | $180.00 |
| 3/18/2014 | CMC | Conf DAE and TNH | 0.40 | $600.00 | $240.00 |
| 3/18/2014 | CMC | Joint call with TNH and DAE to J Weller and D Schultz | 0.40 | $600.00 | $240.00 |
| 3/18/2014 | CMC | conf TNH re email from J Weller | 0.30 | $600.00 | $180.00 |
| 3/18/2014 | DAE | Conf with CMC and TLG; t/c Schultz | 1.00 | $600.00 | $600.00 |
| 3/18/2014 | DAE | conf call with Rob Block and TNH | 0.60 | $600.00 | $360.00 |
| 3/18/2014 | DAE | Conf TNH nad CMC re case | 0.30 | $600.00 | $180.00 |
| 3/18/2014 | DAE | prepare for deps, t/c opp counsel | 3.00 | $600.00 | $1,800.00 |
| 3/18/2014 | DAE | Conf TNH and CMC | 0.40 | $600.00 | $240.00 |
| 3/18/2014 | DAE | Joint call with TNH and CMC to J Weller and D Schultz | 0.40 | $600.00 | $240.00 |

| | | | | | |
|---|---|---|---|---|---|
| 3/18/2014 | SC | PC from barkley to confirm deps | 0.10 | $125.00 | $12.50 |
| 3/18/2014 | SC | Scanned in exhibits from Jones v. NCA dep of Huston to send to Weller | 0.40 | $125.00 | $50.00 |
| 3/18/2014 | SC | Scanned in DAE exhibits for dep of Gylling et al | 0.40 | $125.00 | $50.00 |
| 3/18/2014 | SC | Processed letters to/from OC | 0.10 | $125.00 | $12.50 |
| 3/18/2014 | TLG | conf with DAE and CMC; t/c with Schultz | 1.00 | $550.00 | $550.00 |
| 3/18/2014 | TNH | conf CMC re e-mail from J Weller | 0.30 | $325.00 | $97.50 |
| 3/18/2014 | TNH | conf DAE and CMC | 0.40 | $325.00 | $130.00 |
| 3/18/2014 | TNH | joint call to J Weller and CMC | 0.10 | $325.00 | $32.50 |
| 3/18/2014 | TNH | joint call with DAE and CMC to JWeller and DSchultz | 0.40 | $325.00 | $130.00 |
| 3/18/2014 | TNH | minute order re tomorrow's appearance stricken | 0.10 | $325.00 | $32.50 |
| 3/18/2014 | TNH | conference call with Rob Block and DAE | 0.60 | $325.00 | $195.00 |
| 3/18/2014 | TNH | conf DAE and CMC re case | 0.30 | $325.00 | $97.50 |
| 3/18/2014 | TNH | e-mail from J Weller | 0.20 | $325.00 | $65.00 |
| 3/19/2014 | DAE | deposition and preparation | 4.00 | $600.00 | $2,400.00 |
| 3/19/2014 | DAE | conf TNH re docs and Payday Loan | 0.30 | $600.00 | $180.00 |
| 3/19/2014 | JM | ecf | 0.10 | $125.00 | $12.50 |
| 3/19/2014 | SC | Prepared exhibits for dep, sent to court reporter, OC multiple times, PCs to court reporters, emails to/from court reporters, drafted dep notice, doc request | 2.20 | $125.00 | $275.00 |
| 3/19/2014 | TNH | conf J Weller re issues re court report and contact at law firm for deposition | 0.30 | $325.00 | $97.50 |
| 3/19/2014 | TNH | check e-mails re other Loan docs (re Payday Loans) | 0.40 | $325.00 | $130.00 |

| | | | | | |
|---|---|---|---|---|---|
| 3/19/2014 | TNH | sat in on Gylling dep | 3.00 | $325.00 | $975.00 |
| 3/19/2014 | TNH | conf DAE re docs and Payday Loan yes | 0.30 | $325.00 | $97.50 |
| 3/19/2014 | TNH | e-mail from Jennifer Weller re attachment | 0.10 | $325.00 | $32.50 |
| 3/20/2014 | CMC | work n sett docs | 0.10 | $600.00 | $60.00 |
| 3/20/2014 | DAE | Conf TNH re dep notices and additional doc requests | 0.30 | $600.00 | $180.00 |
| 3/20/2014 | DAE | depositions (2) and preparation | 4.00 | $600.00 | $2,400.00 |
| 3/20/2014 | SC | Conf TNH re serving dep notices and additional doc requests | 0.30 | $125.00 | $37.50 |
| 3/20/2014 | TNH | conf SC re serving dep notices and additonal doc requests | 0.30 | $325.00 | $97.50 |
| 3/20/2014 | TNH | depositions | 4.50 | $325.00 | $1,462.50 |
| 3/20/2014 | TNH | conf DAE re dep notices and additional doc requests | 0.30 | $325.00 | $97.50 |
| 3/21/2014 | SA | hand delivery discovery to Hinshaw | 0.50 | $125.00 | $62.50 |
| 3/21/2014 | SC | Drafted amended dep notice, sent to oc | 0.30 | $125.00 | $37.50 |
| 3/21/2014 | SC | conf TNH re noticing deps | 0.20 | $125.00 | $25.00 |
| 3/21/2014 | TNH | edit and revise notes from the Huston Deposition | 0.40 | $325.00 | $130.00 |
| 3/21/2014 | TNH | conf SC re noticing deps | 0.20 | $325.00 | $65.00 |
| 3/21/2014 | TNH | research identiy of deponent "Vicky" | 0.20 | $325.00 | $65.00 |
| 3/24/2014 | SC | Emailed exhibits from dep to dae | 0.20 | $125.00 | $25.00 |
| 3/24/2014 | SC | Processed disc requests, dep notices | 0.20 | $125.00 | $25.00 |
| 3/24/2014 | TS | Saved 1 ECF file | 0.10 | $125.00 | $12.50 |
| 3/25/2014 | DAE | send FOIA requests for loan documents to various agencies | 2.00 | $600.00 | $1,200.00 |

| | | | | | |
|---|---|---|---|---|---|
| 3/25/2014 | SC | Processed ct order, letter | 0.10 | $125.00 | $12.50 |
| 3/26/2014 | CMC | work on resp to 6th aff def | 0.30 | $600.00 | $180.00 |
| 3/26/2014 | DAE | conf TNH in prep formtn hearing | 0.40 | $600.00 | $240.00 |
| 3/26/2014 | DAE | motion hearing | 1.00 | $600.00 | $600.00 |
| 3/26/2014 | DAE | prepare response to aff defense 6 | 4.00 | $600.00 | $2,400.00 |
| 3/26/2014 | SC | Searched D's doc production for form letter for DAE | 0.20 | $125.00 | $25.00 |
| 3/26/2014 | SC | Printed docs for court for dae | 0.20 | $125.00 | $25.00 |
| 3/26/2014 | TNH | conf DAE in preparation for mtn hearing | 0.40 | $325.00 | $130.00 |
| 3/26/2014 | TNH | Pl's third mtn for class cert/D's mtn to amend aff defs/P's mtn to compel disc | 1.00 | $325.00 | $325.00 |
| 3/26/2014 | TNH | prep for mtn hearings | 0.50 | $325.00 | $162.50 |
| 3/27/2014 | DAE | email TNH re one way intervention | 0.10 | $600.00 | $60.00 |
| 3/27/2014 | DAE | prepare response to 6th aff def and s/j based thereon | 7.00 | $600.00 | $4,200.00 |
| 3/27/2014 | DAE | read TNH email re ordering transcript; respond to same | 0.10 | $700.00 | $70.00 |
| 3/27/2014 | DAE | Read email from TNH re conv with J Weller | 0.10 | $600.00 | $60.00 |
| 3/27/2014 | SC | Ordered transcript of mtn hearing | 0.20 | $125.00 | $25.00 |
| 3/27/2014 | SC | Conf TNH re ordering transcript of mtn hearing | 0.30 | $125.00 | $37.50 |
| 3/27/2014 | SC | read email from TNH re ordering transcript of mtn hearing; respond to same | 0.20 | $125.00 | $25.00 |
| 3/27/2014 | TNH | conf SC re ordering transcript of mtn hearing | 0.30 | $325.00 | $97.50 |
| 3/27/2014 | TNH | e-mail to and from SC re ordering transcript of mtn hearing | 0.20 | $325.00 | $65.00 |
| 3/27/2014 | TNH | e-mail from DAE re one-way intervention | 0.10 | $325.00 | $32.50 |

| | | | | | |
|---|---|---|---|---|---|
| 3/27/2014 | TNH | conf J Weller re one-way intervention | 0.20 | $325.00 | $65.00 |
| 3/27/2014 | TNH | e-mail to DAE re conv with J Weller | 0.10 | $325.00 | $32.50 |
| 3/27/2014 | TNH | review court order | 0.20 | $325.00 | $65.00 |
| 3/27/2014 | TNH | e-mail to and from DAE re ordering transcript | 0.10 | $325.00 | $32.50 |
| 3/27/2014 | TS | Saved 1 ECF file | 0.10 | $125.00 | $12.50 |
| 3/28/2014 | CMC | work on mot sj 6th aff def | 0.50 | $600.00 | $300.00 |
| 3/28/2014 | SC | Read email from TNH re J Weller Response re one way intervention issue | 0.10 | $125.00 | $12.50 |
| 3/28/2014 | SC | Proofread mtn re: one way intervention, prepared for filing | 0.40 | $125.00 | $50.00 |
| 3/28/2014 | SC | Filed mtn re: one way intervention, prepared courtesy copy | 0.30 | $125.00 | $37.50 |
| 3/28/2014 | SC | PCs to/from TNH re: communication from Weller | 0.20 | $125.00 | $25.00 |
| 3/28/2014 | SC | Prepared exhibits to response to 6th aff defense, redacted | 1.50 | $125.00 | $187.50 |
| 3/28/2014 | SC | Looked up lenders in IL dept of financial and prof regulation website, drafted affidavit | 0.60 | $125.00 | $75.00 |
| 3/28/2014 | SC | Drafted 5th discovery requests, hand delivered to OC | 0.80 | $125.00 | $100.00 |
| 3/28/2014 | TNH | call from SC re heard from J Weller | 0.20 | $325.00 | $65.00 |
| 3/28/2014 | TNH | e-mail to SC re J Weller response (none) re one-way intervention issue | 0.10 | $325.00 | $32.50 |
| 3/28/2014 | TS | Saved 1 ECF file | 0.10 | $125.00 | $12.50 |
| 3/29/2014 | DAE | work on s/j papers | 3.00 | $600.00 | $1,800.00 |
| 3/31/2014 | SC | Edited SMF, assembled exhibits, redacted exhibits | 2.80 | $125.00 | $350.00 |

| | | | | | |
|---|---|---|---|---|---|
| 3/31/2014 | SC | Assembled exhibits to SMF, redaction, (more), drafted declaration of dae | 0.50 | $125.00 | $62.50 |
| 4/01/2014 | CMC | conf TNH and DAE re motion hearing tomorrow | 0.50 | $600.00 | $300.00 |
| 4/01/2014 | DAE | conf CMC and TNH re mtn hearing tomorrow | 0.50 | $600.00 | $300.00 |
| 4/01/2014 | DAE | read email from TNH re voicemail message from J WEller; respond to same | 0.20 | $600.00 | $120.00 |
| 4/01/2014 | DAE | read TNH email re def's request for dep originals | 0.10 | $600.00 | $60.00 |
| 4/01/2014 | DAE | Conf TNH re def's request re original dep transcripts | 0.10 | $600.00 | $60.00 |
| 4/01/2014 | SC | conf TNH re redactions and confidential info | 0.20 | $125.00 | $25.00 |
| 4/01/2014 | SC | Futher redacted and proofed exhibits to R 56.1 statement and response to 6th aff defense | 1.40 | $125.00 | $175.00 |
| 4/01/2014 | SC | Prepared response to 6th aff defense for filing | 0.40 | $125.00 | $50.00 |
| 4/01/2014 | SC | Filed response to 6th aff defense, prepared courtesy copy (bound) for judge | 0.60 | $125.00 | $75.00 |
| 4/01/2014 | SC | Edited declaration of DAE | 0.40 | $125.00 | $50.00 |
| 4/01/2014 | SC | Drafted updated dep notice, mailed, emailed to OC, sent to court reporter | 0.30 | $125.00 | $37.50 |
| 4/01/2014 | TNH | conf DAE & CMC re mtn hearing tomorrow | 0.50 | $325.00 | $162.50 |
| 4/01/2014 | TNH | voicemail message from J Weller | 0.10 | $325.00 | $32.50 |
| 4/01/2014 | TNH | e-mail to and from DAE re voicemail message room J Weller | 0.20 | $325.00 | $65.00 |
| 4/01/2014 | TNH | Conf SC re redactions and confidential info | 0.20 | $325.00 | $65.00 |
| 4/01/2014 | TNH | Email from OC re sending orig. dep transcript to deponents | 0.10 | $325.00 | $32.50 |

| | | | | | |
|---|---|---|---|---|---|
| 4/01/2014 | TNH | Email DAE re def's request for dep originals | 0.10 | $325.00 | $32.50 |
| 4/01/2014 | TNH | conf dae re def's request re original dep transcripts | 0.10 | $325.00 | $32.50 |
| 4/01/2014 | TNH | e-mail from J Weller re deps | 0.10 | $325.00 | $32.50 |
| 4/01/2014 | TNH | review response to be filed today | 0.30 | $325.00 | $97.50 |
| 4/02/2014 | DAE | appear on motion re one way intervention | 1.00 | $600.00 | $600.00 |
| 4/02/2014 | DAE | conf TNH re deps | 0.10 | $600.00 | $60.00 |
| 4/02/2014 | DAE | Email TNH re Block's report | 0.10 | $600.00 | $60.00 |
| 4/02/2014 | DAE | conf TNH re requesting timeframe for expert report | 0.10 | $600.00 | $60.00 |
| 4/02/2014 | SC | Processed letters re: freedom of information act | 0.10 | $125.00 | $12.50 |
| 4/02/2014 | TNH | conf DAE re deps | 0.10 | $325.00 | $32.50 |
| 4/02/2014 | TNH | P's mtn to require D to state whether it waives any objection based on 1-way intervention | 1.00 | $325.00 | $325.00 |
| 4/02/2014 | TNH | e-mail from DAE re Blocks report | 0.10 | $325.00 | $32.50 |
| 4/02/2014 | TNH | conf DAE re requesting timeframe for expert report | 0.10 | $325.00 | $32.50 |
| 4/02/2014 | TNH | e-mail to and from Mr. Block re status of report | 0.30 | $325.00 | $97.50 |
| 4/03/2014 | CMC | conf DAE and TNH re traveling to Milwaukee for deps | 0.20 | $600.00 | $120.00 |
| 4/03/2014 | DAE | read/resp to TNH emails re deps in Milwaukee | 0.20 | $600.00 | $120.00 |
| 4/03/2014 | DAE | conf TNH and CMC re traveling to Milwaukee for deps | 0.20 | $600.00 | $120.00 |
| 4/03/2014 | SC | conf SC re noticing deps (2nd time) | 0.10 | $125.00 | $12.50 |

| | | | | | |
|---|---|---|---|---|---|
| 4/03/2014 | SC | conf TNH re renoticing deps | 0.10 | $125.00 | $12.50 |
| 4/03/2014 | SC | Prepared exhibits for DAE for dep | 0.30 | $125.00 | $37.50 |
| 4/03/2014 | SC | Emailed/mailed amended dep notice to OC, emailed to court reporter, emailed protective order to court reporter | 0.40 | $125.00 | $50.00 |
| 4/03/2014 | SC | Drafted amended dep notice | 0.20 | $125.00 | $25.00 |
| 4/03/2014 | TNH | e-mail from J weller re deps in Milwaukee (2x) | 0.20 | $325.00 | $65.00 |
| 4/03/2014 | TNH | conf SC re renoticing deps | 0.10 | $325.00 | $32.50 |
| 4/03/2014 | TNH | e-mails to and from DAE re deps in Milwaukee | 0.20 | $325.00 | $65.00 |
| 4/03/2014 | TNH | conf DAE and CMC re traveling to Milwaukee for deps | 0.20 | $325.00 | $65.00 |
| 4/03/2014 | TNH | conf SC re re noticing deps (2nd time) | 0.10 | $325.00 | $32.50 |
| 4/03/2014 | TS | Saved 1 ECF file | 0.10 | $125.00 | $12.50 |
| 4/04/2014 | JM | ecf | 0.10 | $125.00 | $12.50 |
| 4/07/2014 | DAE | read/resp to TNH email re avilability for dep | 0.10 | $600.00 | $60.00 |
| 4/07/2014 | SC | Emailed dep transcript to block, drafted letter, put files on CD, mailed to block | 0.40 | $125.00 | $50.00 |
| 4/07/2014 | SC | PC from barkley re: confirmation of dep | 0.10 | $125.00 | $12.50 |
| 4/07/2014 | SC | emailed barkley re: exhibits to dep | 0.10 | $125.00 | $12.50 |
| 4/07/2014 | SC | Processed court orders, transcript, signed pro order | 0.20 | $125.00 | $25.00 |
| 4/07/2014 | TNH | e-mail from Robert Block re availability for dep | 0.10 | $325.00 | $32.50 |
| 4/07/2014 | TNH | e-mail to and from DAE re availability for dep | 0.10 | $325.00 | $32.50 |
| 4/07/2014 | TNH | e-mail to and from J Weller re dep exhibits | 0.10 | $325.00 | $32.50 |
| 4/08/2014 | DAE | deposition and preparation | 4.00 | $600.00 | $2,400.00 |

| | | | | | |
|---|---|---|---|---|---|
| 4/08/2014 | SC | Emailed exhibit 11 to court reporter, oc, dae, emaild barkely about other missing exhibits | 0.30 | $125.00 | $37.50 |
| 4/08/2014 | SC | Printed docs for DAE for dep | 0.20 | $125.00 | $25.00 |
| 4/08/2014 | TNH | deposition for Lori | 1.40 | $325.00 | $455.00 |
| 4/09/2014 | DAE | conf TNH re sj exhibits | 0.10 | $600.00 | $60.00 |
| 4/09/2014 | JOL | conf TNH re sj brief | 0.10 | $600.00 | $60.00 |
| 4/09/2014 | SC | conf TNH re sj exhibits | 0.10 | $125.00 | $12.50 |
| 4/09/2014 | SC | Made redwalls of DAE notes re: summary judgment motions | 0.30 | $125.00 | $37.50 |
| 4/09/2014 | SC | Made redwall of original transcripts | 0.20 | $125.00 | $25.00 |
| 4/09/2014 | TNH | conf JOL re sj brief | 0.10 | $325.00 | $32.50 |
| 4/09/2014 | TNH | conf DAE re sj exhibits | 0.10 | $325.00 | $32.50 |
| 4/09/2014 | TNH | conf SC re sj exhibits | 0.10 | $325.00 | $32.50 |
| 4/10/2014 | SC | conf TNH re sending amended complaint to Block | 0.20 | $125.00 | $25.00 |
| 4/10/2014 | SC | Emailed complaint to block | 0.10 | $125.00 | $12.50 |
| 4/10/2014 | TNH | Email Block re complaint | 0.10 | $325.00 | $32.50 |
| 4/10/2014 | TNH | CONF SC RE SENDING AMENDED COMPLAINT TO ROB BLOCK | 0.20 | $325.00 | $65.00 |
| 4/11/2014 | DAE | conf TNH re Block's expert | 0.40 | $600.00 | $240.00 |
| 4/11/2014 | TNH | conf DAE re Mr. Block's expert report | 0.40 | $325.00 | $130.00 |
| 4/14/2014 | CMC | expert report | 0.50 | $600.00 | $300.00 |
| 4/14/2014 | DAE | conf TNH re expert report | 0.30 | $600.00 | $180.00 |
| 4/14/2014 | SC | Processed expert report | 0.10 | $125.00 | $12.50 |
| 4/14/2014 | TNH | copy report for CMC and CL | 0.30 | $325.00 | $97.50 |
| 4/14/2014 | TNH | e-mail from [redacted] | 0.10 | $325.00 | $32.50 |

| | | | | | |
|---|---|---|---|---|---|
| 4/14/2014 | TNH | conf DAE [redacted] | 0.30 | $325.00 | $97.50 |
| 4/15/2014 | DAE | conf TNH [redacted] | 0.30 | $600.00 | $180.00 |
| 4/15/2014 | SC | conf TNH [redacted] | 0.30 | $125.00 | $37.50 |
| 4/15/2014 | TNH | conf J Weller re exhibits and protective Order | 0.20 | $325.00 | $65.00 |
| 4/15/2014 | TNH | review expert report and Rule 26 | 0.50 | $325.00 | $162.50 |
| 4/15/2014 | TNH | conf DAE re Block report & Rule 26 | 0.30 | $325.00 | $97.50 |
| 4/15/2014 | TNH | conf SC re report- compensation and scan and e-mail | 0.30 | $325.00 | $97.50 |
| 4/15/2014 | TNH | e-mail Mr. Block re report | 0.10 | $325.00 | $32.50 |
| 4/16/2014 | DAE | cont TNH re expert disco schedule | 0.10 | $600.00 | $60.00 |
| 4/16/2014 | DAE | conf TNH re questions from Block | 0.10 | $600.00 | $60.00 |
| 4/16/2014 | SC | Emailed TNH re: PC from Block | 0.10 | $125.00 | $12.50 |
| 4/16/2014 | TNH | conf DAE re questions from Block | 0.10 | $325.00 | $32.50 |
| 4/16/2014 | TNH | e-mail to Weller re agreement re expert schedule | 0.10 | $325.00 | $32.50 |
| 4/16/2014 | TNH | e-mail to Block re deposition and report | 0.20 | $325.00 | $65.00 |
| 4/16/2014 | TNH | conf [redacted] | 0.40 | $325.00 | $130.00 |
| 4/16/2014 | TNH | e-mail to J Weller re deposing expert Block | 0.10 | $325.00 | $32.50 |
| 4/16/2014 | TNH | e-mail from Jweller re proposing expert discovery schedule | 0.10 | $325.00 | $32.50 |
| 4/16/2014 | TNH | conf DAE re expert discovery schedule | 0.10 | $325.00 | $32.50 |
| 4/21/2014 | CMC | disc | 0.20 | $600.00 | $120.00 |
| 4/21/2014 | DAE | conf TNH re Def's request for 2 day extension | 0.20 | $600.00 | $120.00 |
| 4/21/2014 | DAE | conf TNH re discovery | 0.40 | $600.00 | $240.00 |

| | | | | | |
|---|---|---|---|---|---|
| 4/21/2014 | SC | PCs from OC | 0.20 | $125.00 | $25.00 |
| 4/21/2014 | TNH | conf DAE re expert discovery schedule | 0.40 | $325.00 | $130.00 |
| 4/21/2014 | TNH | e-mail to and from Mr. Block re report and def's expert witness | 0.20 | $325.00 | $65.00 |
| 4/21/2014 | TNH | e-mail from J Weller re discovery responses | 0.10 | $325.00 | $32.50 |
| 4/21/2014 | TNH | conf DAE re Def's request for 2 day extension | 0.20 | $325.00 | $65.00 |
| 4/21/2014 | TNH | conf J Weller re discovery responses | 0.20 | $325.00 | $65.00 |
| 4/21/2014 | TNH | e-mail from and to JWeller re joint mtn for expert schedule | 0.20 | $325.00 | $65.00 |
| 4/21/2014 | TNH | review mtn re expert discovery | 0.20 | $325.00 | $65.00 |
| 4/22/2014 | CMC | motion to compel | 1.00 | $600.00 | $600.00 |
| 4/22/2014 | CMC | work on mot to compel | 0.50 | $600.00 | $300.00 |
| 4/22/2014 | CMC | conf DAE and TNH re revisions to mtn to compel | 0.30 | $600.00 | $180.00 |
| 4/22/2014 | CMC | Conf DAE and TNH re disco | 0.50 | $600.00 | $300.00 |
| 4/22/2014 | CMC | conf DAE and TNH re report | 0.30 | $600.00 | $180.00 |
| 4/22/2014 | CMC | conf DAE and TNH re rule 37 conference and mtn to compel | 0.30 | $600.00 | $180.00 |
| 4/22/2014 | DAE | conf CMC and TNH re report | 0.30 | $600.00 | $180.00 |
| 4/22/2014 | DAE | conf CMC and TNH re rule 37 conf. and mtn to compel | 0.30 | $600.00 | $180.00 |
| 4/22/2014 | DAE | conf CMC and TNH re revisions to mtn to compel | 0.30 | $600.00 | $180.00 |
| 4/22/2014 | DAE | conf TNH and CMC re disco | 0.50 | $600.00 | $300.00 |
| 4/22/2014 | JM | ecf | 0.20 | $125.00 | $25.00 |
| 4/22/2014 | JM | ecf | 0.10 | $125.00 | $12.50 |

| | | | | | |
|---|---|---|---|---|---|
| 4/22/2014 | SC | Looked up terms used in disc requests in D's disc responses, printed for TNH | 0.20 | $125.00 | $25.00 |
| 4/22/2014 | SC | Typed more disc requests/responses to mtn to compel | 0.40 | $125.00 | $50.00 |
| 4/22/2014 | SC | Proof-read, edited mtn to compel, looked up local rules re: filing under seal | 0.50 | $125.00 | $62.50 |
| 4/22/2014 | SC | Typed disc requests/responses into mtn to compel | 0.30 | $125.00 | $37.50 |
| 4/22/2014 | TNH | conf J Weller re discovery responses | 0.20 | $325.00 | $65.00 |
| 4/22/2014 | TNH | conf DAE and CMC re discovery | 0.50 | $325.00 | $162.50 |
| 4/22/2014 | TNH | conf Robert Block re report | 0.20 | $325.00 | $65.00 |
| 4/22/2014 | TNH | conf DAE & CMC re report | 0.30 | $325.00 | $97.50 |
| 4/22/2014 | TNH | conf DAEand CMC re rule 37 conference and mtn to compel | 0.30 | $325.00 | $97.50 |
| 4/22/2014 | TNH | e-mail from Robert BLock | 0.20 | $325.00 | $65.00 |
| 4/22/2014 | TNH | DRAFT MTN TO COMPEL/ EDIT AND REVISE MTN TO COMPEL | 4.20 | $325.00 | $1,365.00 |
| 4/22/2014 | TNH | Conf CMC and DAE re revisions to mtn to compel | 0.30 | $325.00 | $97.50 |
| 4/23/2014 | CMC | conf DAE and TNH re def's resp to 4th disco request | 0.40 | $600.00 | $240.00 |
| 4/23/2014 | CMC | work on mot to compel | 1.00 | $600.00 | $600.00 |
| 4/23/2014 | DAE | conf TNH and CMC re def's resp to 4th disco request | 0.40 | $600.00 | $240.00 |
| 4/23/2014 | DAE | revise motion to compel | 2.00 | $600.00 | $1,200.00 |
| 4/23/2014 | FRG | conf. TNH re: filing motion to compel under seal | 0.20 | $480.00 | $96.00 |
| 4/23/2014 | SC | conf TNH re mtn to compel and exhibits | 0.40 | $125.00 | $50.00 |
| 4/23/2014 | TNH | work on mtn to compel (3rd) | 1.40 | $325.00 | $455.00 |

| | | | | | |
|---|---|---|---|---|---|
| 4/23/2014 | TNH | e-mail to client [redacted] | 0.20 | $325.00 | $65.00 |
| 4/23/2014 | TNH | Conf DAE and CMC re def's responses to 4th discovery request | 0.40 | $325.00 | $130.00 |
| 4/23/2014 | TNH | e-mail to J Weller re Rule 37 conference | 0.10 | $325.00 | $32.50 |
| 4/23/2014 | TNH | conf FRG re rules for filing under seal | 0.30 | $325.00 | $97.50 |
| 4/23/2014 | TNH | review exhibits re mtn to compel and redacting | 0.60 | $325.00 | $195.00 |
| 4/23/2014 | TNH | conf SC re mtn to compel and exhibits | 0.40 | $325.00 | $130.00 |
| 4/23/2014 | TNH | review def's responses to 4th discovery requests | 0.40 | $325.00 | $130.00 |
| 4/24/2014 | CMC | conf DAE and TNH re disco responses and rule 37 conf | 1.00 | $600.00 | $600.00 |
| 4/24/2014 | CMC | conf call with DAE, TNH and J Weller | 0.40 | $600.00 | $240.00 |
| 4/24/2014 | CMC | rev disc; t/c JWeller | 1.20 | $600.00 | $720.00 |
| 4/24/2014 | DAE | conf TNH and CMC re disco responses and rule 37 conf. | 1.00 | $600.00 | $600.00 |
| 4/24/2014 | DAE | conf call with TNH, CMC, and J Weller | 0.40 | $600.00 | $240.00 |
| 4/24/2014 | SC | Printed dep transcripts for TNH, DAE | 0.20 | $125.00 | $25.00 |
| 4/24/2014 | TNH | conf DAE and CMC re discovery responses and Rule 37 conf | 1.00 | $325.00 | $325.00 |
| 4/24/2014 | TNH | conference call with J weller CMC and DAE | 0.40 | $325.00 | $130.00 |
| 4/24/2014 | TNH | work on MTN to Compel | 3.40 | $325.00 | $1,105.00 |
| 4/25/2014 | CMC | work on mot to compel | 0.30 | $600.00 | $180.00 |
| 4/25/2014 | CMC | work on mot to compel | 0.80 | $600.00 | $480.00 |
| 4/25/2014 | DAE | work on 2nd motion to compel | 2.00 | $600.00 | $1,200.00 |
| 4/25/2014 | TNH | edit and revise mtn to compel | 0.50 | $325.00 | $162.50 |
| 4/28/2014 | SC | Processed mtns to compel, d's disc requests | 0.20 | $125.00 | $25.00 |

| | | | | | |
|---|---|---|---|---|---|
| 4/28/2014 | TNH | e-mail to and from J Weller re mtns to compel | 0.20 | $325.00 | $65.00 |
| 4/29/2014 | CMC | conf DAE and TNH re tomorrow's ct app | 0.20 | $600.00 | $120.00 |
| 4/29/2014 | DAE | conf TNH and CMC re tomorrow's ct app | 0.20 | $600.00 | $120.00 |
| 4/29/2014 | TNH | conf DAE and CMC re tomorrow's court app | 0.20 | $325.00 | $65.00 |
| 4/30/2014 | CMC | attend at mot | 1.20 | $600.00 | $720.00 |
| 4/30/2014 | DAE | court appearance on motions to compel | 1.20 | $600.00 | $720.00 |
| 4/30/2014 | DAE | conf TNH re filing redacted mtn to compel | 0.20 | $600.00 | $120.00 |
| 4/30/2014 | DAE | email TNH re what Block reviewed | 0.10 | $600.00 | $60.00 |
| 4/30/2014 | SC | conf TNH re filing initial version of mtn to compel | 0.10 | $125.00 | $12.50 |
| 4/30/2014 | SC | conf TNH re sending draft ment of Weller | 0.10 | $125.00 | $12.50 |
| 4/30/2014 | SC | Printed docs for TNH/DAE for court | 0.30 | $125.00 | $37.50 |
| 4/30/2014 | SC | Processed d's discovery responses | 0.10 | $125.00 | $12.50 |
| 4/30/2014 | SC | Emailed court reporter re: hess dep transcript | 0.10 | $125.00 | $12.50 |
| 4/30/2014 | TNH | conf DAE re filing redacted mtn to compel | 0.20 | $325.00 | $65.00 |
| 4/30/2014 | TNH | conf SC re filing initial version of mtn to compel | 0.10 | $325.00 | $32.50 |
| 4/30/2014 | TNH | conf SC re sending draft ment ot weller | 0.10 | $325.00 | $32.50 |
| 4/30/2014 | TNH | e-mail from DAE re what Block reviewed | 0.10 | $325.00 | $32.50 |
| 5/01/2014 | DAE | email TNH re Block and Jones | 0.00 | $600.00 | $0.00 |
| 5/01/2014 | DAE | conf TNH re questions for Mr. Block | 0.10 | $600.00 | $60.00 |
| 5/01/2014 | JM | ecf | 0.10 | $125.00 | $12.50 |

| | | | | | |
|---|---|---|---|---|---|
| 5/01/2014 | SC | Emailed redacted mtn to compel to OC | 0.30 | $125.00 | $37.50 |
| 5/01/2014 | TNH | conf Rob Block re Jones v. NCA- what did he consider | 0.20 | $325.00 | $65.00 |
| 5/01/2014 | TNH | called Rob Block re report and Jones- left vm message | 0.10 | $325.00 | $32.50 |
| 5/01/2014 | TNH | e-mail from DAE re Rob Block and Jones | 0.10 | $325.00 | $32.50 |
| 5/01/2014 | TNH | conf DAE re questions for Mr. Block | 0.10 | $325.00 | $32.50 |
| 5/01/2014 | TNH | voice mail message from Rob Block | 0.10 | $325.00 | $32.50 |
| 5/01/2014 | TNH | conf DAE re waiting for Weller re redacted docs | 0.10 | $325.00 | $32.50 |
| 5/01/2014 | TNH | e-mail order re expert schedule to Rob Block | 0.10 | $325.00 | $32.50 |
| 5/02/2014 | SC | Processed ct order, dep of hess | 0.10 | $125.00 | $12.50 |
| 5/02/2014 | SC | Printed dep transcript of hess for tnh, dae | 0.20 | $125.00 | $25.00 |
| 5/05/2014 | AD | ecf | 0.10 | $125.00 | $12.50 |
| 5/06/2014 | SC | Processed court order | 0.10 | $125.00 | $12.50 |
| 5/07/2014 | SC | Drafted 26a2 disclosure, emailed/mailed to OC | 0.30 | $125.00 | $37.50 |
| 5/07/2014 | SC | Processed expert report | 0.10 | $125.00 | $12.50 |
| 5/07/2014 | TNH | e-mail from J Weller re status of redacted mtn | 0.10 | $325.00 | $32.50 |
| 5/09/2014 | SC | Redacted motion to compel w/d's change, sent to OC | 0.30 | $125.00 | $37.50 |
| 5/12/2014 | CMC | conf TNH and DAe re FOIA request - disclosure after disco closes | 0.30 | $600.00 | $180.00 |
| 5/12/2014 | CMC | conf DAE, JOL, and TNH re status on Wed and Weller response | 0.00 | $600.00 | $0.00 |
| 5/12/2014 | DAE | conf TNH, CMC, JOL re status on Wed and Weller response | 0.30 | $600.00 | $180.00 |

| | | | | | |
|---|---|---|---|---|---|
| 5/12/2014 | DAE | Email TNH re status on Wed | 0.20 | $600.00 | $120.00 |
| 5/12/2014 | DAE | email TNH re FOIA request | 0.10 | $600.00 | $60.00 |
| 5/12/2014 | DAE | conf TNH and CMC re FOIA Request-disclosure after disco closes | 0.30 | $600.00 | $180.00 |
| 5/12/2014 | JOL | conf TNH, CMC, and DAEre status on Wed and Weller response | 0.30 | $600.00 | $180.00 |
| 5/12/2014 | JOL | Email TNH re status on Wed | 0.10 | $600.00 | $60.00 |
| 5/12/2014 | TNH | e-mails from DAE re status on Wednesday | 0.20 | $325.00 | $65.00 |
| 5/12/2014 | TNH | e-mail to J Weller re supplementing discovery | 0.10 | $325.00 | $32.50 |
| 5/12/2014 | TNH | e-mail from DAE re FOIA request | 0.10 | $325.00 | $32.50 |
| 5/12/2014 | TNH | conf DAE and CMC re FOIA Request-disclosure after discovery closes | 0.30 | $325.00 | $97.50 |
| 5/12/2014 | TNH | e-mail from JOL re status on Wed | 0.10 | $325.00 | $32.50 |
| 5/12/2014 | TNH | conf DAE, CMC and JOL re status on Wednesday and Weller response | 0.30 | $325.00 | $97.50 |
| 5/12/2014 | TNH | e-mail to JWEller re status of mtn | 0.10 | $325.00 | $32.50 |
| 5/13/2014 | DAE | conf JOL and TNH re outstanding disco | 0.20 | $600.00 | $120.00 |
| 5/13/2014 | DAE | conf TNH re docs ot serve re disco | 0.30 | $600.00 | $180.00 |
| 5/13/2014 | DAE | conf JOL and TNH re case and mtns to compel | 0.50 | $600.00 | $300.00 |
| 5/13/2014 | JOL | Conf DAE and TNH re case and mtns to compel | 0.50 | $600.00 | $300.00 |
| 5/13/2014 | JOL | conf TNH and DAE re outstanding disco | 0.20 | $600.00 | $120.00 |
| 5/13/2014 | SC | conf TNH re servign doc proudction | 0.40 | $125.00 | $50.00 |
| 5/13/2014 | SC | Prepared, filed mtn to compel (redacted) | 0.30 | $125.00 | $37.50 |
| 5/13/2014 | TNH | conf JOL and DAE re outstanding discovery | 0.20 | $325.00 | $65.00 |

| | | | | | |
|---|---|---|---|---|---|
| 5/13/2014 | TNH | Conf JOL and DAE re case and mtns to compel | 0.50 | $325.00 | $162.50 |
| 5/13/2014 | TNH | e-mail from J Weller re docs to be produced | 0.10 | $325.00 | $32.50 |
| 5/13/2014 | TNH | conf SC re serving doc production | 0.30 | $325.00 | $97.50 |
| 5/13/2014 | TNH | conf DAE re docs to serve re discovery | 0.30 | $325.00 | $97.50 |
| 5/14/2014 | DAE | conf TNh re waiting for Weller re redacted docs | 0.10 | $600.00 | $60.00 |
| 5/14/2014 | DAE | conf TNH re outcome of court appearance | 0.10 | $600.00 | $60.00 |
| 5/14/2014 | JOL | conf TNH re court appearance | 0.20 | $600.00 | $120.00 |
| 5/14/2014 | JOL | rev of new documents; appear on status | 2.30 | $600.00 | $1,380.00 |
| 5/14/2014 | SC | Processed mtn to compel, notice, made redwall | 0.20 | $125.00 | $25.00 |
| 5/14/2014 | TNH | JOL re court appearance | 0.20 | $325.00 | $65.00 |
| 5/14/2014 | TNH | conf DAE re outcome of court appearance | 0.10 | $325.00 | $32.50 |
| 5/15/2014 | AD | ecf | 0.20 | $125.00 | $25.00 |
| 5/16/2014 | SC | Processed ct order | 0.10 | $125.00 | $12.50 |
| 5/17/2014 | DAE | analyze new doc production | 2.00 | $600.00 | $1,200.00 |
| 5/20/2014 | DAE | read TNH email re Block dep | 0.10 | $600.00 | $60.00 |
| 5/20/2014 | TNH | check TNH and DAE availability for Block dep | 0.10 | $325.00 | $32.50 |
| 5/20/2014 | TNH | e-mail from J Weller re Block dep | 0.10 | $325.00 | $32.50 |
| 5/20/2014 | TNH | e-mail to DAE re Block dep | 0.10 | $325.00 | $32.50 |
| 5/22/2014 | SC | Processed email to expert | 0.10 | $125.00 | $12.50 |
| 5/27/2014 | AD | ecf | 0.10 | $125.00 | $12.50 |
| 5/27/2014 | DAE | conf TNH re outstanding issues re class | 0.20 | $600.00 | $120.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | certification | | | |
| 5/27/2014 | JOL | rev of court order; conf hak | 0.20 | $600.00 | $120.00 |
| 5/27/2014 | SC | Emailed D's supplemental doc production to Block (in 9 separate emails) | 0.30 | $125.00 | $37.50 |
| 5/27/2014 | TNH | call Judge Grady's clerk re issue re motion to compel | 0.20 | $325.00 | $65.00 |
| 5/27/2014 | TNH | e-mail from J Weller re conference call | 0.10 | $325.00 | $32.50 |
| 5/27/2014 | TNH | conf DAE re outstanding issues re class certification | 0.20 | $325.00 | $65.00 |
| 5/27/2014 | TNH | call from Judge Grady clerk re resetting hearing for tomorrow | 0.20 | $325.00 | $65.00 |
| 5/28/2014 | JM | ecf | 0.10 | $125.00 | $12.50 |
| 5/28/2014 | SC | Processed court orders | 0.10 | $125.00 | $12.50 |
| 5/29/2014 | DAE | conf TNH re extending expert disco schedule | 0.10 | $600.00 | $60.00 |
| 5/29/2014 | DAE | Email TNH re additional disco needed | 0.10 | $600.00 | $60.00 |
| 5/29/2014 | JM | ecf | 0.10 | $125.00 | $12.50 |
| 5/29/2014 | SC | Prepared mtns to compel to file under seal, looked up rules, called clerk, took docs to court to file, made copies, took copies to clerk to file, prepared courtesy copies for judge | 1.90 | $125.00 | $237.50 |
| 5/29/2014 | SC | Looked up DAE, TNH schedules re: Block expert dep | 0.20 | $125.00 | $25.00 |
| 5/29/2014 | TNH | Emails to and from J Weller re availibility for app before Judge Rowland | 0.20 | $325.00 | $65.00 |
| 5/29/2014 | TNH | Emails to and from J Weller re extending expert disco schedule | 0.20 | $325.00 | $65.00 |
| 5/29/2014 | TNH | Conf DAE re extending expert disco schedule | 0.10 | $325.00 | $32.50 |
| 5/29/2014 | TNH | Read DAE email re additional disco needed | 0.10 | $325.00 | $32.50 |

| | | | | | |
|---|---|---|---|---|---|
| 5/29/2014 | TS | Saved 1 ECF file | 0.10 | $125.00 | $12.50 |
| 5/30/2014 | DR | ecf | 0.20 | $125.00 | $25.00 |
| 5/30/2014 | SC | processed ct orders | 0.20 | $125.00 | $25.00 |
| 6/02/2014 | DAE | email TNH/Block | 0.20 | $600.00 | $120.00 |
| 6/02/2014 | TNH | e-mail from RobBlock/ DAE | 0.20 | $325.00 | $65.00 |
| 6/02/2014 | TNH | review mtn for an extension of time | 0.20 | $325.00 | $65.00 |
| 6/03/2014 | TNH | e-mail to and from J Weller | 0.20 | $325.00 | $65.00 |
| 6/04/2014 | DR | ECF | 0.10 | $125.00 | $12.50 |
| 6/04/2014 | TNH | e-mail to and from J Weller | 0.20 | $325.00 | $65.00 |
| 6/05/2014 | CMC | conf DAE and TNH re disco and conf with J Weller | 0.30 | $600.00 | $180.00 |
| 6/05/2014 | DAE | conf TNH and CMC re disco and conf with J Weller | 0.30 | $600.00 | $180.00 |
| 6/05/2014 | SC | Processed d's motion for extension | 0.10 | $125.00 | $12.50 |
| 6/05/2014 | SC | Looked through D's document production for bates stamped docs D wants, emailed to OC | 0.40 | $125.00 | $50.00 |
| 6/05/2014 | TNH | conf J Weller re rescheduling conference call by 30 minutes | 0.10 | $325.00 | $32.50 |
| 6/05/2014 | TNH | e-mail to Rob Block re dep | 0.20 | $325.00 | $65.00 |
| 6/05/2014 | TNH | e-mail to and from J Weller re date or Block Dep | 0.10 | $325.00 | $32.50 |
| 6/05/2014 | TNH | review docs in preparation for conference with J Weller | 1.50 | $325.00 | $487.50 |
| 6/05/2014 | TNH | conf DAE and CMC re discovery and conf with J Weller | 0.30 | $325.00 | $97.50 |
| 6/05/2014 | TNH | conf with J weller re discovery issues | 0.50 | $325.00 | $162.50 |
| 6/05/2014 | TS | Saved 1 ECF file | 0.10 | $125.00 | $12.50 |

| | | | | | |
|---|---|---|---|---|---|
| 6/06/2014 | SC | Processed ct order, made redwall | 0.20 | $125.00 | $25.00 |
| 6/10/2014 | AD | ecf | 0.10 | $125.00 | $12.50 |
| 6/10/2014 | DAE | conf TNH re mtn to compel and ntc of resolution | 0.10 | $600.00 | $60.00 |
| 6/10/2014 | SC | Drafted notice of resolution | 0.30 | $125.00 | $37.50 |
| 6/10/2014 | SC | Filed notice of resolution | 0.20 | $125.00 | $25.00 |
| 6/10/2014 | TNH | conf J Weller re mtns to compel.1 | 0.10 | $325.00 | $32.50 |
| 6/10/2014 | TNH | e-mail to and from J Weller re mtns to compel | 0.10 | $325.00 | $32.50 |
| 6/10/2014 | TNH | ecf notification from court re new hearing time | 0.10 | $325.00 | $32.50 |
| 6/10/2014 | TNH | Conf DAE re mtn to compel and ntc of resolution | 0.10 | $325.00 | $32.50 |
| 6/11/2014 | AD | ecf | 0.10 | $125.00 | $12.50 |
| 6/11/2014 | DAE | Read/resp to TNH emails re withdrawing mtn to compel | 0.20 | $600.00 | $120.00 |
| 6/11/2014 | MRT | conf TNH re w/d mtns to compel | 0.10 | $500.00 | $50.00 |
| 6/11/2014 | SC | processed d's doc production, notice of resolution, court order, made redwall | 0.20 | $125.00 | $25.00 |
| 6/11/2014 | TNH | conf call with Judge Rowland's clerk re motions to compel | 0.30 | $325.00 | $97.50 |
| 6/11/2014 | TNH | conf J weller re striking appearance | 0.20 | $325.00 | $65.00 |
| 6/11/2014 | TNH | conf MRT re w/d mtns to compel | 0.10 | $325.00 | $32.50 |
| 6/11/2014 | TNH | e-mails to and from DAE re withdrawing mtn to compel | 0.20 | $325.00 | $65.00 |
| 6/11/2014 | TNH | call to Judge Rowland's chambers re court appearance this afternoon | 0.20 | $325.00 | $65.00 |
| 6/12/2014 | JM | ecf | 0.10 | $125.00 | $12.50 |
| 6/12/2014 | SC | Processed docs from D | 0.10 | $125.00 | $12.50 |

| | | | | | |
|---|---|---|---|---|---|
| 6/12/2014 | SC | Emailed D's docs to Block | 0.10 | $125.00 | $12.50 |
| 6/16/2014 | SC | Processed ct order | 0.10 | $125.00 | $12.50 |
| 6/19/2014 | TNH | checks availability for dep | 0.20 | $325.00 | $65.00 |
| 6/19/2014 | TNH | e-mial to Block re availability for dep | 0.20 | $325.00 | $65.00 |
| 6/20/2014 | SC | Processed email re: dep of block | 0.10 | $125.00 | $12.50 |
| 6/20/2014 | TNH | e-mail to J Weller re Block's availability | 0.10 | $325.00 | $32.50 |
| 6/23/2014 | SC | Processed email to Block | 0.10 | $125.00 | $12.50 |
| 6/24/2014 | TNH | weller called re missing block exhibits | 0.20 | $325.00 | $65.00 |
| 6/26/2014 | SC | Printed, gathered d's disc for DAE | 0.20 | $125.00 | $25.00 |
| 6/30/2014 | SC | Processed notice of deposition of block | 0.10 | $125.00 | $12.50 |
| 7/07/2014 | SC | Made redwall | 0.20 | $125.00 | $25.00 |
| 7/11/2014 | DAE | review class response, research re esignature of note, discuss reply with CMC | 3.00 | $600.00 | $1,800.00 |
| 7/12/2014 | DAE | research for class reply | 5.00 | $600.00 | $3,000.00 |
| 7/14/2014 | AD | ecf | 0.20 | $125.00 | $25.00 |
| 7/14/2014 | CMC | dep prep | 1.20 | $600.00 | $720.00 |
| 7/14/2014 | CMC | class resply | 1.50 | $600.00 | $900.00 |
| 7/14/2014 | CMC | conf TNH re docs for dep prep | 0.30 | $600.00 | $180.00 |
| 7/14/2014 | DAE | part 2 of meeting with TNH re Def's class response brief | 0.50 | $600.00 | $300.00 |
| 7/14/2014 | DAE | email TNH re mtn to file oversized brief | 0.10 | $600.00 | $60.00 |
| 7/14/2014 | DAE | email to and from TNH re docs from Weller | 0.20 | $600.00 | $120.00 |
| 7/14/2014 | DR | ECF | 0.30 | $125.00 | $37.50 |
| 7/14/2014 | SC | Looked through discovery to find docs block analyzed for CMC for dep prep | 1.50 | $125.00 | $187.50 |

| | | | | | |
|---|---|---|---|---|---|
| 7/14/2014 | SC | Printed copies of response class cert for dae and cmc | 0.20 | $125.00 | $25.00 |
| 7/14/2014 | TNH | Called Judge Grady's clerk re oversized brief | 0.20 | $325.00 | $65.00 |
| 7/14/2014 | TNH | review NCA's class response brief | 0.60 | $325.00 | $195.00 |
| 7/14/2014 | TNH | e-mail from Weller re docs | 0.10 | $325.00 | $32.50 |
| 7/14/2014 | TNH | e-mail to and from DAE re docs from Weller | 0.20 | $325.00 | $65.00 |
| 7/14/2014 | TNH | e-mail to and from Block re docs and dep | 0.30 | $325.00 | $97.50 |
| 7/14/2014 | TNH | conf CMC re docs for dep prep | 0.30 | $325.00 | $97.50 |
| 7/14/2014 | TNH | part 2 of meeting with DAE re Def's class response brief | 0.50 | $325.00 | $162.50 |
| 7/14/2014 | TNH | Call from Judge Grady's clerk re opposition to d's motion | 0.10 | $325.00 | $32.50 |
| 7/14/2014 | TNH | Read/resp to DAE email re mtn to file oversized brief | 0.10 | $325.00 | $32.50 |
| 7/15/2014 | CMC | Conf DAE and TNH re docs from Weller | 0.30 | $600.00 | $180.00 |
| 7/15/2014 | CMC | Joint call to Weller from DAE, TNH, and CMC - left vm | 0.10 | $600.00 | $60.00 |
| 7/15/2014 | CMC | Conf DAE, JOL re case | 0.30 | $600.00 | $180.00 |
| 7/15/2014 | CMC | Conf call with TNH and Block | 0.20 | $600.00 | $120.00 |
| 7/15/2014 | CMC | Joint call with TNH and Weller | 0.20 | $600.00 | $120.00 |
| 7/15/2014 | CMC | dep prep & mot for prot ord & t/c Weller (3) | 3.00 | $600.00 | $1,800.00 |
| 7/15/2014 | DAE | Joint call to Weller from CMC, TNH and DAE - left vm | 0.10 | $600.00 | $60.00 |
| 7/15/2014 | DAE | Conf JOL, CMC re case | 0.30 | $600.00 | $180.00 |
| 7/15/2014 | DAE | Conf TNH and CMC re docs from Weller | 0.30 | $600.00 | $180.00 |
| 7/15/2014 | JOL | conf dae, cmc re case | 0.30 | $600.00 | $180.00 |

| | | | | | |
|---|---|---|---|---|---|
| 7/15/2014 | SC | Processed discovery and response to class cert | 0.10 | $125.00 | $12.50 |
| 7/15/2014 | TNH | conf call with CMC and Block | 0.20 | $325.00 | $65.00 |
| 7/15/2014 | TNH | joint call with CMC and Weller | 0.20 | $325.00 | $65.00 |
| 7/15/2014 | TNH | conf DAE and CMC re docs from Weller | 0.30 | $325.00 | $97.50 |
| 7/15/2014 | TNH | conf Block re conference call with CMC | 0.20 | $325.00 | $65.00 |
| 7/15/2014 | TNH | joint call to Weller from DAE, CMC amd TNH- left vm | 0.10 | $325.00 | $32.50 |
| 7/15/2014 | TNH | e-mail to Block rescheduling telephone conference time | 0.10 | $325.00 | $32.50 |
| 7/16/2014 | CMC | Conf DAE and TNH re expert dep | 0.30 | $600.00 | $180.00 |
| 7/16/2014 | CMC | dep prep & DEP | 11.70 | $600.00 | $7,020.00 |
| 7/16/2014 | DAE | Conf CMC and TNH re expert dep | 0.30 | $600.00 | $180.00 |
| 7/16/2014 | DR | ecf | 0.10 | $125.00 | $12.50 |
| 7/16/2014 | DR | ecf | 0.10 | $125.00 | $12.50 |
| 7/16/2014 | SC | Looked up 10-Qs for CMC and DAE | 0.50 | $125.00 | $62.50 |
| 7/16/2014 | TNH | conf CMC and DAE re expert dep | 0.30 | $325.00 | $97.50 |
| 7/17/2014 | CMC | class reply | 3.00 | $600.00 | $1,800.00 |
| 7/17/2014 | NS | Looked for class size in disco | 0.50 | $125.00 | $62.50 |
| 7/21/2014 | CMC | class reply | 4.20 | $600.00 | $2,520.00 |
| 7/21/2014 | TNH | e-mail to Weller re expert witness report | 0.10 | $325.00 | $32.50 |
| 7/22/2014 | CMC | reply | 5.00 | $600.00 | $3,000.00 |
| 7/22/2014 | NS | Conf TNH and SC re deadline for Def's expert report | 0.20 | $125.00 | $25.00 |
| 7/22/2014 | SC | Conf TNH and NS re deadline for Def's expert report | 0.20 | $125.00 | $25.00 |
| 7/22/2014 | TNH | e-mail from J Weller re deadline for | 0.10 | $325.00 | $32.50 |

| | | | | | |
|---|---|---|---|---|---|
| | | expert's report | | | |
| 7/22/2014 | TNH | conf SC and NS re deadline for Def's expert report | 0.20 | $325.00 | $65.00 |
| 7/23/2014 | CMC | reply | 1:00 | $600.00 | $600.00 |
| 7/23/2014 | TNH | e-mail from Weller re deadline for serve expert report | 0.10 | $325.00 | $32.50 |
| 7/24/2014 | CMC | Conf TNH re affidavit re list of payday lenders | 0.40 | $600.00 | $240.00 |
| 7/24/2014 | CMC | work on class reply | 2.00 | $600.00 | $1,200.00 |
| 7/24/2014 | NS | Conf TNH and SC re list of payday lenders | 0.30 | $125.00 | $37.50 |
| 7/24/2014 | SC | Conf TNH and NS re list of payday lenders | 0.30 | $125.00 | $37.50 |
| 7/24/2014 | TNH | conf CMC re affidavit re list of payday lenders | 0.40 | $325.00 | $130.00 |
| 7/24/2014 | TNH | conf SC and NS re list of payday lenders | 0.30 | $325.00 | $97.50 |
| 7/28/2014 | CMC | work on reply | 4.50 | $600.00 | $2,700.00 |
| 7/28/2014 | NS | looked up pay day lenders | 3.00 | $125.00 | $375.00 |
| 7/29/2014 | CMC | class reply | 4.00 | $600.00 | $2,400.00 |
| 7/29/2014 | TES | Assist CMC with arbitration briefing | 0.30 | $395.00 | $118.50 |
| 7/30/2014 | CMC | Conf DAE and TNH re Block dep transcript | 0.30 | $600.00 | $180.00 |
| 7/30/2014 | CMC | Conf TNH re docs from file re brief re set off | 0.30 | $600.00 | $180.00 |
| 7/30/2014 | CMC | Conf DAE and TNH re address for payday loan yes | 0.30 | $600.00 | $180.00 |
| 7/30/2014 | CMC | work on class reply | 4.00 | $600.00 | $2,400.00 |
| 7/30/2014 | DAE | Conf CMC and TNH re address fo payday loan yes | 0.30 | $600.00 | $180.00 |

| | | | | | |
|---|---|---|---|---|---|
| 7/30/2014 | DAE | Conf CMC and TNH re Block dep transcript | 0.30 | $600.00 | $180.00 |
| 7/30/2014 | NS | looked for address of payday loan yes | 1.00 | $125.00 | $125.00 |
| 7/30/2014 | TNH | conf CMC and DAE re address for payday loan yes | 0.30 | $325.00 | $97.50 |
| 7/30/2014 | TNH | research address for payday loan yes | 0.30 | $325.00 | $97.50 |
| 7/30/2014 | TNH | conf CMC and DAE re Block dep transcript | 0.30 | $325.00 | $97.50 |
| 7/30/2014 | TNH | conf CMC re docs from file re brief re set off | 0.30 | $325.00 | $97.50 |
| 7/31/2014 | CMC | work on class reply | 4.00 | $600.00 | $2,400.00 |
| 7/31/2014 | DAE | work on reply | 4.00 | $600.00 | $2,400.00 |
| 7/31/2014 | TNH | conf CMC re status of brief | 0.30 | $325.00 | $97.50 |
| 8/07/2014 | DAE | Conf TNH re extension of time to file reply brief | 0.10 | $600.00 | $60.00 |
| 8/07/2014 | NS | Conf TNH re mtn for an extension of time to file reply brief | 0.30 | $125.00 | $37.50 |
| 8/07/2014 | NS | drafting notice and motion for extension of time to file reply | 0.60 | $125.00 | $75.00 |
| 8/07/2014 | NS | drafted motion and notice for extension to file brief | 1.20 | $125.00 | $150.00 |
| 8/07/2014 | NS | filed notice and motion for extension | 0.40 | $125.00 | $50.00 |
| 8/07/2014 | TNH | REVIEW MTN FOR AN EXTENSION OF TIME | 0.20 | $325.00 | $65.00 |
| 8/07/2014 | TNH | REVIEW RULES RE NOTICING MTN FOR AN EXTENSION OF TIME | 0.30 | $325.00 | $97.50 |
| 8/07/2014 | TNH | CALLED JUDGE GRADY'S CLERK RE NOTICING MTN | 0.20 | $325.00 | $65.00 |
| 8/07/2014 | TNH | CONF DAE RE EXTENSION OF TIME TO FILE REPLY BRIEF | 0.10 | $325.00 | $32.50 |
| 8/07/2014 | TNH | E-MAIL TO AND FROM J WELLER RE EXTENSION OF TIME TO FILE REPLY | 0.20 | $325.00 | $65.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | BRIEF | | | |
| 8/07/2014 | TNH | CONF NS RE MTN FOR AN EXTENSION OF TIME TO FILE REPLY BRIEF | 0.30 | $325.00 | $97.50 |
| 8/08/2014 | NS | logged mtn for extension | 0.10 | $125.00 | $12.50 |
| 8/08/2014 | NS | logging paxton redwalls | 0.40 | $125.00 | $50.00 |
| 8/08/2014 | NS | mailing courtesy copies to judge | 0.20 | $125.00 | $25.00 |
| 8/17/2014 | TNH | e-mail to client [redacted] | 0.10 | $325.00 | $32.50 |
| 8/18/2014 | DAE | Conf TNH re licensed payday lenders | 0.20 | $600.00 | $120.00 |
| 8/18/2014 | FRG | conf. TNH re: determining whether certain payday loan companies were licensed. | 0.20 | $480.00 | $96.00 |
| 8/18/2014 | TNH | edit and revise reply brief as per CMC | 2.60 | $325.00 | $845.00 |
| 8/18/2014 | TNH | review loan docs attached to Def's Opp. to CC re interest rates | 1.00 | $325.00 | $325.00 |
| 8/18/2014 | TNH | conf DAE re licensed payday lenders | 0.20 | $325.00 | $65.00 |
| 8/18/2014 | TNH | research lenders to confirm none are licensed | 0.40 | $325.00 | $130.00 |
| 8/18/2014 | TNH | conf FRG re unlicensed lender search on IDFP website | 0.40 | $325.00 | $130.00 |
| 8/18/2014 | TNH | e-mail to Matt Glavin re lenders and license | 0.20 | $325.00 | $65.00 |
| 8/19/2014 | TNH | working on creating Appendix D- list of lenders and jurisdiction | 0.90 | $325.00 | $292.50 |
| 8/19/2014 | TNH | review loan notes- work on chart | 0.90 | $325.00 | $292.50 |
| 8/19/2014 | TNH | review and revise brief as per CMC | 3.80 | $325.00 | $1,235.00 |
| 8/20/2014 | NS | finding exhibits in reply brief | 0.60 | $125.00 | $75.00 |
| 8/20/2014 | TNH | work on reply brief | 4.40 | $325.00 | $1,430.00 |
| 8/21/2014 | CMC | Conf TNH re brief and revisions | 0.20 | $600.00 | $120.00 |

| | | | | | |
|---|---|---|---|---|---|
| 8/21/2014 | DAE | Conf TNH re notes and commonwealth | 0.30 | $600.00 | $180.00 |
| 8/21/2014 | DAE | Conf TNH re revisions to brief | 0.40 | $600.00 | $240.00 |
| 8/21/2014 | FRG | conf TNH re: class reply brief | 0.40 | $480.00 | $192.00 |
| 8/21/2014 | NS | Conf TNH re enlarged brief mtn | 0.30 | $125.00 | $37.50 |
| 8/21/2014 | NS | Conf TNH re mtn for an extension of time | 0.30 | $125.00 | $37.50 |
| 8/21/2014 | NS | logging d's mtn for extension, court order granting it | 0.20 | $125.00 | $25.00 |
| 8/21/2014 | NS | organizing exhibits for reply brief | 0.20 | $125.00 | $25.00 |
| 8/21/2014 | TNH | conf CMC re brief and revisions | 0.20 | $325.00 | $65.00 |
| 8/21/2014 | TNH | edit and revise brief- finalize | 0.60 | $325.00 | $195.00 |
| 8/21/2014 | TNH | e-mail to J Weller and from re extension of time to file brief | 0.20 | $325.00 | $65.00 |
| 8/21/2014 | TNH | conf FRG re commonwealth law | 0.40 | $325.00 | $130.00 |
| 8/21/2014 | TNH | conf NS re enlarged brief mtn | 0.30 | $325.00 | $97.50 |
| 8/21/2014 | TNH | review and revise enlarged brief mtn | 0.10 | $325.00 | $32.50 |
| 8/21/2014 | TNH | conf NS re mtn for an extension of time | 0.30 | $325.00 | $97.50 |
| 8/21/2014 | TNH | edit and revise mtn for an extension of time | 0.10 | $325.00 | $32.50 |
| 8/21/2014 | TNH | conf DAE re revisions to brief | 0.40 | $325.00 | $130.00 |
| 8/21/2014 | TNH | research two cases | 0.50 | $325.00 | $162.50 |
| 8/21/2014 | TNH | conf DAE re notes and commonwealth | 0.30 | $325.00 | $97.50 |
| 8/22/2014 | CMC | work on class reply | 1.00 | $600.00 | $600.00 |
| 8/22/2014 | NS | editing reply | 1.70 | $125.00 | $212.50 |
| 8/22/2014 | NS | drafting notice and motion to file under seal | 0.70 | $125.00 | $87.50 |
| 8/25/2014 | CMC | Conf TNH re next steps on brief | 0.20 | $600.00 | $120.00 |
| 8/25/2014 | TNH | Conf CMC re next steps on brief | 0.20 | $325.00 | $65.00 |

| | | | | | |
|---|---|---|---|---|---|
| 8/25/2014 | TNH | review and revise brief- compare to DAE's edits | 0.80 | $325.00 | $260.00 |
| 8/26/2014 | NS | revised and filed reply in support of class cert | 4.20 | $125.00 | $525.00 |
| 8/26/2014 | NS | Conf TNH re revisions to brief | 0.30 | $125.00 | $37.50 |
| 8/26/2014 | NS | Conf TNH re filing under seal | 0.40 | $125.00 | $50.00 |
| 8/26/2014 | TNH | conf NS re filing under seal | 0.40 | $325.00 | $130.00 |
| 8/26/2014 | TNH | called J Weller | 0.10 | $325.00 | $32.50 |
| 8/26/2014 | TNH | review e-mails in Jones v. NCA re what docs are confidential | 0.40 | $325.00 | $130.00 |
| 8/26/2014 | TNH | review and revise brief | 0.40 | $325.00 | $130.00 |
| 8/26/2014 | TNH | conf NS re revisions to brief | 0.30 | $325.00 | $97.50 |
| 8/26/2014 | TNH | review and confirm exhibits for reply brief | 0.30 | $325.00 | $97.50 |
| 8/27/2014 | CM | helped NS make courtesy copy of reply for judge | 1.00 | $125.00 | $125.00 |
| 8/27/2014 | NS | binding courtesy copy, delivering copies to OC and judge, filing sealed copy | 3.60 | $125.00 | $450.00 |
| 8/27/2014 | NS | Conf TNH re delivery copies to oc | 0.10 | $125.00 | $12.50 |
| 8/27/2014 | TNH | e-mail from and to J Weller re status of unredacted copy | 0.20 | $325.00 | $65.00 |
| 8/27/2014 | TNH | conf NS re delivery copies to oc | 0.10 | $325.00 | $32.50 |
| 8/27/2014 | TNH | ecf notification re mtn for leave to file under seal and enlarged brief | 0.10 | $325.00 | $32.50 |
| 8/29/2014 | NS | logging motion for extension, class cert reply, ct. order | 0.40 | $125.00 | $50.00 |
| 9/05/2014 | CMC | work on surreply | 3.00 | $600.00 | $1,800.00 |
| 9/08/2014 | CMC | work on surreply | 2.50 | $600.00 | $1,500.00 |
| 9/11/2014 | CMC | Conf DAE, JOL re surreply | 0.50 | $600.00 | $300.00 |

| | | | | | |
|---|---|---|---|---|---|
| 9/11/2014 | DAE | Conf JOL, CMC re surreply | 0.50 | $600.00 | $300.00 |
| 9/11/2014 | JOL | rev of deft sur-reply re class cert.; conf re surreply dae, cmc | 0.70 | $600.00 | $420.00 |
| 9/12/2014 | CMC | Conf DEA, JOL re rev of surreply | 0.50 | $600.00 | $300.00 |
| 9/12/2014 | CMC | work on sursur reply | 2.00 | $600.00 | $1,200.00 |
| 9/12/2014 | DAE | Conf JOL, CMC re rev of surreply | 0.50 | $600.00 | $300.00 |
| 9/12/2014 | JOL | rev of sur-reply to class cert; conf dae, cmc | 0.70 | $600.00 | $420.00 |
| 9/15/2014 | CMC | work on sursur reply | 2.00 | $600.00 | $1,200.00 |
| 10/10/2014 | NS | logging d's mtn for sur-reply | 0.10 | $125.00 | $12.50 |
| 10/13/2014 | NS | logging d's supp. doc production | 0.10 | $125.00 | $12.50 |
| 10/14/2014 | NS | drafting mtn for extension | 0.80 | $125.00 | $100.00 |
| 10/14/2014 | NS | filing mtn for extension | 0.30 | $125.00 | $37.50 |
| 10/22/2014 | NS | drafting notice of address change | 0.10 | $125.00 | $12.50 |
| 10/28/2014 | NS | logging minute entry | 0.10 | $125.00 | $12.50 |
| 10/29/2014 | CMC | work on resp to surreply | 4.00 | $600.00 | $2,400.00 |
| 10/30/2014 | CMC | work on brief | 4.00 | $600.00 | $2,400.00 |
| 10/31/2014 | CMC | work on brief | 3.00 | $600.00 | $1,800.00 |
| 10/31/2014 | NS | finding docs for CMC | 0.70 | $125.00 | $87.50 |
| 10/31/2014 | NS | call to location of block dep re invoice | 0.20 | $125.00 | $25.00 |
| 10/31/2014 | NS | Conf TNH re bill re Block transcript | 0.30 | $125.00 | $37.50 |
| 10/31/2014 | TNH | conf NS re bill re Block transcript | 0.30 | $325.00 | $97.50 |
| 10/31/2014 | TNH | Copied on email from NS to Weller | 0.10 | $325.00 | $32.50 |
| 11/03/2014 | CMC | work on resp to sur reply | 4.00 | $600.00 | $2,400.00 |
| 11/04/2014 | CMC | work on resp to sur reply | 6.00 | $600.00 | $3,600.00 |

| | | | | | |
|---|---|---|---|---|---|
| 11/04/2014 | DAE | review and revise surreply | 1.00 | $600.00 | $600.00 |
| 11/05/2014 | CMC | work on resp to sur-reply | 6.00 | $600.00 | $3,600.00 |
| 11/06/2014 | NS | logging ct orders | 0.10 | $125.00 | $12.50 |
| 11/06/2014 | NS | filing notice of change of address | 0.20 | $125.00 | $25.00 |
| 11/06/2014 | NS | drafting mtn for oversized brief | 0.30 | $125.00 | $37.50 |
| 11/07/2014 | NS | preparing exhibits for surreponse . | 0.20 | $125.00 | $25.00 |
| 11/10/2014 | CMC | Conf TNH re brief | 0.30 | $600.00 | $180.00 |
| 11/10/2014 | CMC | wrok on resp to surreply | 1.00 | $600.00 | $600.00 |
| 11/10/2014 | NS | Conf TNH re filing brief | 0.20 | $125.00 | $25.00 |
| 11/10/2014 | NS | filing surresponse in support of class cert | 1.20 | $125.00 | $150.00 |
| 11/10/2014 | TNH | conf NS re filing brief | 0.20 | $325.00 | $65.00 |
| 11/10/2014 | TNH | conf CMC re brief | 0.30 | $325.00 | $97.50 |
| 11/10/2014 | TNH | review mtn to file an enlarged brief | 0.20 | $325.00 | $65.00 |
| 11/11/2014 | NS | correcting notice for surresponse | 0.20 | $125.00 | $25.00 |
| 11/12/2014 | NS | filing surresponse in support of class cert and delivering courtesy copy | 0.60 | $125.00 | $75.00 |
| 11/12/2014 | TNH | ecf order- no appearance required | 0.10 | $325.00 | $32.50 |
| 11/13/2014 | NS | logging motion for leave to file oversize, order, surresponse | 0.30 | $125.00 | $37.50 |
| 12/12/2014 | NS | logging ct order | 0.10 | $125.00 | $12.50 |
| 12/17/2014 | NS | drafting letter to mr. block | 0.30 | $125.00 | $37.50 |
| 12/18/2014 | NS | letter to mr. block re invoice | 0.30 | $125.00 | $37.50 |
| 12/19/2014 | CMC | resp to surr reply | 2.00 | $600.00 | $1,200.00 |
| 12/22/2014 | NS | logging ct orders | 0.20 | $125.00 | $25.00 |
| 12/29/2014 | DAE | email from TNH | 0.10 | $600.00 | $60.00 |
| 12/29/2014 | NS | revising letter to OC re block invoice | 0.50 | $125.00 | $62.50 |

| | | | | | |
|---|---|---|---|---|---|
| 12/29/2014 | NS | sending letter re block invoice | 0.10 | $125.00 | $12.50 |
| 12/29/2014 | NS | Conf TNH re letter to Weller re payment of expert | 0.20 | $125.00 | $25.00 |
| 12/29/2014 | TNH | e-mail to DAE | 0.10 | $325.00 | $32.50 |
| 12/29/2014 | TNH | conf NS re letter to Weller re payment of expert | 0.20 | $325.00 | $65.00 |
| 1/08/2015 | CMC | conf re: sett | 0.30 | $600.00 | $180.00 |
| 1/08/2015 | NS | call to ms. paxton | 0.60 | $125.00 | $75.00 |
| 1/08/2015 | TNH | Status Hearing before Judge Holderman | 1.00 | $325.00 | $325.00 |
| 1/15/2015 | TNH | e-mail to and from client | 0.30 | $325.00 | $97.50 |
| 1/22/2015 | CMC | conf TNH and DAE re case and J Weller's concerns re dismissal language | 0.30 | $700.00 | $210.00 |
| 1/22/2015 | SS | logged/filed docs. | 0.30 | $125.00 | $37.50 |
| 1/27/2015 | NS | drafting position statement in preparation for settlement conference | 1.80 | $125.00 | $225.00 |
| 2/02/2015 | NS | calls to client | 0.20 | $125.00 | $25.00 |
| 2/02/2015 | TNH | edit and revise position letter | 0.60 | $325.00 | $195.00 |
| 2/02/2015 | TNH | edit and revise position letter as per DAE | 0.40 | $325.00 | $130.00 |
| 2/03/2015 | CMC | Conf TNH, DAE, JOL re settlement | 0.10 | $600.00 | $60.00 |
| 2/03/2015 | CMC | work on sett letter | 0.20 | $600.00 | $120.00 |
| 2/03/2015 | DAE | Conf JOL, TNH, CMC re settlement | 0.10 | $600.00 | $60.00 |
| 2/03/2015 | JOL | work on settlement letter; rev of file; rev of file; research; conf th, dae ,cmc | 3.00 | $600.00 | $1,800.00 |
| 2/03/2015 | JOL | Conf TNH re revisions to settlement letter | 0.50 | $600.00 | $300.00 |
| 2/03/2015 | NS | drafting position statement for settlement conference | 2.50 | $125.00 | $312.50 |

| | | | | | |
|---|---|---|---|---|---|
| 2/03/2015 | NS | prepping docs for settlement conference | 1.10 | $125.00 | $137.50 |
| 2/03/2015 | NS | drafting memo for settlement conference | 0.50 | $125.00 | $62.50 |
| 2/03/2015 | TNH | work on settlement conference letter | 0.50 | $325.00 | $162.50 |
| 2/03/2015 | TNH | conf JOL re revisions to settlement letter | 0.50 | $325.00 | $162.50 |
| 2/03/2015 | TNH | Conf DAE, CMC, JOL re settlement | 0.10 | $325.00 | $32.50 |
| 2/04/2015 | CMC | sett conf | 5.50 | $600.00 | $3,300.00 |
| 2/04/2015 | NS | email to TNH re Jones v. NCA settlement, email w/ Thomasson's number | 0.40 | $125.00 | $50.00 |
| 2/04/2015 | NS | emailing TNH and DAE travelers insurance docs | 0.30 | $125.00 | $37.50 |
| 2/04/2015 | TNH | meeting with client in advance of settlement conference | 0.50 | $325.00 | $162.50 |
| 2/04/2015 | TNH | settlement conference with Judge Holderman | 5.00 | $325.00 | $1,625.00 |
| 2/27/2015 | SS | logged/filed docs | 0.10 | $125.00 | $12.50 |
| 2/27/2015 | SS | logged/filed doc | 0.10 | $125.00 | $12.50 |
| 3/10/2015 | DAE | sett conf | 1.50 | $600.00 | $900.00 |
| 3/10/2015 | DAE | conf TNH re letter from Weller re class size | 0.30 | $600.00 | $180.00 |
| 3/10/2015 | TNH | conf DAE re letter from Weller re class size | 0.30 | $325.00 | $97.50 |
| 3/25/2015 | NS | logging minute entry | 0.10 | $125.00 | $12.50 |
| 4/07/2015 | NS | drafting and filing mtn for extension re 4th am mtn for class cert | 0.90 | $125.00 | $112.50 |
| 4/07/2015 | TNH | work on class mtn | 1.00 | $325.00 | $325.00 |
| 4/10/2015 | NS | changing judges name on class papers | 0.10 | $125.00 | $12.50 |
| 4/13/2015 | NS | prepping docs for mtn for class cert | 0.20 | $125.00 | $25.00 |

| | | | | | |
|---|---|---|---|---|---|
| 5/07/2015 | NS | drafting joing initial status report | 1.10 | $125.00 | $137.50 |
| 5/08/2015 | NS | revisions to joint status report | 0.50 | $125.00 | $62.50 |
| 5/08/2015 | NS | sending report to d's counsel | 0.20 | $125.00 | $25.00 |
| 5/12/2015 | DAE | conf TNH re case and settlement discussions | 0.20 | $600.00 | $120.00 |
| 5/12/2015 | NS | prepping docs for court appearance | 0.20 | $125.00 | $25.00 |
| 5/12/2015 | NS | work on mtn for extension, 4th am class mtn | 0.30 | $125.00 | $37.50 |
| 5/12/2015 | TNH | conf DAE re case and settlement discussions | 0.20 | $325.00 | $65.00 |
| 6/03/2015 | NS | drafting and filing mtn for extension re 2nd am comp | 0.50 | $125.00 | $62.50 |
| 6/04/2015 | NS | revisions to 2nd am comp | 0.40 | $125.00 | $50.00 |
| 6/05/2015 | NS | revising and filing second amended complaint | 0.60 | $125.00 | $75.00 |
| 6/08/2015 | NS | serving courtesy copy of second am comp | 0.40 | $125.00 | $50.00 |
| 6/25/2015 | CMC | work on 2d amended complaint | 0.30 | $700.00 | $210.00 |
| 6/25/2015 | JOL | rev of answer and affirmative defenses to amended complaint | 0.40 | $700.00 | $280.00 |
| 7/03/2015 | JOL | review of answer and affirmative defenses to 2nd amended complaint | 0.40 | $700.00 | $280.00 |
| 7/08/2015 | KO | Preparing documents for call | 0.50 | $125.00 | $62.50 |
| 7/09/2015 | DAE | t/c re settlement | 1.00 | $700.00 | $700.00 |
| 7/10/2015 | CMC | conf w atty def re: settlement | 0.40 | $700.00 | $280.00 |
| 7/13/2015 | CMC | t/c atty def re: settlement | 0.40 | $700.00 | $280.00 |
| 8/26/2015 | DAE | email TNH re status of settlement | 0.10 | $700.00 | $70.00 |
| 8/26/2015 | DAE | conf TNH re status of settlement | 0.20 | $700.00 | $140.00 |

| | | | | | |
|---|---|---|---|---|---|
| 8/26/2015 | TNH | e-mail to Weller re startus of settlement | 0.10 | $325.00 | $32.50 |
| 8/26/2015 | TNH | e-mail from DAE re status of settlement | 0.10 | $325.00 | $32.50 |
| 8/26/2015 | TNH | conf DAE re status of settlement | 0.20 | $325.00 | $65.00 |
| 8/27/2015 | DAE | conf TNH re status of settlement and filing IN case | 0.10 | $700.00 | $70.00 |
| 8/27/2015 | KO | conf TNH re serving dep notices | 0.20 | $125.00 | $25.00 |
| 8/27/2015 | TNH | e-mail from Weller re status of settlement | 0.10 | $325.00 | $32.50 |
| 8/27/2015 | TNH | conf DAE re status of settlement and filing IN case | 0.10 | $325.00 | $32.50 |
| 9/01/2015 | KO | Assembled docs for TNH court appearance | 0.20 | $125.00 | $25.00 |
| 9/01/2015 | TNH | Status Hearing | 0.60 | $325.00 | $195.00 |
| 9/29/2015 | KO | Assembled docs of defendant's opposition for DAE | 0.30 | $125.00 | $37.50 |
| 9/30/2015 | KO | Memo to docket re reminder dates for reply to class cert motion | 0.10 | $125.00 | $12.50 |
| 10/16/2015 | KO | Sent signed TNH letter to OC and saved to TM | 0.20 | $125.00 | $25.00 |
| 10/16/2015 | KO | Prepared docs for TNH re class cert motion | 0.30 | $125.00 | $37.50 |
| 10/16/2015 | KO | Draft of letter to DAE to review | 0.10 | $125.00 | $12.50 |
| 10/16/2015 | TNH | letter to oc re new case | 0.30 | $325.00 | $97.50 |
| 10/19/2015 | KO | Located exhibits for class reply, compared drafts, saved new draft to TM | 0.30 | $125.00 | $37.50 |
| 10/19/2015 | TNH | review brief- edit and revise | 2.40 | $325.00 | $780.00 |
| 10/20/2015 | DAE | conf [redacted] re client's [redacted] | 0.30 | $700.00 | $210.00 |
| 10/20/2015 | KO | Drafted Mtn for Extension of time to file class cert reply | 0.30 | $125.00 | $37.50 |
| 10/20/2015 | KO | Looked up Judge's local motion practice | 0.10 | $125.00 | $12.50 |

| | | | | | |
|---|---|---|---|---|---|
| | | rules | | | |
| 10/20/2015 | KO | Finalized and Filed Mtn for Extension and Notice, Saved to TM | 0.50 | $125.00 | $62.50 |
| 10/20/2015 | TNH | conf DAE re client's bankrutpcy petition | 0.30 | $325.00 | $97.50 |
| 10/20/2015 | TNH | e-mail to and from client re [redacted] | 0.30 | $325.00 | $97.50 |
| 10/20/2015 | TNH | e-mail to [redacted] re client's [redacted] | 0.40 | $325.00 | $130.00 |
| 10/20/2015 | TNH | conf BK atty office re amendment | 0.20 | $325.00 | $65.00 |
| 10/21/2015 | TNH | conf J Weller re settlement conference with JAMS | 0.40 | $325.00 | $130.00 |
| 10/22/2015 | KO | Checked bankruptcy court docket sheet | 0.10 | $125.00 | $12.50 |
| 10/23/2015 | DAE | conf TNH re filing in bankruptcy yesterday | 0.30 | $700.00 | $210.00 |
| 10/23/2015 | DAE | conf TNH re fee split re mediation | 0.30 | $700.00 | $210.00 |
| 10/23/2015 | KO | Checked bankruptcy court docket sheet, saved semrand's mtn for attorneys fees to tm, notified TNH | 0.30 | $125.00 | $37.50 |
| 10/23/2015 | TNH | Email P's counsel re mediation fee | 0.30 | $325.00 | $97.50 |
| 10/23/2015 | TNH | Conf DAE re filing in bankruptcy yesterday | 0.30 | $325.00 | $97.50 |
| 10/23/2015 | TNH | e-mails to and from Bankruptcy attorney concerning the filing of the bankruptcy petition amendment | 0.40 | $325.00 | $130.00 |
| 10/23/2015 | TNH | conf DAE re fee split re mediation | 0.30 | $325.00 | $97.50 |
| 10/26/2015 | CMC | conf TNH re brief | 0.50 | $700.00 | $350.00 |
| 10/26/2015 | CMC | work on class reply | 1.00 | $700.00 | $700.00 |
| 10/26/2015 | TNH | conf cmc RE BRIEF | 0.50 | $325.00 | $162.50 |
| 10/26/2015 | TNH | edit and revise brief | 0.50 | $325.00 | $162.50 |
| 10/27/2015 | CMC | rec and resp to emails | 0.10 | $700.00 | $70.00 |

| | | | | | |
|---|---|---|---|---|---|
| 10/27/2015 | CMC | conf TNH re brief | 0.50 | $700.00 | $350.00 |
| 10/27/2015 | CMC | work on class reply | 1.00 | $700.00 | $700.00 |
| 10/27/2015 | DAE | conf TNH re class size | 0.50 | $700.00 | $350.00 |
| 10/27/2015 | DAE | conf TNH re shepardizing cases | 0.30 | $700.00 | $210.00 |
| 10/27/2015 | KO | Proof-reading reply brief | 0.60 | $125.00 | $75.00 |
| 10/27/2015 | TNH | research new cases cited in response brief | 2.10 | $325.00 | $682.50 |
| 10/27/2015 | TNH | conf CMC re brief/ DAE re class size | 0.50 | $325.00 | $162.50 |
| 10/27/2015 | TNH | conf DAE re shepardizing cases | 0.30 | $325.00 | $97.50 |
| 10/27/2015 | TNH | edit and revise brief (Class Reply) | 1.20 | $325.00 | $390.00 |
| 10/28/2015 | KO | Filed motion for leave to file under seal | 0.20 | $125.00 | $25.00 |
| 10/28/2015 | KO | Filed notice of motion for leave to file under seal | 0.20 | $125.00 | $25.00 |
| 10/28/2015 | KO | Assembled exhibits for filing reply brief under seal | 0.50 | $125.00 | $62.50 |
| 10/28/2015 | KO | Filed reply under seal | 0.50 | $125.00 | $62.50 |
| 10/28/2015 | KO | Edited mtn for leave to file under seal and notice, sent to TNH for review | 0.20 | $125.00 | $25.00 |
| 10/28/2015 | TNH | edit and revise brief as per DAE-shepardize cases | 2.60 | $325.00 | $845.00 |
| 10/29/2015 | KO | Looked up judge's local rules | 0.20 | $125.00 | $25.00 |
| 10/29/2015 | KO | Sent copy of reply to OC JW via email | 0.10 | $125.00 | $12.50 |
| 10/29/2015 | KO | Assembled courtesy copies of reply and corresponding motion for leave to file under seal | 1.00 | $125.00 | $125.00 |
| 11/02/2015 | CMC | prep for mediator's conf | 0.50 | $700.00 | $350.00 |
| 11/02/2015 | CMC | conf TNH re mediation conference call and docs needed | 0.20 | $700.00 | $140.00 |
| 11/02/2015 | CMC | Prep &conference with mediator | 1.00 | $700.00 | $700.00 |

| | | | | | |
|---|---|---|---|---|---|
| 11/02/2015 | KO | read/resp to TNH emails re filing reply under seal | 0.20 | $125.00 | $25.00 |
| 11/02/2015 | KO | Prepped docs for TNH CMC call | 0.10 | $125.00 | $12.50 |
| 11/02/2015 | TNH | Call w/JAMS, Judge Holderman, Dial 1 -877-696-5267, Wait for Greeting, Press *0 and Request Holderman | 1.00 | $325.00 | $325.00 |
| 11/02/2015 | TNH | review files and prep for conference call with Judge Holderman | 1.30 | $325.00 | $422.50 |
| 11/02/2015 | TNH | conf CMC re mediation conference call and docs needed | 0.20 | $325.00 | $65.00 |
| 11/02/2015 | TNH | e-mail to and from KO re filing reply under seal | 0.20 | $325.00 | $65.00 |
| 11/03/2015 | TNH | E-MAIL FROM JAMS RE PAYMENT DUE AND DOCS TO BE SUBMITTED | 0.20 | $325.00 | $65.00 |
| 11/04/2015 | KO | Docketed mediation schedule dates | 0.20 | $125.00 | $25.00 |
| 11/05/2015 | KO | Compiled list of phone numbers of clients to be reached during mediation | 0.20 | $125.00 | $25.00 |
| 11/05/2015 | KO | Drafted and sent letter to client [redacted] | 0.30 | $125.00 | $37.50 |
| 11/05/2015 | TNH | review and revise letters to clients [redacted] | 0.30 | $325.00 | $97.50 |
| 11/06/2015 | KO | Memo re mediation conference | 0.30 | $125.00 | $37.50 |
| 11/06/2015 | TNH | work on settlement position letter and checklist | 5.10 | $325.00 | $1,657.50 |
| 11/09/2015 | DAE | conf TNH re position statement and checklist | 0.40 | $700.00 | $280.00 |
| 11/09/2015 | KO | Check request for mediation fees at JAMS | 0.10 | $125.00 | $12.50 |
| 11/09/2015 | TNH | conf DAE re position statement and checklist | 0.40 | $325.00 | $130.00 |
| 11/09/2015 | TNH | edit and revise position statement as per DAE | 1.30 | $325.00 | $422.50 |

| | | | | | |
|---|---|---|---|---|---|
| 11/09/2015 | TNH | edit and revise position statement and checklist | 2.10 | $325.00 | $682.50 |
| 11/10/2015 | DAE | email TNH re mediation fee | 0.10 | $700.00 | $70.00 |
| 11/10/2015 | TNH | e-mail from Jams re cancellation of mediation & payment | 0.10 | $325.00 | $32.50 |
| 11/10/2015 | TNH | e-mail from DAE re mediation fee | 0.10 | $325.00 | $32.50 |
| 11/12/2015 | KO | Emails with TNH and JAMS re payment | 0.30 | $125.00 | $37.50 |
| 11/12/2015 | KO | emails to and from OC and TNH re word version of checklist | 0.30 | $125.00 | $37.50 |
| 11/12/2015 | TNH | e-mails to and from oc and KO re word version of checklist | 0.30 | $325.00 | $97.50 |
| 11/12/2015 | TNH | Read/resp to KO and JAMS emails re mediation payment | 0.30 | $325.00 | $97.50 |
| 11/13/2015 | TNH | ECF NOTIFICATION RE COURT APPEARANCE ADJOURNED | 0.10 | $325.00 | $32.50 |
| 11/16/2015 | KO | Sorted back-logging/file cabinet organization | 0.30 | $125.00 | $37.50 |
| 11/17/2015 | KO | conf TNH re payment of mediation fee | 0.30 | $125.00 | $37.50 |
| 11/17/2015 | KO | Printed and assembled copies of conference docs for DAE and CMC | 0.30 | $125.00 | $37.50 |
| 11/17/2015 | KO | Back-logging | 1.00 | $125.00 | $125.00 |
| 11/17/2015 | TNH | conf KO re payment of mediation fee | 0.30 | $325.00 | $97.50 |
| 11/17/2015 | TNH | review and revise letter to ct requesting adjournment of conf. | 0.30 | $325.00 | $97.50 |
| 11/17/2015 | TNH | Email JW and DS requesting consent to request adjour. of conf. | 0.20 | $325.00 | $65.00 |
| 11/18/2015 | CMC | prep for mediation | 2.00 | $700.00 | $1,400.00 |
| 11/18/2015 | CMC | conf CMC re case and def's arguements | 0.40 | $700.00 | $280.00 |
| 11/18/2015 | TNH | conf CMC re case and def's arguments | 0.40 | $325.00 | $130.00 |
| 11/19/2015 | CMC | prep for mediation; draft letter | 2.00 | $700.00 | $1,400.00 |

| | | | | | |
|---|---|---|---|---|---|
| 11/20/2015 | CMC | Read emailfrom TNH re stip | 0.10 | $700.00 | $70.00 |
| 11/20/2015 | DAE | read email from TNH re stip | 0.10 | $700.00 | $70.00 |
| 11/20/2015 | TNH | read/resp to client emails | 0.20 | $325.00 | $65.00 |
| 11/20/2015 | TNH | email DAE and CMC re Stip filed | 0.10 | $325.00 | $32.50 |
| 11/23/2015 | KO | Prepped docs and info sheets for Conference | 0.30 | $125.00 | $37.50 |
| 11/24/2015 | CMC | attendance at mediation | 6.00 | $700.00 | $4,200.00 |
| 11/24/2015 | CMC | conf TNH re clients | 0.20 | $700.00 | $140.00 |
| 11/24/2015 | DAE | Read/resp to TNH emails re arthur mitchell | 0.30 | $700.00 | $210.00 |
| 11/24/2015 | DAE | mediation (1/2) | 3.00 | $700.00 | $2,100.00 |
| 11/24/2015 | TNH | conf CMC re clients | 0.20 | $325.00 | $65.00 |
| 11/24/2015 | TNH | e-mails to and from DAE re arthur mitchell | 0.30 | $325.00 | $97.50 |
| 11/24/2015 | TNH | review mitchell file | 0.30 | $325.00 | $97.50 |
| 12/07/2015 | TNH | Status | 0.60 | $325.00 | $195.00 |
| 1/07/2016 | CMC | work on sett docs | 1.00 | $700.00 | $700.00 |
| 1/12/2016 | CMC | work on sett agree | 1.00 | $700.00 | $700.00 |
| 1/19/2016 | TNH | Read/resp to email from J Weller | 0.20 | $325.00 | $65.00 |
| 1/20/2016 | CMC | conf TNH re revisions to settlement agreement | 0.20 | $700.00 | $140.00 |
| 1/20/2016 | CMC | conf TNH and DAE re settlement agreement | 0.30 | $700.00 | $210.00 |
| 1/20/2016 | DAE | conf CMC and TNH re settlement agreement | 0.30 | $700.00 | $210.00 |
| 1/20/2016 | TNH | review settlement agreement | 0.60 | $325.00 | $195.00 |
| 1/20/2016 | TNH | conf CMC and DAE re settlement agreement | 0.30 | $325.00 | $97.50 |

| | | | | | |
|---|---|---|---|---|---|
| 1/20/2016 | TNH | Conf CMC re revisions to settlement agreement | 0.20 | $325.00 | $65.00 |
| 1/20/2016 | TNH | e-mail J Weller re agreement | 0.10 | $325.00 | $32.50 |
| 1/21/2016 | TNH | edit and revise agreement | 0.40 | $325.00 | $130.00 |
| 1/22/2016 | CMC | work on sett docs | 1.00 | $700.00 | $700.00 |
| 1/22/2016 | DAE | conf CMC and TNH re case and J Weller's concerns re dismissal language | 0.30 | $700.00 | $210.00 |
| 1/22/2016 | TNH | e-mail to and from J Weller re appearance on Monday | 0.10 | $325.00 | $32.50 |
| 1/22/2016 | TNH | edit and revise class agreement | 1.20 | $325.00 | $390.00 |
| 1/22/2016 | TNH | conf J Weller re case | 0.40 | $325.00 | $130.00 |
| 1/22/2016 | TNH | conf DAE and CMC re case- and J Weller's concerns re dismissal language | 0.30 | $325.00 | $97.50 |
| 2/09/2016 | TNH | e-mail to OC re status of settlement docs | 0.10 | $325.00 | $32.50 |
| 2/23/2016 | TNH | review oc revisions to the settlement agreement | 0.30 | $325.00 | $97.50 |
| 2/23/2016 | TNH | e-mails to and from J Weller re settlement conference call | 0.20 | $325.00 | $65.00 |
| 2/23/2016 | TNH | conf J Weller re conference call | 0.20 | $325.00 | $65.00 |
| 2/24/2016 | CMC | conf DAE and TNH re agreement | 0.60 | $700.00 | $420.00 |
| 2/24/2016 | CMC | conf TNH re letter to OC | 0.30 | $700.00 | $210.00 |
| 2/24/2016 | DAE | conf CMC and TNH re agreement | 0.60 | $700.00 | $420.00 |
| 2/24/2016 | FRG | WL research on appealability of dismissals with prejudice | 0.80 | $500.00 | $400.00 |
| 2/24/2016 | KO | Conf with TNH re status of paxton preliminary approval/motion to enforce settlement | 0.20 | $125.00 | $25.00 |

| | | | | | |
|---|---|---|---|---|---|
| 2/24/2016 | TNH | conf CMC re letter to oc | 0.30 | $325.00 | $97.50 |
| 2/24/2016 | TNH | conf KO re status of paxton prelim approval mtn /to enforce settlement | 0.20 | $325.00 | $65.00 |
| 2/24/2016 | TNH | conf DAE and CMC re agreement | 0.60 | $325.00 | $195.00 |
| 2/24/2016 | TNH | e-mail to JW re settlement agreement | 0.40 | $325.00 | $130.00 |
| 2/25/2016 | KO | Docket new hearing date and ddl to file preliminary approval motion | 0.20 | $125.00 | $25.00 |
| 2/29/2016 | KO | Assembled copies of class docs for DAE, CMC, TNH | 0.50 | $125.00 | $62.50 |
| 2/29/2016 | KO | Docketed dates for prelim approval hearing and final approval motion | 0.10 | $125.00 | $12.50 |
| 3/01/2016 | CMC | work on sett docs | 1.00 | $700.00 | $700.00 |
| 3/01/2016 | KO | Logging minute order | 0.10 | $125.00 | $12.50 |
| 3/02/2016 | KO | Saved all class docs from OC to TM, saved eclg versions for editing | 0.30 | $125.00 | $37.50 |
| 3/03/2016 | KO | Password protecting docs with financial info from defendants | 0.20 | $125.00 | $25.00 |
| 3/03/2016 | KO | Made CMC changes to class docs | 0.40 | $125.00 | $50.00 |
| 3/03/2016 | TNH | conf CMC re revisions to class settlement docs | 0.30 | $325.00 | $97.50 |
| 3/03/2016 | TNH | review class settlement docs | 0.90 | $325.00 | $292.50 |
| 3/04/2016 | DAE | conf TNH re class settlement docs | 0.30 | $700.00 | $210.00 |
| 3/04/2016 | TNH | conf DAE re class settlement docs | 0.30 | $325.00 | $97.50 |
| 3/04/2016 | TNH | review and revise class settlement docs | 0.70 | $325.00 | $227.50 |
| 3/08/2016 | KO | Checked judges rules re number of days notice required to file preliminary approval motion | 0.20 | $125.00 | $25.00 |
| 3/08/2016 | KO | Printed/assembled class docs for TNH to review | 0.30 | $125.00 | $37.50 |
| 3/09/2016 | CMC | work on class settleemnt docs; rev and resp to emails | 1.00 | $700.00 | $700.00 |

| | | | | | |
|---|---|---|---|---|---|
| 3/09/2016 | KO | Sent stip of dismissal to oc | 0.10 | $125.00 | $12.50 |
| 3/09/2016 | KO | emails to and from TNH re redlines, discussed redlines with CMC | 0.30 | $125.00 | $37.50 |
| 3/09/2016 | TNH | read/resp to KO emails re redlines | 0.30 | $325.00 | $97.50 |
| 3/10/2016 | KO | Logged joint mtn for preliminary approval and notice of motion | 0.10 | $125.00 | $12.50 |
| 3/11/2016 | CMC | read KO email re stip of dismissal | 0.10 | $700.00 | $70.00 |
| 3/11/2016 | KO | Email to OC re advise re stip of dismissal | 0.10 | $125.00 | $12.50 |
| 3/11/2016 | KO | Email re no response from Polsinelli | 0.10 | $125.00 | $12.50 |
| 3/11/2016 | KO | Assemble docs for TNH court appearance on Monday | 0.30 | $125.00 | $37.50 |
| 3/11/2016 | KO | Email to TNH/CMC re stipulation of dismissal | 0.10 | $125.00 | $12.50 |
| 3/11/2016 | KO | Logging notes re prelim approval docs | 0.10 | $125.00 | $12.50 |
| 3/11/2016 | TNH | read KO email re stip of dismissal | 0.10 | $325.00 | $32.50 |
| 3/14/2016 | CMC | conf TNH re prelim approval hearing | 0.30 | $700.00 | $210.00 |
| 3/14/2016 | CMC | conf TNH re revisions to final approval order re second mailing | 0.30 | $700.00 | $210.00 |
| 3/14/2016 | KO | Prepared preliminary approval checklist for TNH | 0.50 | $125.00 | $62.50 |
| 3/14/2016 | KO | Logged notice of compliance | 0.10 | $125.00 | $12.50 |
| 3/14/2016 | TNH | Joint Mtn for Preliminary Approval | 1.00 | $325.00 | $325.00 |
| 3/14/2016 | TNH | conf CMC re preliminary approval hearing | 0.30 | $325.00 | $97.50 |
| 3/14/2016 | TNH | e-mails to and from Weller re Final Approval Order | 0.40 | $325.00 | $130.00 |
| 3/14/2016 | TNH | conf CMC re revisions to final approval order re second mailing | 0.30 | $325.00 | $97.50 |

| | | | | | |
|---|---|---|---|---|---|
| 3/15/2016 | KO | Save young v. unifund memo to case for TNH prep of fee petition | 0.10 | $125.00 | $12.50 |
| 3/17/2016 | KO | Logging stipulation of dismissal and minute entry | 0.20 | $125.00 | $25.00 |
| 3/18/2016 | KO | Mark dates to be docketed on preliminary approval order | 0.30 | $125.00 | $37.50 |
| 3/18/2016 | KO | Logging minute entry | 0.10 | $125.00 | $12.50 |
| 3/21/2016 | KO | Logging preliminary approval order | 0.10 | $125.00 | $12.50 |
| 3/24/2016 | TNH | e-mails to and from JP re class notice links | 0.30 | $325.00 | $97.50 |
| 3/24/2016 | TNH | e-mails to and from Jennifer Weller re notice and contacting the Court | 0.20 | $325.00 | $65.00 |
| 3/25/2016 | KO | Logging minute order | 0.10 | $125.00 | $12.50 |
| 3/25/2016 | TNH | conf call with Weller anf Court to vacate order granting plaintiff's motion for class certification | 0.30 | $325.00 | $97.50 |
| 4/11/2016 | KO | Work on paralegal memo | 0.60 | $125.00 | $75.00 |
| 4/13/2016 | KO | Print SA for TNH review | 0.10 | $125.00 | $12.50 |
| 4/14/2016 | KO | Email to TNH re claim form question | 0.10 | $125.00 | $12.50 |
| 4/14/2016 | KO | Edits to paralegal memo | 0.20 | $125.00 | $25.00 |
| 4/14/2016 | TNH | read email from KO re claim form question/resp to same | 0.10 | $325.00 | $32.50 |
| 4/15/2016 | KO | Class member call | 0.10 | $125.00 | $12.50 |
| 4/15/2016 | KO | Class member call | 0.10 | $125.00 | $12.50 |
| 4/15/2016 | KO | Class member call | 0.10 | $125.00 | $12.50 |
| 4/15/2016 | KO | Class member call | 0.10 | $125.00 | $12.50 |
| 4/15/2016 | KO | Class member phone call/voicemail | 0.10 | $125.00 | $12.50 |
| 4/15/2016 | KO | class member call | 0.10 | $125.00 | $12.50 |
| 4/15/2016 | KO | Edits to paralegal memo, sent to all paralegals | 0.40 | $125.00 | $50.00 |

| | | | | | |
|---|---|---|---|---|---|
| 4/15/2016 | KO | Class member call | 0.10 | $125.00 | $12.50 |
| 4/15/2016 | KO | More changes to paralegal memo | 0.30 | $125.00 | $37.50 |
| 4/15/2016 | SS | phone call with class member | 0.40 | $125.00 | $50.00 |
| 4/15/2016 | TNH | EDIT AND REVISE PARALEGAL MEMO | 0.30 | $325.00 | $97.50 |
| 4/18/2016 | KO | Class member call | 0.20 | $125.00 | $25.00 |
| 4/18/2016 | KO | Class member call | 0.10 | $125.00 | $12.50 |
| 4/18/2016 | KO | Class member phone call | 0.20 | $125.00 | $25.00 |
| 4/18/2016 | KO | Class member call | 0.10 | $125.00 | $12.50 |
| 4/18/2016 | KO | class member call | 0.10 | $125.00 | $12.50 |
| 4/18/2016 | KO | class member call | 0.10 | $125.00 | $12.50 |
| 4/18/2016 | KO | Class member call | 0.10 | $125.00 | $12.50 |
| 4/18/2016 | KO | Class member call and voicemail | 0.10 | $125.00 | $12.50 |
| 4/18/2016 | NM | re settlement letter | 0.20 | $125.00 | $25.00 |
| 4/19/2016 | KO | Phone call with class member | 0.10 | $125.00 | $12.50 |
| 4/19/2016 | KO | Call with class member | 0.10 | $125.00 | $12.50 |
| 4/19/2016 | KO | Forwarding claim forms to OC, conf TNH re same | 0.30 | $125.00 | $37.50 |
| 4/19/2016 | KO | Call with class member | 0.10 | $125.00 | $12.50 |
| 4/19/2016 | KO | voicemail for class member | 0.10 | $125.00 | $12.50 |
| 4/19/2016 | KO | Call with class member | 0.10 | $125.00 | $12.50 |
| 4/19/2016 | RE | Phone call with class member | 0.30 | $125.00 | $37.50 |
| 4/19/2016 | TNH | conf KO re claim forms | 0.30 | $325.00 | $97.50 |
| 4/20/2016 | KO | class member call | 0.10 | $125.00 | $12.50 |
| 4/20/2016 | KO | class member phone call | 0.10 | $125.00 | $12.50 |

| | | | | | |
|---|---|---|---|---|---|
| 4/20/2016 | KO | Phone call with class member | 0.10 | $125.00 | $12.50 |
| 4/20/2016 | KO | Call with class member | 0.10 | $125.00 | $12.50 |
| 4/21/2016 | KO | call with class member | 0.10 | $125.00 | $12.50 |
| 4/22/2016 | KO | Call with class member | 0.10 | $125.00 | $12.50 |
| 4/22/2016 | KO | Call with class member | 0.10 | $125.00 | $12.50 |
| 4/22/2016 | KO | Make redwall for claim forms sent to ECLG by mistake | 0.30 | $125.00 | $37.50 |
| 4/29/2016 | NM | class member phone call | 0.10 | $125.00 | $12.50 |
| 5/02/2016 | KO | Scanned, saved, and notified OC of additional claim forms recieved | 0.30 | $125.00 | $37.50 |
| 5/02/2016 | KO | listened to class member voicemail, called back, left voicemail | 0.10 | $125.00 | $12.50 |
| 5/02/2016 | KO | listened to voicemail, called back class member | 0.10 | $125.00 | $12.50 |
| 5/02/2016 | KO | voicemail, returned call, spoke with class member's wife | 0.10 | $125.00 | $12.50 |
| 5/02/2016 | KO | Call with class member | 0.20 | $125.00 | $25.00 |
| 5/02/2016 | KO | left voicemail for class member | 0.10 | $125.00 | $12.50 |
| 5/02/2016 | KO | Call with class member | 0.10 | $125.00 | $12.50 |
| 5/02/2016 | KO | scanned and saved claim forms to TM, sent notification to OC | 0.30 | $125.00 | $37.50 |
| 5/06/2016 | KO | Class member phone call | 0.10 | $125.00 | $12.50 |
| 5/06/2016 | KO | Scanned, saved, notified OC of claim form recieved | 0.20 | $125.00 | $25.00 |
| 5/09/2016 | KO | Class member call | 0.10 | $125.00 | $12.50 |
| 5/13/2016 | KO | Class member call | 0.10 | $125.00 | $12.50 |
| 5/18/2016 | KO | Call with Class member | 0.20 | $125.00 | $25.00 |
| 5/18/2016 | KO | Listened to class member voicemail returned call, left voicemail | 0.10 | $125.00 | $12.50 |

| | | | | | |
|---|---|---|---|---|---|
| 5/18/2016 | KO | Call with class member | 0.10 | $125.00 | $12.50 |
| 5/19/2016 | KO | Email to OC re claim form recieved | 0.10 | $125.00 | $12.50 |
| 5/20/2016 | KO | Call with class member | 0.20 | $125.00 | $25.00 |
| 5/23/2016 | KO | Scanned and saved claim form, forwarded to OC | 0.20 | $125.00 | $25.00 |
| 5/24/2016 | KO | Call with class member, email to TNH re same | 0.30 | $125.00 | $37.50 |
| 5/24/2016 | KO | Call with class member | 0.10 | $125.00 | $12.50 |
| 5/24/2016 | TNH | read email from KO re class member | 0.10 | $325.00 | $32.50 |
| 5/25/2016 | KO | Emails to and from OC re class member with missing claim form | 0.20 | $125.00 | $25.00 |
| 5/26/2016 | KO | Phone call with class member | 0.10 | $125.00 | $12.50 |
| 5/26/2016 | KO | Call with William Murphy re claim form recieved | 0.10 | $125.00 | $12.50 |
| 5/27/2016 | KO | Emails to TNH and OC re class member who lost their claim form | 0.20 | $125.00 | $25.00 |
| 5/27/2016 | KO | Updated settlement info in TM | 0.10 | $125.00 | $12.50 |
| 5/27/2016 | TNH | emails to KO and OC re class member | 0.20 | $325.00 | $65.00 |
| 6/08/2016 | TNH | review billing re redactions | 2.00 | $325.00 | $650.00 |
| | | | | Total Fees | $257,442.50 |

***Expenses***

| Start Date | Description | Charges |
|---|---|---|
| 8/09/2012 | Copy | $1.00 |
| 8/09/2012 | Copy | $1.00 |
| 8/14/2012 | Copy | $0.50 |
| 8/16/2012 | Filing Fee - DAE visa | $350.00 |
| 8/17/2012 | Process server fee - chk 23006 | $50.00 |

| | | |
|---|---|---|
| 8/17/2012 | Copy | $0.25 |
| 8/17/2012 | Copy | $0.25 |
| 8/21/2012 | Copy | $0.25 |
| 9/11/2012 | Copy | $0.50 |
| 9/11/2012 | Copy | $0.50 |
| 9/30/2012 | Legal research cost - Pacer - Chk23215 | $1.70 |
| 10/01/2012 | Postage | $2.10 |
| 10/02/2012 | Postage | $0.45 |
| 10/02/2012 | Postage | $4.90 |
| 10/03/2012 | Postage | $2.10 |
| 10/03/2012 | Copy | $0.50 |
| 10/09/2012 | Phone charge | $0.02 |
| 10/09/2012 | Postage | $0.45 |
| 10/10/2012 | Copy | $0.25 |
| 10/16/2012 | Phone charge | $0.05 |
| 10/31/2012 | Legal research cost - Lex Nex | $0.36 |
| 11/08/2012 | Copy | $0.75 |
| 11/29/2012 | Copy | $0.25 |
| 12/13/2012 | Copy | $1.00 |
| 12/31/2012 | Legal research cost - Pacer | $5.30 |
| 1/03/2013 | Copy | $0.25 |
| 1/03/2013 | Postage | $0.45 |
| 1/18/2013 | Copy | $1.25 |

| | | |
|---|---|---|
| 1/18/2013 | Copy | $1.25 |
| 3/12/2013 | Copy | $4.50 |
| 3/12/2013 | Fax | $19.00 |
| 3/12/2013 | Copy | $0.50 |
| 3/18/2013 | Copy | $3.50 |
| 3/18/2013 | Fax | $7.00 |
| 3/18/2013 | Phone charge | $0.13 |
| 3/31/2013 | Legal research cost - Pacer | $12.40 |
| 4/26/2013 | Postage | $1.52 |
| 6/17/2013 | Postage | $1.52 |
| 6/17/2013 | Copy | $4.00 |
| 6/30/2013 | Legal research cost - Pacer | $3.30 |
| 8/18/2013 | Phone charge | $0.60 |
| 8/21/2013 | Copy | $0.50 |
| 8/22/2013 | Copy | $0.25 |
| 10/03/2013 | Copy | $0.50 |
| 10/10/2013 | Postage | $3.44 |
| 10/10/2013 | Copy | $0.50 |
| 10/28/2013 | Legal research cost | $0.60 |
| 1/21/2014 | Copy | $43.50 |
| 1/21/2014 | Copy | $40.25 |
| 1/23/2014 | Copy | $2.00 |
| 1/30/2014 | Copy | $0.25 |

| | | |
|---|---|---|
| 1/30/2014 | Postage | $0.48 |
| 2/06/2014 | Copy | $0.25 |
| 2/10/2014 | Copy | $0.25 |
| 2/18/2014 | Phone charge | $0.04 |
| 2/21/2014 | Copy | $1.75 |
| 2/26/2014 | Copy | $1.25 |
| 2/27/2014 | Postage | $5.25 |
| 3/03/2014 | Copy | $1.75 |
| 3/04/2014 | Copy | $2.50 |
| 3/10/2014 | Copy | $1.00 |
| 3/10/2014 | Postage | $0.48 |
| 3/14/2014 | Postage | $0.48 |
| 3/17/2014 | Copy | $1.50 |
| 3/17/2014 | Copy | $1.50 |
| 3/17/2014 | Copy | $0.75 |
| 3/17/2014 | Postage | $0.69 |
| 3/19/2014 | Court Reporter - transcript - chk27054 | $800.60 |
| 3/20/2014 | Court Reporter - transcript - chk 25001 | $387.70 |
| 3/20/2014 | Court Reporter - transcript - chk 25001 | $509.40 |
| 3/20/2014 | Copy | $2.00 |
| 3/20/2014 | Copy | $0.50 |
| 3/20/2014 | Postage | $0.48 |
| 3/21/2014 | Copy | $1.00 |
| 3/21/2014 | Postage | $0.48 |

| | | |
|---|---|---|
| 3/28/2014 | Copy | $1.75 |
| 3/28/2014 | Copy | $21.25 |
| 4/01/2014 | Postage | $0.48 |
| 4/01/2014 | Copy | $0.50 |
| 4/01/2014 | Copy | $1.00 |
| 4/03/2014 | Court Reporter - transcript - chk 24994 | $65.70 |
| 4/03/2014 | Litigation Support - chk24976 | $2,400.00 |
| 4/03/2014 | Postage | $0.48 |
| 4/03/2014 | Postage | $0.48 |
| 4/07/2014 | Copy | $0.25 |
| 4/07/2014 | Postage | $2.66 |
| 4/14/2014 | Copy | $8.25 |
| 4/15/2014 | Expert Fee - Litigation support - chk25043 | $4,600.00 |
| 4/18/2014 | Phone charge | $0.07 |
| 4/25/2014 | Copy | $14.75 |
| 4/29/2014 | Postage | $0.48 |
| 4/29/2014 | Copy | $0.25 |
| 4/29/2014 | Copy | $1.50 |
| 4/29/2014 | Copy | $0.75 |
| 4/29/2014 | Legal research cost - FOIA - chk 25067 | $41.75 |
| 5/02/2014 | Court Reporter - chk25078 | $307.75 |
| 5/05/2014 | Court Reporter - Transcripts of Depo - chk 25123 | $350.05 |
| 5/07/2014 | Postage | $1.61 |

| | | |
|---|---|---|
| 5/07/2014 | Copy | $4.25 |
| 5/13/2014 | Copy | $0.25 |
| 5/13/2014 | Postage | $5.49 |
| 5/16/2014 | Expert Fee - Manning Silverman doing Litigation - chk 25126 | $4,960.00 |
| 5/29/2014 | Copy | $0.50 |
| 6/06/2014 | Copy | $0.75 |
| 6/18/2014 | Phone charge | $0.61 |
| 6/27/2014 | Copy | $0.25 |
| 6/30/2014 | Legal research cost - Pacer | $0.20 |
| 7/16/2014 | Copy charges - Copy of Trans in E-Tran format, Exhibits scanned - chk25413 | $648.60 |
| 7/30/2014 | Court Reporter - exhibits scanned - chk25821 | $687.52 |
| 8/18/2014 | Phone charge | $0.26 |
| 8/18/2014 | Litigation - chk25446 | $4,440.00 |
| 8/22/2014 | Copy | $94.50 |
| 8/22/2014 | Copy | $91.50 |
| 8/27/2014 | Copy | $126.50 |
| 9/11/2014 | Copy | $0.75 |
| 9/18/2014 | Phone charge | $0.37 |
| 9/19/2014 | Copy | $0.25 |
| 9/29/2014 | Copy | $10.00 |
| 9/30/2014 | Legal research cost - Pacer - chk25677 | $2.60 |
| 11/06/2014 | Postage | $0.48 |
| 12/17/2014 | Court Reporter - exhibits scanned | $648.60 |

| | | |
|---|---|---|
| 12/29/2014 | Copy | $0.75 |
| 12/29/2014 | Copy | $0.25 |
| 12/30/2014 | Expert Fee | $1,384.08 |
| 1/06/2015 | Copy | $0.50 |
| 2/03/2015 | Copy | $1.00 |
| 6/30/2015 | Legal research cost- Pacer | $0.00 |
| 10/28/2015 | Copy | $0.50 |
| 11/04/2015 | Mediation chk 26681 | $0.00 |
| 11/30/2015 | Mediation chk 26757 | $0.00 |
| 1/25/2016 | Legal research cost- PACER chk 26903 | $8.60 |
| 5/04/2016 | Phone charge | $0.05 |
| | Total Expenses | $23,241.19 |

Total New Charges $280,683.69

***Staff Summary***

| Name | Position | Hours | Rate | Fees |
|---|---|---|---|---|
| Andrea Diaz | Paralegal | 1.00 | $125.00 | $125.00 |
| Christopher Coppel | Paralegal | 0.40 | $100.00 | $40.00 |
| Christopher Coppel | Paralegal | 0.50 | $105.00 | $52.50 |
| Caitlin Mckeown | Paralegal | 1.00 | $125.00 | $125.00 |
| Cathleen M. Combs | Partner | 24.00 | $700.00 | $16,800.00 |
| Cathleen M. Combs | Partner | 123.20 | $600.00 | $73,920.00 |
| Cathleen M. Combs | Partner | 4.90 | $550.00 | $2,695.00 |
| Daniel A. Edelman | Partner | 12.80 | $550.00 | $7,040.00 |
| Daniel A. Edelman | Partner | 91.10 | $600.00 | $54,660.00 |
| Daniel A. Edelman | Partner | 8.60 | $700.00 | $6,020.00 |
| Diana Rosales | Paralegal | 0.80 | $125.00 | $100.00 |
| Francis R. Greene | Partner | 0.80 | $480.00 | $384.00 |
| Francis R. Greene | Partner | 0.80 | $500.00 | $400.00 |
| Francis R. Greene | Partner | 1.50 | $445.00 | $667.50 |
| Francis R. Greene | Partner | 0.10 | $350.00 | $35.00 |
| Jose Medina | Paralegal | 1.00 | $125.00 | $125.00 |
| James O. Latturner | Partner | 1.10 | $550.00 | $605.00 |

| | | | | |
|---|---|---|---|---|
| James O. Latturner | Partner | 9.10 | $600.00 | $5,460.00 |
| James O. Latturner | Partner | 0.80 | $700.00 | $560.00 |
| Julie Pendleton | Paralegal | 1.20 | $125.00 | $150.00 |
| Shelby Kost | Paralegal | 25.40 | $125.00 | $3,175.00 |
| Michelle R. Teggelaar | Partner | 0.10 | $500.00 | $50.00 |
| Michelle R. Teggelaar | Partner | 0.70 | $400.00 | $280.00 |
| Michelle R. Teggelaar | Partner | 1.80 | $445.00 | $801.00 |
| Megan Stewart | Paralegal | 0.40 | $100.00 | $40.00 |
| Nora Meyers | | 0.30 | $125.00 | $37.50 |
| Noah Steimel | Paralegal | 41.80 | $125.00 | $5,225.00 |
| Stephen Reineccius | | 0.30 | $125.00 | $37.50 |
| Sandra Cordoba | Paralegal | 0.50 | $125.00 | $62.50 |
| Sarah Crocker | Paralegal | 14.00 | $105.00 | $1,470.00 |
| Sarah Crocker | Paralegal | 11.70 | $100.00 | $1,170.00 |
| Sarah Crocker | Paralegal | 58.30 | $125.00 | $7,287.50 |
| Sarah Smolyansky | Paralegal | 0.90 | $125.00 | $112.50 |
| Thomas E. Soule | Partner | 0.30 | $395.00 | $118.50 |
| Tara L. Goodwin | Partner | 1.00 | $550.00 | $550.00 |
| Tiffany N. Hardy | Partner | 25.70 | $290.00 | $7,453.00 |
| Tiffany N. Hardy | Partner | 179.50 | $325.00 | $58,337.50 |
| Tiffany N. Hardy | Partner | 5.20 | $230.00 | $1,196.00 |
| Terrance Scotton | Paralegal | 0.60 | $125.00 | $75.00 |
| | | Tot Hrs: 653.20 | | |

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Claribel Perez, n/k/a Andino, individually and on behalf of all others similarly situated,

Plaintiff,

v.

Monarch Recovery Management, Inc., a Pennsylvania corporation,

Defendant.

No. 13 C 5694

Judge Zagel

**ORDER GRANTING FINAL APPROVAL**
**OF CLASS ACTION SETTLEMENT**

This cause comes before the Court for final approval of the Class Action Settlement Agreement and for Dismissal of this action pursuant to the terms of the Class Action Settlement Agreement, due notice having been given, and the court being duly advised in the premises:

THE COURT HEREBY FINDS THAT:

1. The parties entered into a Class Action Settlement Agreement ("Settlement Agreement"), dated November 21, 2014.

2. On December 4, 2014, that Settlement Agreement was, pursuant to F.R.C.P. 23, preliminarily approved by this Court and a Class was certified in this matter based upon the parties' stipulations and solely for the purpose of settlement.

3. Pursuant to this Court's Order and ¶ 9 of the Settlement Agreement, the Notice of Class Action was mailed by Plaintiff's Counsel to each of the 88 members of the Class. Two notices were returned by the United States Postal Service with forwarding addresses and re-mailed, twenty-two were returned by the United States

Postal Service as undeliverable with no further information. Skip traces were performed on returned notices, which resulted in ten notices being re-mailed; seven of these re-mails, however, were returned as undeliverable with no forwarding information. The dissemination of Notice, as provided in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed.R.Civ.P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law.

4. No objections were received, no members of the Class sought leave of this Court to intervene, and no members opted-out of this action, while fourteen members of the Class returned claim forms.

5. The Complaint in this action alleged that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

6. Defendant denies that it has violated the FDCPA in any way.

7. The Complaint sought recovery of statutory damages pursuant to § 1692k of the FDCPA. Under § 1692k, the maximum statutory damages recoverable by an individual plaintiff is up to $1,000 and the maximum statutory damages recoverable by a class is the lesser of 1% of the Defendant's net worth or $500,000. Here, the maximum statutory damages recoverable are $23,000.

8. The Settlement Agreement calls for the Defendant to pay $1,000 to the Class Representative, Claribel Perez, n/k/a Andino, and to pay $23,000 to the Class, which will be distributed $1,000 to each of the fourteen class members who returned a claim form, with the remainder being paid to the Chicago Legal Clinic as a cy pres

remedy, and the retirement of every Class Members' underlying Citibank/Asset Acceptance account.

9. The Court finds that the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

10. The $23,000 Class settlement fund shall be distributed, within 21 days of the final approval of the settlement, by Class Counsel, as set forth above, by U.S. Mail to each member of the Class who returned a claim form. Any portion of the $23,000 which is unclaimed by the Settlement Class, because money was left over after claims were paid, or because the Settlement check is returned as undeliverable or without a forwarding address, or because the check remains uncashed 60 days after distribution, shall be distributed to the Chicago Legal Clinic ("CLC") as a cy pres remedy; 120 days after final approval, Class Counsel shall provide the Court and Defendant's Counsel with a report regarding the number of checks that were returned or were not cashed and the amount distributed to the cy pres recipient.

11. Pursuant to ¶¶ 7 & 8 of the Settlement Agreement, the Defendant has agreed to pay $99,500 for Class Counsel's attorneys' fees and costs incurred in this matter, which amount will be paid out in five (5) monthly installments of $10,000, to be made by May 18, 2015, June 17, 2015, July 17, 2015, August 17, 2015, and September 16, 2015, with a final payment of $49,500 to be made by October 16, 2015. Class

Counsel has submitted a motion detailing their hourly rates ($550 for David J. Philipps, $540 for Mary E. Philipps, $250 for associate, Angie K. Robertson, and $185 for paralegals), the hours worked and costs incurred in this matter. This Court finds the rates and hours reasonable and, accordingly, grants Class Counsel's motion, and approves the $99,500 amount that Defendant have agreed to pay to Class Counsel for their fees and costs.

12. Pursuant to ¶ 7 of the Settlement Agreement, the $1,000 due to the Class Representative and the $23,000 due to the Class, shall be paid by Defendant to the Philipps & Philipps, Ltd., Fiduciary Account within 21 days of the date of this order, which is to be held in trust until the appeal period has run. Moreover, the installment payments for the $99,500 due to Class Counsel for their attorneys' fees and costs shall be paid by Defendant to Class Counsel as set forth above.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement, dated November 21, 2014, is hereby approved.

2. Plaintiff and the Class shall be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court, against Defendant Monarch and its client, Asset Acceptance, LLC, Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc., their past or present parents, affiliates, subsidiaries, successors, predecessors, and assigns, and their present or former directors, officers, employees, partners, members, principals, employees, agents, insurers and attorneys, including

any and all claims that were asserted or alleged or which could have been asserted or alleged in this lawsuit; (iv) provides that Defendant shall be barred identically from pursuing any claim for relief under 15 U.S.C. § 1692k (a)(3), 28 U.S.C. § 1927, or F.R.C.P. Rule 11, against Plaintiff, her Counsel, or any member of the Class arising out of the claims asserted or alleged, or which could have been asserted or alleged, against Defendant in this action.

3. Defendant shall pay $24,000 ($1,000 due to the Class Representative, $23,000 to the Class) to the Philipps & Philipps, Ltd., Fiduciary Account within 21 days of the final approval of the this settlement; 120 days after the final approval of the settlement, Class Counsel shall provide the Court and Defendant's Counsel with a report regarding the number of checks that were returned or remain uncashed, and shall distribute any remaining funds to the Chicago Legal Clinic as a cy pres remedy.

4. The $99,500 due for Class Counsel for their attorneys' fees and costs shall be paid in five (5) monthly installments of $10,000, to be made by May 18, 2015, June 17, 2015, July 17, 2015, August 17, 2015, and September 16, 2015, with a final payment of $49,500 to be made by October 16, 2015.

5. This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

6. This action is hereby dismissed without prejudice and without costs; upon filing of the final report as to the distribution of the settlement fund to the

Class and report that the attorneys' fees and costs have been paid, this dismissal shall be converted into a dismissal with prejudice and this Court will no longer retain jurisdiction of this matter.

7. This order resolves all claims against all parties in this action.

James B. Zagel

Judge James B. Zagel,
United States District Court

DATED: March 19, 2015

Subj: **Activity in Case 1:13-cv-05694 Perez v. Monarch Recovery Management, Inc. et al order**
Date: 4/6/2015 3:00:37 P.M. Central Daylight Time
From: usdc_ecf_ilnd@ilnd.uscourts.gov
To: ecfmail_ilnd@ilnd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**United States District Court**

**Northern District of Illinois - CM/ECF LIVE, Ver 6.1**

## Notice of Electronic Filing

The following transaction was entered on 4/6/2015 at 2:59 PM CDT and filed on 3/19/2015
**Case Name:** Perez v. Monarch Recovery Management, Inc..et al
**Case Number:** 1:13-cv-05694
**Filer:**
**Document Number:** 91

**Docket Text:**
**ORDER Granting Final Approval of Class Action Settlement. Signed by the Honorable James B. Zagel on 3/19/2015.Mailed notice(ep, )**

**1:13-cv-05694 Notice has been electronically mailed to:**

Amy R Jonker ajonker@dykema.com, docket@dykema.com, FSDocketing@dykema.com, kschuiling@dykema.com, tgreer@dykema.com

Angie K. Robertson angiekrobertson@aol.com

David J. Philipps davephilipps@aol.com, efalz1@aol.com

Margaret J. Rhiew mrhiew@dykema.com, FSDocketing@dykema.com

Mary Elizabeth Philipps mephilipps@aol.com

Paul Gamboa pgamboa@gordonrees.com, kcastleberry@gordonrees.com

Robert M. Horwitz rhorwitz@dykema.com

**1:13-cv-05694 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=4/6/2015] [FileNumber=14311061-0
] [3b4b3f5af66cee2785538f28ca274aebb1d14dff93201f8ebe0d1b6e18fff1df60f
5336476fe3ffb0abea79c500d4f3c0a19d46d89c824c537d0e12d46134cd7]]

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID MOORE,**<br>**on behalf of himself and a class,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STELLAR RECOVERY, INC. and DOES 1-10,**<br><br>**Defendants.** | ) | **Case No. 13-CV-02294**<br><br>**Judge Virginia M. Kendall**<br><br>**Magistrate Judge Sidney I. Schenkier** |

**FINAL APPROVAL ORDER**

Upon consideration of the parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, David Moore ("Plaintiff"), individually, and as representative of the class of persons defined below ("Class"), and Defendant, Stellar Recovery, Inc., the Court orders and finds as follows:

1. On January 13, 2015, the Court preliminarily approved the Agreement on behalf of Plaintiff and a Class consisting of:

> (a) all natural persons with Illinois, Indiana, or Wisconsin addresses; (b) to whom Defendant sent a Letter in the form represented by Exhibit C to Plaintiff's Complaint; (c) that names Stellar Recovery, Inc. as the current creditor; (d) on or after March 27, 2012 (one year prior to the filing of this action) and on or before April 16, 2013 (20 days after the filing of this action).

2. The Court approved a form of notice for mailing to the class. The Court is informed that actual notice was sent by first class mail to approximately 14,617 class members by Defendant. A total of 16 envelopes were returned by the United States Postal Service as undeliverable. Two class members requested exclusion, and no objections were filed or

received. A total of 675 claim forms were returned, including 62 late claim forms received as of May 21, 2015. The Court will allow the 62 late claim forms.

3. On May 21, 2015 the Court held a fairness hearing to which class members, including any with objections, were invited. No class members objected or requested exclusion from the settlement at the hearing.

4. The following individuals are excluded from the settlement class:

a. Donna Schildbach

b. Benita Buck

5. The Court finds that provisions for notice to the class satisfy the requirements of Federal Rule of Civil Procedure 23 and due process.

6. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the parties, including the Release and payments by Defendant.

7. Upon the Effective Date, as that term is defined in the Agreement, Defendants shall make the following payments:

a. Relief to Plaintiff. Defendants will pay $4,500.00 to Plaintiff as damages, for his individual (non-Class) claims, for his Class claims, and as an incentive award for bringing the claims on behalf of the Class.

b. Class Recovery. Defendants will create a class settlement fund of $20,000.00 ("Class Fund"), which a settlement administrator will distribute *pro rata* among Class Members who timely and properly submit a claim form that is completely filled out, executed under penalty by a person who is a Class Member (or is his, her or its legal representative), has not opted-out of the Settlement, and is not rejected as an invalid claim ("Valid Claim"). Claimants will receive a *pro rata* share of the Class Fund by check. Checks issued to Claimants will be void after 90 days. If any portion of the Class Fund remains 30 days after the void date on the Claimants' checks, these remaining funds will be distributed as set forth in Paragraph 14 of the Class Settlement Agreement.

c. Attorney Fees and Costs. Defendant will pay Class Counsel $62,500, which amount was approved by the Court on February 19, 2015.

8. Upon the Effective Date of the Agreement, the Parties grant the following releases:

a. Plaintiff, David Moore, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), release and discharge Defendant Stellar Recovery, Inc., as well as its parent, subsidiary and sister corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, assigns, (in their capacities as such) or entities for which said Defendant performs collection services (collectively, "Released Parties"), from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or non-contingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those based on violation of the FDCPA, FDCPA State Equivalents, or any other state, federal, or local law, statute, regulation or common law, that were alleged or could have been alleged in the Litigation. Plaintiff does not release the right to dispute the debt Defendant attempted to collect and does not waive any defenses to the alleged debt.

b. Each member of the Class who does not opt out of the Class releases and discharges the Released Parties from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or non-contingent, or discovered or undiscovered based on the form letter attached to the Complaint as Exhibit A and specifically related to the inconsistent statements regarding the identification of the current creditor. The Class expressly does not release any right to dispute the debts or any defenses to the debts or claims unrelated to letter attached to the Complaint as Exhibit A. Nothing contained herein shall preclude Defendant from attempting to collect any outstanding balances that Class Members owe to the Released Parties.

9. The Court finds the Agreement fair and made in good faith.

10. The terms of the Agreement are incorporated into this order.

11. Within thirty (30) days after Defendant (1) makes all payments, including distributions to class members, payments of class notice and administration, issues all *cy pres* awards as set forth in ¶14, and all attorneys fees and costs to Class Counsel as ordered by the Court, and (2) files all Final Accountings of the Settlement setting forth its compliance with this Agreement, Plaintiff shall present an Order to the court dismissing the claims of the Plaintiff and the Class members against Defendant with prejudice.

ENTERED: Virginia M. Kendall

Virginia M. Kendall
United States District Judge

DATED: 5-22-15